# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Criminal No.   3:22-CR-88-DJH |
| PHIL PASCOE, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO DECLARE CASE COMPLEX
## AND CONTINUE TRIAL DATE

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), Defendants Phil Pascoe, Scott Tubbs, Monica Pascoe, and Quadrant Magnetics LLC, by counsel, hereby respectfully request that the present case be declared complex.  In addition, pursuant to Local Criminal Rule 47.1(b), the Defendants also ask that the current trial date of January 17, 2023, be continued and that all pretrial deadlines be reset relative to the new trial date.  The grounds for this motion are as follows:

1.     The United States indicted this case on August 17, 2022. (Doc. 1).   The case was unsealed on November 9, 2022.  On the same day, Defendants appeared before the Court for their initial appearance and arraignment.  (Docs. 12 & 17).

2.     As of the date of this motion, defense counsel had not yet received any discovery from the government.  Defense counsel has no information regarding the amount of Rule 16 discovery the government intends to produce and whether it plans to satisfy its Rule 16 obligations with one production.

3.      Under the Speedy Trial Act, a continuance of trial may be granted "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor for the Court's consideration in determining whether to grant a continuance is whether the case "is so unusual or so complex, due to. . . the nature of the prosecution. . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).  Likewise, "[d]efense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance." *United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012) citing *United States v. Stone*, 461 Fed Appx. 461, 464-65 (6th Cir. 2012); *see also* 18 U.S.C. § 3161(h)(7)(B)(iv).

4.      The present case satisfies each of these requirements.  Here, the government alleges that the Defendants engaged in a conspiracy to export from the United States to China defense articles, specifically technical data protected by the United States Munitions List.  The government also charged the Defendants with three counts of wire fraud in the Western District of Kentucky and elsewhere.  (Doc. 1).  In addition, Defendants Phil Pascoe, Scott Tubbs, and Quadrant Magnetics LLC have been charged with five counts of exporting technical data without a license in violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c), and 22 C.F.R. §§ 121.1, 123.1, and 127.1, and one count of smuggling goods from the United States in violation of 18 U.S.C. § 554.  Given the complex nature of the government's allegations in this case, the full scope of Defendants alleged unlawful conduct during the time frame identified in the Indictment remains unclear at this stage. *See United States v. Strong,* No. 3:17-CR-68-TBR, 2018 U.S. Dist. LEXIS 16190, at *7 (W.D. Ky. Jan. 31, 2018) ("[T]he crucial component of this case that has lead this Court to the determination that it is properly categorized as complex is the varying dates and locations during

which time these crimes [including conspiracy] allegedly occurred.") Due to the scope of the government's allegations, it is anticipated that defense counsel will require substantial time to discover the factual basis for those allegations and conduct its own investigation in preparation for trial. *Id*. at \*6 (finding "counsel's anticipation of 'substantial discovery' lends itself to the notion that" the case should be declared complex).

5.      Defendants understands that they each have a right to a speedy trial, and they agree that the continuance requested here is in the interest of justice pursuant to 18 U.S.C. §3161(h)(7)(A).  Defendants agree that the time between the filing of this motion and the new trial date should be excluded from the calculations under the Speedy Trial Act.

6.      Defense counsel has spoken with counsel for the government, and it has no objection to this motion to declare the case complex and continue the trial date.

7.      The Court should therefore vacate the trial date and pretrial deadlines, and continue the trial to a later date.

Therefore, the Defendants respectfully requests that the Court declare the present case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).   Defendants also ask that the current trial date be postponed and that all pre-trial filing deadlines be reset relative to the new trial date.

Respectfully submitted,

*/s/ Kent Wicker*
Kent Wicker
William H. Brammell, Jr.
Kayla M. Campbell
Dressman Benzinger LaVelle psc
321 W. Main Street
Suite 2100
Louisville, KY 40202
(502) 572-2500
kwicker@dbllaw.com

3

bbrammell@dbllaw.com
kcampbell@dbllaw.com
*Counsel for Phil Pascoe*

*/s/ Scott C. Cox (with permission)*
Scott C. Cox
Scott Coleman Cox II
Cox & Mazzoli, PLLC
600 W. Main Street
Suite 300
Louisville, KY 40202
(502) 589-6190
CoxECF@aol.com
ccox@600mainlaw.com
*Counsel for Monica Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick Renn
600 W Main Steet, Suite 100
Louisville, KY 40202
(502) 540-1231
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/ William F. Gould (with permission)*
William F. Gould
John L. Brownlee
Caitlin Eberhardt
Holland & Knight LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
(703) 720-8600
william.gould@hklaw.com
john.brownlee@hklaw.com
caitlin.eberhardt@hklaw.com
*Counsel for Quadrant Magnetics LLC*

## Certificate of Service

I hereby certify that a copy of the foregoing has been served upon all parties by electronic filing this 12th day of December, 2022.

*/s/ Kent Wicker*
Kent Wicker