UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:22-cr-88-DJH

PHIL PASCOE,
SCOTT TUBBS,
MONICA PASCOE, and
QUADRANT MAGNETICS, LLC,     Defendants.

\* \* \* \* \*

### MEMORANDUM OF HEARING AND ORDER

A status hearing was held in this matter on December 14, 2022, with the following counsel participating:

| | |
|---|---|
| For the United States: | Josh Judd |
| | Chris Tieke |
| For Defendants: | Kent Wicker |
| | Kayla Campbell |
| | Scott Cox |
| | Coleman Cox |
| | Pat Renn |
| | John Brownlee |
| | William Gould |

The individual defendants were present. The Court and counsel discussed the procedural posture of the case, including the pending motion to declare the case complex and continue the trial. (Docket No. 26) Counsel for the United States reported that discovery is in progress but is voluminous. The government also indicated that an agreed protective order or motion for

1

protective order would be forthcoming. Based on the discussion during the hearing, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The unopposed joint motion to declare the case complex and continue the trial (D.N. 26) is **GRANTED**.

(2) This matter is declared **COMPLEX** for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).

(3) The trial of this matter, currently set for January 17, 2023, is **REMANDED** from the Court's docket, to be reset by subsequent order. All pretrial dates and deadlines are **VACATED**.

(4) This matter is set for a telephonic status conference on **January 31, 2023, at 10:00 a.m.** Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering access code 9073187#.

(5) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from December 14, 2022, to January 31, 2023, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny the defendants the reasonable time necessary for effective preparation,

taking into account the exercise of due diligence. See § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

December 14, 2022

David J. Hale, Judge
United States District Court

Court Time: 00/10
Court Reporter: Dena Legg

cc:   Jury Administrator