**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 3:22-CR-88 DJH |
| | ) |
| QUADRANT MAGNETICS, LLC, et al. | ) |

**QUADRANT MAGNETICS' MOTION
FOR ISSUANCE OF RULE 17(C) SUBPOENAS DUCES TECUM**

Quadrant Magnetics LLC (hereinafter referred to as "Quadrant"), pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure and Rule 17.2(c) of the Joint Local Rules of Criminal Practice ("Local Rules"), respectfully requests the Court to order the issuance of subpoenas *duces tecum* to the entities identified below, directing them to produce the listed documents at the office of Holland & Knight LLP c/o John Brownlee, 1650 Tysons Boulevard, Suite 1600, Tysons Corner, VA 22102, on or before September 15, 2023.

1. <u>General Dynamics</u>: To General Dynamics Corporation, c/o Gregory S. Gallopoulos, Senior Vice President, General Counsel and Secretary, 11011 Sunset Hills Road, Reston, VA 20190: Any documents, records and correspondence from January 1, 2012–present, unless otherwise indicated, related to:

    a. Internal communications at General Dynamics regarding Quadrant's compliance with the Defense Federal Acquisition Regulation Supplement (DFARS) 225.252-7009 ("DFARS specialty metals clause") and International Traffic in Arms Regulations (ITAR) 22 U.S.C. § 2778, and any internal investigations at General Dynamics concerning Quadrant or its magnets;

    b. Internal communications at General Dynamics regarding the country of origin of Quadrant's magnets, and the location of smelting, machining, or magnetizing;

      c.      Internal communications at General Dynamics regarding Quadrant's procedure for reviewing, storing, and sharing General Dynamics' technical drawings and data, and restrictions on exporting or disclosure of such data;

      d.      Communications, records, and contracts between General Dynamics and any other company or branch of the United States military or government reflecting the requirements for compliance with the DFARS specialty metals clause or ITAR for the following part numbers:

        i.      PN 1500P-1002 (submarine periscope)

        ii.      PN 10500B-1022 (infrared imaging system)

        iii.      PN 6000U-1002 (multispectral targeting system)

        iv.      PN 100101 (infrared Imaging System)

        v.      PN 3730D-1012 (F-16 Radar)

        vi.      PN 030-052317-01 (chemical agent detector).

      e.      Communications between General Dynamics and any other company or branch of the United States military or government regarding Quadrant's compliance with the DFARS specialty metals clause or ITAR;

      f.      Communications, documents, forms, or drawings exchanged between General Dynamics and Quadrant regarding any magnets subject to the DFARS specialty metals clause or ITAR from the years January 1, 2000–present, including but not limited to regarding:

        i.      The country of origin of Quadrant's magnets and the location of smelting, machining, and magnetizing;

    ii. Quadrant's procedure for reviewing, storing, and sharing General Dynamics' technical drawings and data, and restrictions on exporting or disclosure of such data.

 g. Any written or recorded statements, communications, complaints, documents, reports, forms, or comparable records, regarding the quality, performance, or defects in Quadrant's magnets, including but not limited to internal communications at General Dynamics, and communications between General Dynamics and other companies or any branch of the United States military or government;

 h. Any records, statements, communications, documents, reports, forms, or other comparable record, related to General Dynamics' sourcing and procurement of magnets for the part numbers listed in d(i)-(vi);

 i. Communications between General Dynamics and government or law enforcement agencies or their respective lawyers or agents, including notes, transcriptions, recordings, or memoranda regarding any investigation of Quadrant or its magnets;

 j. Information related General Dynamics' policies, procedures, and training regarding compliance with the DFARS specialty metals clause or ITAR, including the disclosure, storage, transmission and export of technical data and drawings, and communicating and monitoring the compliance of General Dynamics' subcontractors with these policies.

 k. Any written or recorded statements, communications, complaints, documents, reports, forms, or other comparable record, concerning the government's decision not to criminally prosecute GE Aviation or General Dynamics for failure to comply with the DFARS specialty metals clause or ITAR.

2.      <u>GE Aviation (now GE Aerospace)</u>: To GE Aerospace, c/o John T. Martinez, Vice President and General Counsel, 1 Neumann Way, Cincinnati, Ohio, 45215: Any documents, records and correspondence from January 1, 2012–present, unless otherwise indicated, related to:

   a.   Internal communications at GE Aviation regarding Quadrant's compliance with the Defense Federal Acquisition Regulation Supplement (DFARS) 225.252-7009 ("DFARS specialty metals clause") and International Traffic in Arms Regulations (ITAR) 22 U.S.C. § 2778, and any internal investigations at GE Aviation concerning Quadrant or its magnets;

   b.   Internal communications at GE Aviation regarding the country of origin of Quadrant's magnets, and the location of smelting, machining, or magnetizing;

   c.   Internal communications at GE Aviation regarding Quadrant's procedure for reviewing, storing, and sharing GE Aviation's technical drawings and data, and restrictions on exporting or disclosure of such data;

   d.   Communications, records, and contracts between GE Aviation and any other company or branch of the United States military or government relating to the requirements for compliance with the DFARS specialty metals clause or ITAR for the following part numbers:

       i.   PN 1500P-1002 (submarine periscope)

       ii.   PN 10500B-1022 (infrared imaging system)

       iii.   PN 6000U-1002 (multispectral targeting system)

       iv.   PN 100101 (infrared Imaging System)

       v.   PN 3730D-1012 (F-16 Radar)

       vi.   PN 030-052317-01 (chemical agent detector).

e. Communications between GE Aviation and any other company or branch of the United States military or government regarding Quadrant's compliance with the DFARS specialty metals clause or ITAR, as well as any waivers of these requirements;

f. Communications, documents, forms, or drawings exchanged between GE Aviation and Quadrant regarding any magnets subject to the DFARS specialty metals clause or ITAR from January 1, 2000–present, including but not limited to regarding:

  i. The country of origin of Quadrant's magnets and the location of smelting, machining, and magnetizing;

  ii. Quadrant's procedure for reviewing, storing, and sharing GE Aviation's technical drawings and data, and restrictions on exporting or disclosure of such data.

g. Any written or recorded statements, communications, complaints, documents, reports, forms, or comparable records, regarding the quality, performance, or defects in Quadrant's magnets, including but not limited to internal communications at GE Aviation, and communications between GE Aviation and other companies or any branch of the United States military or government;

h. Any records, statements, communications, documents, reports, forms, or other comparable record, related to GE Aviation's sourcing and procurement of magnets for the part numbers listed in d(i)-(vi);

i. Communications between GE Aviation and government or law enforcement agencies or their respective lawyers, including notes, transcriptions, recordings, or memoranda regarding any investigation of Quadrant or its magnets;

j. Information related GE Aviation's policies, procedures, and training regarding compliance with the DFARS specialty metals clause or ITAR, including the disclosure, storage, transmission and export of technical data and drawings, and communicating and monitoring the compliance of GE Aviation's subcontractors with these policies.

k. Any written or recorded statements, communications, complaints, documents, reports, forms, or other comparable record, concerning the government's settlement with GE Aviation, including but not limited to communications between the government and GE Aviation concerning the terms of the settlement, culpable conduct and implicated part numbers, calculation of settlement figures, the subcontractors and products that were related to the terms of settlement, as well as internal government communications regarding the settlement and the government's decision not to criminally prosecute GE Aviation for failure to comply with the DFARS specialty metals clause or ITAR.

\* \* \*

As set out in the accompanying Memorandum, the requested documents contain critical exculpatory material. The material is not otherwise reasonably procurable in advance of trial. Failure to obtain the documents before trial would unreasonably delay the trial. If a document is withheld under a claim of privilege or otherwise, we request a privilege log containing the following information regarding each withheld document: (1) date; (2) author; (3) name and title of individuals to whom the document is addressed; (4) number of pages; (5) document type; (6) subject matter; (7) description of any attachments; (8) present location and name of present custodian; (9) paragraph of the subpoena to which it is responsive; and (10) reason why the document is being withheld.

Dated: August 16, 2023                                   Respectfully submitted,

                                                     */s/ John Brownlee*
                                                    John L. Brownlee (*pro hac vice*)
William F. Gould (*pro hac vice*)
Caitlin A. Eberhardt (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Caitlin.Eberhardt@hklaw.com

ATTORNEYS FOR DEFENDANT
QUADRANT MAGNETICS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2023, I electronically filed the foregoing via the Court's CM/ECF system and caused a copy of the same to be served upon the registered attorneys of record for the United States.

*/s/ John Brownlee*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 3:22-CR-88 DJH |
| | ) |
| QUADRANT MAGNETICS, LLC, et al. | ) |

## [PROPOSED] ORDER

Upon consideration of Defendant Quadrant Magnetics' Motion For Issuance of Rule 17(c) Subpoenas Duces Tecum, it is hereby **ORDERED** that the Motion is **GRANTED**.

The clerk shall issue a subpoena duces tecum to the following:

1. To General Dynamics Corporation, c/o Gregory S. Gallopoulos, Senior Vice President, General Counsel and Secretary, 11011 Sunset Hills Road, Reston, VA 20190: Any documents, records and correspondence from January 1, 2012–present, unless otherwise indicated, related to:

    a. Internal communications at General Dynamics regarding Quadrant's compliance with the Defense Federal Acquisition Regulation Supplement (DFARS) 225.252-7009 ("DFARS specialty metals clause") and International Traffic in Arms Regulations (ITAR) 22 U.S.C. § 2778, and any internal investigations at General Dynamics concerning Quadrant or its magnets;

    b. Internal communications at General Dynamics regarding the country of origin of Quadrant's magnets, and the location of smelting, machining, or magnetizing;

    c. Internal communications at General Dynamics regarding Quadrant's procedure for reviewing, storing, and sharing General Dynamics' technical drawings and data, and restrictions on exporting or disclosure of such data;

  d. Communications, records, and contracts between General Dynamics and any other company or branch of the United States military or government reflecting the requirements for compliance with the DFARS specialty metals clause or ITAR for the following part numbers:

   i. PN 1500P-1002 (submarine periscope)

   ii. PN 10500B-1022 (infrared imaging system)

   iii. PN 6000U-1002 (multispectral targeting system)

   iv. PN 100101 (infrared Imaging System)

   v. PN 3730D-1012 (F-16 Radar)

   vi. PN 030-052317-01(chemical agent detector).

  e. Communications between General Dynamics and any other company or branch of the United States military or government regarding Quadrant's compliance with the DFARS specialty metals clause or ITAR;

  f. Communications, documents, forms, or drawings exchanged between General Dynamics and Quadrant regarding any magnets subject to the DFARS specialty metals clause or ITAR from January 1, 2000–present, including but not limited to regarding:

  g. The country of origin of Quadrant's magnets and the location of smelting, machining, and magnetizing;

  h. Quadrant's procedure for reviewing, storing, and sharing General Dynamics' technical drawings and data, and restrictions on exporting or disclosure of such data.

  i. Any written or recorded statements, communications, complaints, documents, reports, forms, or comparable records, regarding the quality, performance, or

defects in Quadrant's magnets, including but not limited to internal communications at General Dynamics, and communications between General Dynamics and other companies or any branch of the United States military or government;

      j.      Any records, statements, communications, documents, reports, forms, or other comparable record, related to General Dynamics' sourcing and procurement of magnets for the part numbers listed in d(i)-(vi);

      k.      Communications between General Dynamics and government or law enforcement agencies or their respective lawyers or agents, including notes, transcriptions, recordings, or memoranda regarding any investigation of Quadrant or its magnets;

      l.      Information related General Dynamics' policies, procedures, and training regarding compliance with the DFARS specialty metals clause or ITAR, including the disclosure, storage, transmission and export of technical data and drawings, and communicating and monitoring the compliance of General Dynamics' subcontractors with these policies.

      m.      Any written or recorded statements, communications, complaints, documents, reports, forms, or other comparable record, concerning the government's decision not to criminally prosecute GE Aviation or General Dynamics for failure to comply with the DFARS specialty metals clause or ITAR.

For any entity withholding a document under a claim of privilege or otherwise, provide a privilege log containing the following information regarding each withheld document: (1) date; (2) author; (3) name and title of individuals to whom the document is addressed; (4) number of pages; (5) document type; (6) subject matter; (7) description of any attachments; (8) present

location and name of present custodian; (9) paragraph of this subpoena to which it is responsive; and (10) reason why the document is being withheld.

These records are to be returnable to the office of Holland & Knight LLP c/o John Brownlee, 1650 Tysons Boulevard, Suite 1600, Tysons Corner, VA 22102, on or before September 15, 2023 at 12:00 PM. The clerk shall notify defense counsel, John Brownlee, when the subpoena is ready.

**IT IS SO ORDERED.**

Dated:_____                           _____

                                                                                                              United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 3:22-CR-88 DJH |
| | ) |
| QUADRANT MAGNETICS, LLC, et al. | ) |

### **[PROPOSED] ORDER**

Upon consideration of Defendant Quadrant Magnetics' Motion For Issuance of Rule 17(c) Subpoenas Duces Tecum, it is hereby **ORDERED** that the Motion is **GRANTED**.

The clerk shall issue a subpoena duces tecum to the following:

To GE Aviation, c/o John T. Martinez, Vice President and General Counsel, 1 Neumann Way, Cincinnati, Ohio, 45215: Any documents, records and correspondence from January 1, 2012–present, unless otherwise indicated, related to:

   a.   Internal communications at GE Aviation regarding Quadrant's compliance with the Defense Federal Acquisition Regulation Supplement (DFARS) 225.252-7009 ("DFARS specialty metals clause") and International Traffic in Arms Regulations (ITAR) 22 U.S.C. § 2778, and any internal investigations at GE Aviation concerning Quadrant or its magnets;

   b.   Internal communications at GE Aviation regarding the country of origin of Quadrant's magnets, and the location of smelting, machining, or magnetizing;

   c.   Internal communications at GE Aviation regarding Quadrant's procedure for reviewing, storing, and sharing GE Aviation's technical drawings and data, and restrictions on exporting or disclosure of such data;

  d. Communications, records, and contracts between GE Aviation and any other company or branch of the United States military or government reflecting the requirements for compliance with the DFARS specialty metals clause or ITAR for the following part numbers:

   i. PN 1500P-1002 (submarine periscope)

   ii. PN 10500B-1022 (infrared imaging system)

   iii. PN 6000U-1002 (multispectral targeting system)

   iv. PN 100101 (infrared Imaging System)

   v. PN 3730D-1012 (F-16 Radar)

   vi. PN 030-052317-01(chemical agent detector).

  e. Communications between GE Aviation and any other company or branch of the United States military or government regarding Quadrant's compliance with the DFARS specialty metals clause or ITAR;

  f. Communications, documents, forms, or drawings exchanged between GE Aviation and Quadrant regarding any magnets subject to the DFARS specialty metals clause or ITAR from January 1, 2000–present, including but not limited to regarding:

   i. The country of origin of Quadrant's magnets and the location of smelting, machining, and magnetizing;

   ii. Quadrant's procedure for reviewing, storing, and sharing GE Aviation's technical drawings and data, and restrictions on exporting or disclosure of such data.

  g. Any written or recorded statements, communications, complaints, documents, reports, forms, or comparable records, regarding the quality, performance, or defects in Quadrant's magnets, including but not limited to internal communications at GE Aviation, and

communications between GE Aviation and other companies or any branch of the United States military or government;

   h.  Any records, statements, communications, documents, reports, forms, or other comparable record, related to GE Aviation's sourcing and procurement of magnets for the part numbers listed in d(i)-(vi);

   i.  Communications between GE Aviation and government or law enforcement agencies or their respective lawyers, including notes, transcriptions, recordings, or memoranda regarding any investigation of Quadrant or its magnets;

   j.  Information related GE Aviation's policies, procedures, and training regarding compliance with the DFARS specialty metals clause or ITAR, including the disclosure, storage, transmission and export of technical data and drawings, and communicating and monitoring the compliance of GE Aviation's subcontractors with these policies.

   k.  Any written or recorded statements, communications, complaints, documents, reports, forms, or other comparable record, concerning the government's settlement with GE Aviation, including but not limited to communications between the government and GE Aviation concerning the terms of the settlement, culpable conduct and implicated part numbers, calculation of settlement figures, the subcontractors and products that were related to the terms of settlement, as well as internal government communications regarding the settlement and the government's decision not to criminally prosecute GE Aviation for failure to comply with the DFARS specialty metals clause or ITAR.

   For any entity withholding a document under a claim of privilege or otherwise, provide a privilege log containing the following information regarding each withheld document: (1) date; (2) author; (3) name and title of individuals to whom the document is addressed; (4) number of

pages; (5) document type; (6) subject matter; (7) description of any attachments; (8) present location and name of present custodian; (9) paragraph of this subpoena to which it is responsive; and (10) reason why the document is being withheld.

These records are to be returnable to the office of Holland & Knight LLP c/o John Brownlee, 1650 Tysons Boulevard, Suite 1600, Tysons Corner, VA 22102, on or before September 15, 2023 at 12:00 PM. The clerk shall notify defense counsel, John Brownlee, when the subpoena is ready.

**IT IS SO ORDERED.**

Dated:_____                    _____
                                                United States District Judge