# EXHIBIT 1

# Holland & Knight

1650 Tysons Boulevard, Suite 1700 | Tysons, VA 22102 | T 202.955.3000 | F 202.955.5564
Holland & Knight LLP | www.hklaw.com

John L. Brownlee
John.Brownlee@hklaw.com
(703) 720-8053

May 8, 2023

Joshua Judd
Christopher C. Tieke
Assistant United States Attorney
Western District of Kentucky
(502) 625-7049
(502) 582-5067
Joshua.Judd@usdoj.gov
Christopher.Tieke@usdoj.gov

Re:   *United States v. Quadrant Magnetics LLC*: First Supplemental Request for Discovery by Quadrant Magnetics LLC

Dear Joshua and Chris:

On March 10, 2023, we submitted a letter on behalf of Defendant Quadrant Magnetics LLC ("Quadrant") formally requesting the discovery to which it is entitled pursuant to the Fifth and Sixth Amendments to the United States Constitution; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Safavian*, 233 F.R.D. 12 (D.D.C. 2005) and their progeny; Fed. R. Crim. P. 16; The Jencks Act, 18 U.S.C. § 3500; and Fed. R. Evid. 404(b). In that letter, Quadrant reserved its right to supplement its discovery requests as it continues to prepare for trial. Accordingly, and in addition to its prior ongoing discovery requests, Quadrant formally submits the supplemental discovery requests detailed below.

We are requesting any and all information regarding where and how Quadrant's magnets were purportedly used by the government and the specific chain of custody for the magnets — from Quadrant to where they ultimately were placed. We also are requesting an opportunity to visit the General Dynamics and GE Aviation facilities, and any other facilities where the magnets were used, to observe how those companies handled and used Quadrant's magnets in each of the identified weapons systems and its relevant parts: PN 1500P-1002 (submarine periscope); PN 10500B-1022 (infrared imaging system); PN 6000U-1002 (multispectral targeting system); PN 100101 (infrared Imaging System); PN 3730D-1012 (F-16 Radar); PN 030-052317-01(chemical agent detector); PN 36B423718Pl (PMG Rotor for F-18); PN FP24018 (GCU for F-18), and any additional periscopes, engines, radar systems, submarines, fighter jets, and other defense systems and articles that utilized these parts or Quadrant's magnets.

Joshua Judd
Chris C. Tieke
May 8, 2023
Page 2

      This letter also addresses Quadrant's inability to meaningfully review the government's three productions to date due to significant technical defects in the government's files, as detailed further herein. To facilitate its ability to meaningfully review the government's records and prepare its defense, Quadrant requests that the government provide replacement production files, including metadata, and in a format that is compatible with industry-standard reviewing platforms, such as Relativity, as soon as possible.

## SUPPLEMENTAL DISCOVERY REQUESTS

I. **Documents and Tangible Objects (cont.)[1]**

    A.    All documents and communications related to Quadrant's magnets provided to GE Aviation or General Dynamics, or any other companies, including documents created by or circulated internally within GE Aviation, General Dynamics, other companies, the Navy, or any other branch of the United States military or government.

    B.    All documents, including documents internal to GE Aviation, General Dynamics, other companies, the Navy, or any other branch of the United States military or government, related to the defense articles, technical data, and parts manufactured by GE Aviation, General Dynamics, or any other companies in which Quadrant's magnets were a component. This request includes, but is not limited to, drawings, forms, and communications concerning the parts and part numbers in the Indictment, listed below, as well as the periscopes, engines, radar systems, submarines, fighter jets, and other defense systems and articles, and the component parts, that utilized these parts or Quadrant's magnets:

        i.    PN 1500P-1002 (submarine periscope)

        ii.    PN 10500B-1022 (infrared imaging system)

        iii.    PN 6000U-1002 (multispectral targeting system)

        iv.    PN 100101 (infrared Imaging System)

        v.    PN 3730D-1012 (F-16 Radar)

        vi.    PN 030-052317-01(chemical agent detector)

---

[1] Unless otherwise specifically stated, the supplemental requests for documents and tangible objects listed herein are limited to the last decade, *i.e.*, 2013 to present.

Joshua Judd
Chris C. Tieke
May 8, 2023
Page 3

        vii.        PN 36B423718Pl (PMG Rotor for F-18)

        viii.       PN FP24018 (GCU for F-18)

C.    Any written or recorded statements, communications, complaints, documents, reports, forms, or comparable records, regarding the quality, performance, or defects in Quadrant's magnets, including but not limited to internal communications at General Dynamics, GE Aviation, or any other companies or government contractors, any branch of the United States military or government, as well as any communications between or among these entities.

D.    Any written or recorded statements, communications, complaints, documents, reports, forms, or other comparable record, regarding ITAR or DFARs requirements and compliance for magnets that were components of the part numbers referenced in the Indictment, including but not limited to internal communications at General Dynamics, GE Aviation, any other companies or government contractors that provided magnets for these parts and part numbers to the United States government, as well as any communications between or among these entities and any branch of the United States military or government.

E.    Any written or recorded statements, communications, complaints, documents, reports, forms, or other comparable record, concerning the government's settlement with GE Aviation, including but not limited to communications between the government and GE Aviation concerning the terms of the settlement, culpable conduct and implicated part numbers, calculation of settlement figures, the subcontractors and products that were related to the terms of settlement, as well as internal government communications regarding the settlement and the government's decision not to criminally prosecute GE Aviation or General Dynamics for the conduct underlying the settlement or the Indictment.

F.    Any written or recorded communications, documents, reports, forms, or other comparable records, concerning the submission of Commodity Jurisdiction Determinations by any government agency or employee related to the parts and part numbers referenced in the Indictment and their technical data, including all intra-agency government communications regarding the decision to prepare, develop and submit Commodity Jurisdiction Determinations (CJD) and the results of these submissions as well as all drafts and notes by the individual specialists who prepared the CJDs.

Joshua Judd
Chris C. Tieke
May 8, 2023
Page 4

    G.    Any records, statements, communications, documents, reports, forms, or other comparable record, related to General Dynamics' or GE Aviation's sourcing and procurement of magnets for the parts and part numbers referenced in the Indictment, including records from companies or contractors other than Quadrant that supplied General Dynamics or GE Aviation with magnets for the implicated part numbers from 2013 to the present.

## II.    Defects in Government Productions

    A.    *First production*: On December 30, 2022, the government produced bates numbers USA-000001 – USA-024589 to Quadrant via USB card. However, the files were formatted in such a way that they could not be saved or loaded into a platform for review. The government provided a replacement USB card on January 12, 2023. This time, the production could be saved and reviewed, but no accompanying metadata was provided enabling the files to be sorted by date, custodian, sender/recipient, or identifying attachments to parent emails. Without this metadata, Quadrant cannot organize or coherently review the records or determine their relationship to one another. We request the government properly produce the records with full metadata.[2]

    B.    *Second production*: On March 13, 2023, the government produced bates numbers USA-024590 – USA-061968 to Quadrant via USB card. While the government's second production included some metadata[3], it still lacked critical fields such as date, custodian, and sender/recipient, meaning that Quadrant is unable to sort the records by date or individual without significant added cost. We request that the government properly produce the records with full metadata.

    C.    *Second production (hard drive):* As part of its second production the government also produced a voluminous hard drive containing images of seized iPhone, tablet, and laptop devices. We are unable to open or review these images because they are incompatible with industry-standard document review platforms. Converting the files would require Quadrant to hire a vendor at significant cost. Additionally, it appears that the government has produced the entirety of the contents of each seized device on the hard drive, rather than limiting the production to information relevant to the case. In addition to converting these images to a compatible format, searching

---

[2] At minimum, Quadrant requests metadata reflecting the file creation date, sent/received date, custodian, Prod BegDoc, Prod EndDoc, Prod Beg Attach, Prod End Attach, File Name, Page Count, NativeFile, and Extracted Text.

[3] The metadata in the second production included the following fields: Prod BegDoc, Prod EndDoc, Prod Beg Attach, Prod End Attach, File Name, Page Count, NativeFile, and Extracted Text.

Joshua Judd
Chris C. Tieke
May 8, 2023
Page 5

        the entire contents of the nineteen seized phones, tablets, and laptops to identify the government's relevant evidence or *Brady* material would entail significant time and expense. We request that that the government produce the files on the hard drive that are relevant to the case and Quadrant's defense in a format that is compatible with Relativity or other industry standard document review platforms. We further request that the government provide an explanation to defendants of its review procedures for the devices it has seized, and the safeguards it has in place to ensure that attorney-client privileged materials on these devices are not compromised.

D.    *Third production*: On April 20, 2023, the government produced bates numbers USA-061969 – USA-070264[4] to Quadrant via USB card. The ridges on the USB card appeared damaged and bent, and we were unable to open or save any of the files for review. We are currently waiting for the government to provide a replacement USB card, but are unable to review any of the files in the meantime.

    In summary, Quadrant's review of the government's productions has been hamstrung due to technical defects in the government's production and formatting of the files. We cannot open or review the majority of the files on the hard drive or third USB card due to incompatible formatting, and the lack of basic metadata for the files we can open prevents us from intelligibly organizing or reviewing the approximately 70,000 pages of records the government produced to date. Quadrant requests that the government send replacement USB cards for its first, second, and third productions, this time with full accompanying metadata. Furthermore, Quadrant requests that the government produce the files from the imaged devices provided on the hard drive in a format that is compatible with Relativity or other industry standard document review platforms. And, Quadrant requests that the government provide an explanation of its review protocol and the steps it has taken to ensure it does not improperly review attorney-client privileged materials or attorney work product.

---

[4] The third production's cover letter notes that the files correspond to bates numbers USA-MATP-000001 – USA-MATP-005977, which the government made available for counsel's in person review at the United States Attorneys' Office in Louisville, Kentucky on March 20, 2023. However, it appears the government excluded three documents from its production that were previously available for counsel's in-person review (USA-MATP-00523-00526, USA-MATP-00856-00904, and USA-MATP-00992-00993) on the grounds that these records are Jencks material.

Joshua Judd
Chris C. Tieke
May 8, 2023
Page 6

*   *   *   *

  We would appreciate your response and position with respect to these requests no later than May 26, 2023, so that we can make appropriate application to the Court if necessary. We reserve the right to supplement these requests as we continue our preparation for trial.

              Very truly yours,

              *[signature]*

              John L. Brownlee
              William F. Gould
              Caitlin A. Eberhardt
              Holland & Knight LLP
              *Counsel for Quadrant Magnetics LLC*

cc:

Kent Wicker
Kayla Campbell
Wicker Brammell PLLC
323 West Main Street, 11th Floor
Louisville, KY 40202
502-780-6195
kent@wickerbrammell.com
kayla@wickerbrammell.com
*Counsel for Phil Pascoe*

Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
prenn@600westmain.com
*Counsel for Scott Tubbs*

Joshua Judd
Chris C. Tieke
May 8, 2023
Page 7


Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
CoxECF@aol.com
*Counsel for Monica Pascoe*