# EXHIBIT 2



**U.S. Department of Justice**

*United States Attorney*
*Western District of Kentucky*

MAB/JDJ  717 West Broadway  Phone: 502-582-5911
Louisville, KY 40202  Fax: 502-582-5097
Website: www.justice.gov/usao/kyw

June 9, 2023

John L. Brownlee
William Gould
Caitlin A. Eberhardt
Holland & Knight LLP
1650 Tysons Boulevard, Suite 1700 | McLean, Virginia 22102
800 17th Street N.W. Suite 1100 | Washington, D.C. 20006

      **RE:  Discovery Request Letter Date May 8, 2023**

Dear Caitlin, John and Bill:

**Internal Investigation and Reciprocal Discovery**:

      During our initial discussions in November regarding Quadrant Magnetics LLC and their indictment you indicated you all had been retained and were conducting an internal investigation regarding criminal conduct at Quadrant Magnetics LLC.  The United States inquired whether you all would share the results of your internal investigation with the United States.  As you know, complete corporate cooperation and full compliance and disclosure is vital for the United States to evaluate corporate criminal responsibility.

      Moreover, in the Government's December 2022 initial discovery letter to you, the United States requested reciprocal discovery pursuant to Federal Rules of Criminal Procedure 16(b)(1)(A).  The Government reiterates that request.

**Compliance with Subpoena No. 2018R00522-087**

      Hang "Cody" Sun purchased Quadrant Magnetics in 2014.  At the time he was a Chinese citizen.  In 2015, he obtained a legal permanent residence status.  Mr. Sun owns and operates all the Quadrant entities in the US and abroad.  He also owns and operates the facilities and affiliates in China.

      On November 4, 2022, federal agents served on Hang "Cody" Sun a subpoena for financial records pursuant to 31 C.F.R. 1010.420 (formerly 31 C.F.R. 103.32) for the past five years.  The subpoena compliance date was December 7, 2022.

On January 13, 2023, we received a representation letter regarding a Grand Jury Subpoena No. 2018R00522-087, which was served to Sun on November 4, 2022. The representation letter indicated that responsive documents would be produced within a month of January 2023. To date, the United States has not received any records complying with the November 4, 2022 subpoena issued pursuant to Title 31. Compliance is mandatory.

We request Compliance on June 21, 2023, with production of records to the United States Federal Grand Jury in Louisville, Kentucky. Alternative production arrangements for disclosure are contained within the original subpoena instructions.

**Discovery Request Letter**

Rule 16 Requests

As you know, we have made records available for review at the USAO. Based upon counsel's request, we produced those records subject to the protective order in the case for you're the convenience of counsel. When appropriate, the USAO will attempt to comply with reasonable requests of counsel subject to the Fed. R. Crim. P. 16.

Section I of your letter lists a number of discovery requests that resemble the type seen in civil discovery. As you are no doubt aware, Rule 16 governs discovery in criminal cases. Under Rule 16, the United States disclosures are limited to items "in the government's possession, custody, or control." The Government is not obligated to acquire items exclusively possessed or controlled by other parties. *See, e.g.*, *United States v. Sarras*, 575 F.3d 1191, 1215 (11th Cir. 2009) (no disclosure required because neither records possessed by medical provider nor computers possessed by victim and her family were in the government's possession); *United States v. Cameron*, 672 F.Supp.2d 133, 138 (D. Me. 2009) (holding that Rule 16 did not apply to Yahoo! and Google computer servers and data stored therein). Nor is the government required to create items, such as documents, not yet in existence. *Id*. at 137 ("Rule 16(a)(1)(E) by its terms is directed to materials that the government actually possesses and does not apply to a document until it is created.") (citation and internal quotation marks omitted).

Unlike the broad scope of discovery available to parties in civil cases, discovery in criminal cases is more limited. "[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988). It should also be noted that the scope of discovery under subsection (E) of Rule 16 is limited by Rule 16(a)(2), which does not authorize the discovery or inspections of reports, memoranda, or other internal government documents made by an attorney or other government agents in connection with the investigation of a case. *See United States v. Sanders*, No. 5:20-CR-09-JMH-MAS, 2020 WL 2331195, at *5 (E.D. Ky. May 11, 2020).

All of that is to say that most of the requests in Section I of your letter fall far outside the scope of Rule 16 discovery. To date, the United States has substantially complied with its obligations under Rule 16. The Government acknowledges its continuing duty to disclose

evidence or material obtained before or during trial pursuant to Federal Rules of Criminal Procedure 16(c).

State Department Records

We are considering your request for all documents concerning the submission of Commodity Jurisdiction Determinations related to the parts and part numbers referenced in the Indictment. We are working with the relevant government agency to determine what, if any, documents it has in its possession that the government is required to produce and that have not been produced already.

Metadata request

As we have discussed, the United States is working to provide you with information that contains metadata.  To the extent the United States is able to meet your request, it will provide this information when it is able.

As we have previously provided the information in the form of image copies, which is the form in which the government currently has the information in its possession, it should be noted that the United States is under no obligation to produce the requested metadata and is doing so only as a courtesy.

Reformatting information on hard drives

Section II of your letter requests that the United States provide you the electronic materials in a particular format.  As we have discussed, the United States, to the extent possible, is working to provide you with load files for certain electronic materials.

But again, the United States is under no obligation to provide discovery that is searchable by a particular application or in a specific fashion that you favor.  *See United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010); *United States v. Meredith*, No. 3:12-CR-00143-CRS, 2015 WL 5570033 (W.D. Ky. Sept. 22, 2015); *United States v. Spivak*, No. 1:21-CR-00491, 2022 WL 16641644, at *5 (N.D. Ohio Nov. 3, 2022) (Federal law does not presently require that the United States provide discovery in any specific format in a criminal case); *United States v. Satary*, No. CR 19-197, 2020 WL 5850163, at *8 (E.D. La. Oct. 1, 2020) (finding that the Government complied with Rule 16 when it provided electronic materials that were accessible and searchable even if not accessible and searchable in Relativity as the defendant requested).

Your letter further requests that the United States comb through the discovery and identify inculpatory or exculpatory information.  This request again exceeds the requirements of Rule 16. The United States is under no obligation to the prosecution to "root out" potentially exculpatory evidence from a large mass of discovery.  *See Warshak*, 631 F.3d at 266 (6th Cir. 2010) (Court found that Government did not violate *Brady* by handing over millions of pages of evidence and forcing the defense to find any exculpatory information contained therein. In essence, Court

rejected defendant's argument that the government was obliged to sift fastidiously through the evidence—the vast majority of which came from defendant—in an attempt to locate anything favorable to the defense.); *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009) ("As a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence"); *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) ("While the Supreme Court in Brady held that the Government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case").

Finally, without asserting that any invasion of privilege has occurred and based on mere speculation that it might be possible, your letter requests that the United States explain its review procedures for the electronic materials and discuss the safeguards in place to ensure that attorney-client privileged materials were not compromised. As with much of this response, the United States is not obligated to explain its review process and Rule 16 does not require such an effort. Nonetheless, in the spirit of continued cooperation, the United States discloses that it engaged in an extensive filter review process. A filter team was established prior to the search of items seized from Quadrant Magnetics and GE Aviation Systems. As you are no doubt aware, counsel for Quadrant Magnetics provided a list of relevant attorney names. Based on those names, the team comprised of filter agents searched the materials and identified "relevant and possibly privileged" or "relevant and privileged" materials which were produced to a filter AUSA for review. Materials identified as privileged were segregated and separated from the materials provided to the case team to review. Though there are additional details regarding the taint review process, the United States submits that its process adequately addressed any concerns regarding privileged materials. *See United States v. Coffman*, 574 F. App'x 541, 565 (6th Cir. 2014) ("[T]he use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege.")

<u>Replacement Thumb Drive</u>

As you are aware, the United States provided a replacement USB card containing the third production (USA-061969-USA-070264). Please let us know if there are issues with this card.

\* \* \* \* \*

In summary, the United States has substantially complied with its obligations under Rule 16. More than that, it has gone above and beyond what is required in Rule 16 to provide Quadrant and the other defendants with the necessary discovery materials. The United States recognizes its continuing duty to disclose evidence or material obtained before or during trial pursuant to Federal Rules of Criminal Procedure 16(c).

The United States is willing to continue to work with reasonable requests from the defendants throughout the discovery process. Please let us know if you have any questions.

Respectfully,

MICHAEL A. BENNETT
United States Attorney

*S/Joshua Judd*
Joshua D. Judd
Christopher C. Tieke
Assistant U.S. Attorneys