UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:22-CR-88-DJH |
| | *Filed Electronically* |
| QUADRANT MAGNETICS, et al. | DEFENDANTS |

### UNITED STATES' MOTION TO CONTINUE TRIAL AND MOTION FOR EXTENSION OF TIME TO RESPOND

Comes now the United States America, by counsel, and moves to continue the trial of this action, currently scheduled for February 5, 2024[1] and to reset all pretrial deadlines consistent with the new trial date. In addition, the United States requests additional time through and including January 29, 2024, to respond to eight voluminous substantive motions[2] timely filed by the defendants on December 18, 2023, addressing a variety of issues, some of which are fundamental issues targeting the elements of the charged crimes and requiring resolution ahead of trial.

In support of this Motion the Government states the following:

**1.   A continuance is justified given the outstanding motion practice.**

On November 28, 2023, Defendant Quadrant Magnetics, joined by Defendants Phil Pascoe, Monica Pascoe, and Scott Tubbs filed their first motion to dismiss the indictment in this case, Defendants' Motion to Dismiss Legally Insufficient Conspiracy Allegations (DN 71). The United

---

[1] The initial trial in this matter was set for January 17, 2023. (DN 12). Defendants filed a Motion to Continue Trial Date and Declare Complex on December 12, 2022. (DN 26). This motion was not opposed by the United States. The motion was granted. (DN 28). A jury trial was subsequently set for February 5, 2024 (DN 37).
[2] There was an additional motion to seal (DN 92) filed by the Defendants.

1

States filed its response on December 20, 2023 (DN 94).  Defendants' reply is due on January 10, 2024.  (DN 84).

On December 18, 2023, defendant Monica Pascoe filed a Motion to Dismiss counts 1 and 3 of the Second Superseding Indictment (DN 85).  That same day, Quadrant Magnetics, joined by defendants Phil Pascoe, Monica Pascoe, and Scott Tubbs filed the following motions: Motion to Dismiss Legally Insufficient Smuggling Allegations (DN 86); Motion to Suppress Evidence Concerning Alleged ITAR violations (DN 87); Motion to Dismiss Unconstitutionally Vague AECA and ITAR Allegations (DN 88); Motion to Strike Magnetization Allegations from Second Superseding Indictment (DN 89); Motion to Exclude Commodity Jurisdiction Determinations as Inadmissible Hearsay (DN 90); Motion *in Limine* to Exclude Expert Testimony From Alex Douville and Steven Burton (DN 91); a sealed Motion for Leave to Seal a document (DN 92); and the accompanying sealed Motion (DN 93).

In each substantive motion, save for the Motion to Dismiss filed by Monica Pascoe, the Defendants requested a hearing pursuant to Joint Criminal Rule 47.1(g).

Many of the voluminous motions filed by the Defendants raise, for the first time, non-frivolous issues that go directly to the essential elements of certain of the charged crimes.  Such filings necessitate additional investigation by the undersigned that require consultation and investigation with government agencies and witnesses to research and provide necessary information for a response.  The issues raised in the motions may necessitate additional discovery practice—in addition to discovery practice which remains ongoing—that the parties are obligated to engage in and that is necessary to bring the case to trial.  Such reactive investigation by the Government, and the time it will take to complete, is further complicated by the motion response deadline occurring on January 2, 2024, during two federal holidays and at the end of the year.  *See*

*e.g. United States v. Blevins,* No. 3:18-CR-22-TAV-HBG, 2018 WL 6053137, at *1 (E.D. Tenn. Nov. 19, 2018) (granting defendant's unopposed motion to continue where discovery in the case was extensive and the parties anticipated the litigation of a motion to suppress evidence); *United States v. Wood*, No. 3:08-CR-26, 2008 WL 4138134, at *1 (E.D. Tenn. Sept. 2, 2008) (granting defendant's motion to continue where defendant filed 12 pretrial motions, including a motion to suppress); *United States v. Hu*, No. 3:20-CR-21-TAV-DCP, 2020 WL 2216563, at *1 (E.D. Tenn. May 6, 2020) (granting defendant's motion to continue where case involved novel issues, classified information, and complex issues).

It is not realistic for the United States to (i) investigate substantive issues that Defendants raised for the first time in several motions on December 18, 2023, (ii) research and respond to those motions, and (iii) continue responding to Defendants' discovery requests—all while preparing for a trial set to commence on February 5, 2024. Likewise, in order for Defendants to have time to reply to the Government's responses, and for the Court to hold each of the hearings requested by the Defendants and then subsequently rule on the motions, the Government respectfully submits that the trial date of February 5, 2024 should be continued.

**2.  A continuance is justified to permit the completion of discovery.**

On Friday, November 17, 2023, counsel for Quadrant Magnetics e-mailed counsel for the Government stating that they had prepared a motion to compel and requested a meet an confer that same day. The parties had a discussion and, on November 21, 2023, counsel for Quadrant Magnetics sent a letter to counsel for the United States demanding 7 categories of records and information, including documents related to Commodity Jurisdiction Determinations and samples of magnets tested by the Government which were the subject of a December 15, 2021 lab report. The United States responded via letter on November 28, 2023 addressing these requests and, where

appropriate, provided supplemental discovery and directed counsel to prior discovery productions. With respect to Defendants' requests for "all emails, reports, applications, analysis, and other documents" related to the Commodity Jurisdiction Determinations, the United States indicated it had just received materials from the State Department and, consistent with its discovery obligations, was in the process of reviewing them. That process is ongoing and is now further informed by the motions filed on December 18, 2023. Additional time is necessary to respond to Defendants' discovery request.

With respect to Defendants' request for the samples of the magnets, the United States, in its November 28 letter, indicated that it would provide samples of the magnets that were the subject of the December 15, 2021 lab report and instructed counsel for Quadrant Magnetics to contact the United States regarding logistics of providing the samples. Counsel for Quadrant Magnetics contacted the United States on December 10, 2023, following up on the magnets referenced in the December 2021 lab report and requesting even more samples of magnets referenced in additional reports provided in the United States' expert disclosures. The United States informed counsel for Quadrant Magnetics that it is in the process of gathering the requested magnets. Additional time is needed to permit the United States to obtain and provide the requested magnets to the Defendants and, presumably given their requests, to permit Defendants to engage in any contemplated testing.

In addition, on December 6, 2023, counsel for the United States requested that Defendants provide 10 TB hard drives in order to facilitate discovery production of materials seized during the execution of several search warrants in November 2022 (the same search warrants that are the subject of Defendants' motion to suppress). Counsel for the United States received a hard drive from counsel for Phil Pascoe. Shortly after receiving that hard drive, counsel for the United States emailed counsel for the Defendants following up regarding delivery of the necessary hard drives.

On December 19, 2023, counsel for Quadrant Magnetics indicated that counsel for Phil Pascoe had agreed to let them copy the hard drive. Counsel for the United States has not received any response from counsel for Scott Tubbs or counsel for Monica Pascoe regarding delivery of the necessary hard drive. The United States is in the process of copying the 2022 search warrant materials onto the hard drive provided by counsel for Phil Pascoe. Additional time is needed to ensure that Defendants receive these discovery materials and, presumably given their requests, review them.

Finally, counsel for the United States has repeatedly requested reciprocal discovery from the Defendants, including the results of an internal investigation purportedly being completed by counsel for Quadrant Magnetics. To date, no reciprocal discovery has been provided.

Additional time is needed to complete the required discovery, much of which was requested by the Defendants. *See United States v. White,* No. 3:22-CR-68-TAV-JEM, 2023 WL 3096035, at *2 (E.D. Tenn. Apr. 26, 2023) (finding that "trial continuance is necessary to permit defense counsel time to complete review of discovery; confer with their respective clients regarding pretrial motions, defense strategy, and the possibility of entering a plea agreement; and to otherwise prepare the case for trial.").

3. **A continuance is justified to permit continued discussions regarding pretrial resolutions with some of the Defendants.**

The United States has recently entered into discussions with certain Defendants to resolve the matter ahead of trial. Continuing the trial date would allow the relevant parties to continue those discussions. *See Wood, 2008 WL 4138134*, at *1 (citing plea negotiations with the Government as another justification for continuance of trial date); *accord United States v. Parham,* No. 3:18-CR-158-KAC-DCP, 2021 WL 3613665, at *1 (E.D. Tenn. Aug. 13, 2021) (continuing

5

trial finding that "Defendants are in need of more time to explore plea negotiations. If negotiations are not fruitful, defense counsel will need time to prepare for trial.").

### 4. The case has previously been declared complex and no Defendant is in custody.

At the unopposed request of the Defendants, this case has been declared by the Court to be complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). (*See* Memorandum of Hearing Order, DN 28). All of the Defendants are out on bond. No Defendant is in custody.

### 5. There is good cause for the United States' request for an extension of time to respond to Defendants' nine motions.

The United States requests additional time through and including January 29, 2024 to respond to eight substantive motions[3] (DNs 85, 86, 87, 88, 89, 90, 91, and 93) filed by the Defendants on December 18, 2023. Local Rule 47.1(b) permits extensions of time to respond in criminal cases upon a motion demonstrating good cause. There is good cause supporting the United States' request for an extension of time. In addition to the sheer size of several of the motions, as outlined above, the motions introduce non-frivolous issues which necessarily require consultation and investigation by the United States with government agencies and witnesses, many of whom may not be available during the holidays. The United States requires the additional time to investigate, research, and analyze the issues raised for the first time on December 18, 2023. Such a request demonstrates good cause.

Should the Court agree to continue the trial, no prejudice would result to the Defendants by the requested extensions. Should the Court rule not to continue the trial, the United States will endeavor to respond within the 14-day period provided by Local Rule 47.1

\* \* \* \* \*

---

[3] DN 92 is a Motion to Seal which the United States does not oppose.

A continuance of the February 5, 2024 trial date is necessary to allow the motions filed by the Defendants to be meaningfully responded to, fully litigated, and ruled on; permit discovery to be completed; allow the parties to continue to explore pretrial resolution; and allow counsel for the United States time for the effective preparation for trial, taking into account the exercise of due diligence.  This request is not solely for the purpose of delay and the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  The United States thereby requests that the trial be remanded from the February trial docket, that this matter be set down for a later trial date, that all pretrial deadlines be reset consistent with the new trial date, and the intervening time be excluded from the Speedy Trial Act calculation pursuant to 18 U.S.C. §3161(h)(7)(A) and B(ii).

In addition, the United States requests additional time through and including January 29, 2024 to respond to eight of nine motions (DNs 85, 86, 87, 88, 89, 90, 91, and 93) filed by the Defendants on December 18, 2023.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *Joshua D. Judd*
Joshua D. Judd
Christopher C. Tieke
Assistant U.S. Attorneys
717 W. Broadway
Louisville, KY  40202
(502) 582-5911
Christopher.tieke@usdoj.gov
Joshua.judd@usdoj.gov

7

## CERTIFICATE OF SERVICE

      On December 22, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the defendants.

                                /s/ *Joshua D. Judd*
                                Assistant United States Attorney