UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:22-CR-88-DJH<br>***Filed Electronically*** |
| QUADRANT MAGNETICS, et al. | DEFENDANTS |

## ORDER CONTINUING TRIAL AND GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND

The Court, having considered the United States' Motion to Continue the February 5, 2023 trial and for Extension of Time to Respond to Defendant's Motions (DNs 85, 86, 87, 88, 89, 90, 91, and 93), and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that the United States' Motion to Continue is **GRANTED** and the February 5, 2023 trial date and all pretrial filing deadlines in this matter are remanded from the Court's docket. A trial date and all pretrial filing deadlines will be set by further order of the Court.

IT IS HEREBY FURTHER ORDERED that the United States' Motion for Extension of Time to Respond is **GRANTED** and the United States has up to and including January 29, 2024 to respond to Defendant's Motions (DNs 85, 86, 87, 88, 89, 90, 91, and 93).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that the period of delay from _____, to _____, is excludable in computing the time within which the trial must commence under the Speedy Trial Act. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would

deny the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C)