UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**United States of America**

v.

**Quadrant Magnetics LLC et al.**

No. 3:22-CR-88-DJH

**DEFENDANTS' OPPOSITION TO THE UNITED STATES' MOTION
TO CONTINUE TRIAL AND MOTION FOR EXTENSION OF TIME**

Today is Christmas Day. In normal times, this is a good day; for many, it is the best day of the year. But for Monica and Phil Pascoe, Scott Tubbs, and their families, today is just another day of intolerable waiting. They are waiting for a trial that can't come soon enough. They have labored under an ill-founded government indictment for nearly a year and a half, and they have patiently awaited their chance to set out the truth, clear their names, reclaim their reputations, and rebuild their lives. The day that happens is February 5, 2024.

But now they are facing the prospect of more delay and more suffering. The government, in an unprecedented and unilateral motion, filed at 3:31 pm on Friday, December 22, suddenly seeks more time for what it calls a "reactive investigation" to respond to "non-frivolous [motions] that go directly to the essential elements of certain charged crimes." ECF 96 at 2, 6. The government has had over six years to prepare its case. And what it is "reacting to" is not new facts, but simply the relevant laws and regulations raised by the Defendants that highlight the indictment's glaring and fatal deficiencies. The government recently superseded the indictment, again, because it alleged conduct, again, that wasn't a crime. *Compare* ECF 73 ¶ 8 (removing references to neodymium because it isn't regulated by 48 C.F.R. § 225.252-7009), *and* ECF 49 ¶ 18 (removing a magnet part because it was not even allegedly ITAR-controlled during the relevant time period),

1

*with* ECF 1 ¶¶ 8, 18 (original indictment). If the government is just now going back to the drawing board to determine if other charged conduct isn't actually a crime, and it won't know by the trial date, the solution isn't a continuance; it's a dismissal. The government can certainly ask the grand jury to start a new investigation—but the government must dismiss *this* case if it wants the Defendants to wait while it figures out if they committed crimes.

The government hopes for the Court's sympathy by complaining about having to respond to motions over the holidays. *See* ECF 96 at 2, 6. Don't be fooled. This motion has nothing to do with the holidays. This motion is about a government that has charged three innocent people without considering the applicable law and is now scrambling to redo its case. If the Court has any doubt about the government's real purpose, it need look no further than the first paragraph of the government's motion, where the government extraordinarily asks the Court "to reset *all* pretrial deadlines consistent with the new trial date." ECF 96 at 1 (emphasis added). This is no request for more time to respond to extant motions; it is a request for a complete do-over. There should be no Christmas present rewarding such conduct. The Court should deny the government's motion. At a minimum, the Court should not reset deadlines that have come and gone.

**ARGUMENT**

The government's motion repeatedly fails to justify *its own* good cause. Instead, remarkably, the government repeatedly seems to suggest that it seeks a continuance for the Defendants' benefit.[1] For example, the government says it wants to ensure the Defendants "have time to reply to the [g]overnment's responses," ECF 96 at 3, that the government have time to fully meet its discovery obligations to the Defendants, *id.* at 4, and that the Defendants have time to review the

---

[1] *Defendants* in this motion refers to Mr. and Mrs. Pascoe, Mr. Tubbs, and Quadrant Magnetics LLC. This response is brought under Local Criminal Rule 47.1(b).

2

government's discovery responses, *id.* at 5. Even the cases the government relies upon focus on hardship to *defendants*, not the government. These arguments might have purchase if the Defendants were filing this motion, rather than prosecutors seeking their incarceration. But that is not what happened. The government knew its motion was prejudicial to the Defendants, as evidenced by how they did not seek a meet-and-confer conference with all the Defendants, but instead unilaterally filed the motion the Friday afternoon before Christmas Day.

The government makes little effort to identify any good cause of its own, gesturing only to reciprocal discovery and an apparent last-minute objection to the filing deadlines set by the May 12, 2023 Scheduling Order. *See id.* at 5–6; ECF 37 § 4. And the government says nothing to justify resetting deadlines that have come and gone.

In reality, the government's unstated premise is that it has failed to think through its case and seeks a do-over. It tries to elide this point because the Speedy Trial Act expressly forbids the government from continuing a case to remedy its own inadequate trial preparation. 18 U.S.C. § 3161(h)(7)(C) ("No continuance under subparagraph (A) of this paragraph shall be granted because of … lack of diligent preparation … on the part of the attorney for the Government"). But that is the point all the same—especially the request to reset already-expired pretrial deadlines, presumably so the government can remedy the inadequacies of its own previous responses. Any prejudice to the government is purely self-inflicted and not good cause for a continuance, particularly over the Defendants' objections. The prejudice to the Defendants is severe: their expert disclosures, expert rebuttals, and pretrial motions have shown the core themes of their defense (if anything of the case even survives past the motions to trial). Now that the government has that information—now that it has the answers to the test after handing in its own answers—it wants a

redo of its own pretrial activity. The government's failure to properly investigate and support its own indictment is cause for dismissal, not a continuance.

1. **The government has failed to state any justification for resetting past deadlines.**

Without offering a single sentence of support, the government asks the Court to "reset all pretrial deadlines." This falls far short of the government's burden. The government fails to even cite Fed. R. Crim. P. 45(b)(1)(B), permitting retroactive extensions of time for excusable neglect, likely because the government knows it cannot even begin to meet the five-factor test for granting such a motion. *See United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010).

*First*, there is danger of prejudice to the Defendants. The Defendants have set out their expert reports, their expert rebuttals, and the core factual and legal themes of their defense—all on time. The government should not have the opportunity to profit from that advance intelligence by going back and prepping new experts, revamping their expert disclosures, preparing custom-made rebuttal reports, and filing a panoply of its own "reactive" pretrial motions. *Second*, the length of the delay is significant. The government never asked for a continuance of now-expired deadlines at the time or near it, waiting to ambush the defense with a continuance request on Friday, December 22. *Third* and *fourth*, the government has offered *no* reason for its delay as to past deadlines—none. *Fifth*, the late-filing party has not acted in good faith. The government never conferred with all the Defendants on its present motion, nor did it do so in the past regarding any need for additional time for any other deadlines. And while the Defendants' counsel have truly enjoyed spending Christmas Eve and Christmas Day responding to this motion, the Court may view the motion's peculiar timing as another factor militating against good faith.

2. **The legal problems with the Government's case do not justify a continuance.**

The government's chief complaint is that the Defendants' motions raise "nonfrivolous issues that go directly to the essential elements of certain of the charged crimes." ECF 96 at 2. These

4

motions were timely filed in accordance with a scheduling order set in May 2023. *See* ECF 37 at § (4).[2] Although Defendants' motions make legal arguments apparently not contemplated by the government in preparing its indictment, they introduce no significant new factual allegations. To the contrary, they rely on the fundamental laws and regulations at issue in this case, *see* ECF 86, 87, 89, 91, as well as basic legal doctrines like sufficiency, hearsay, relevance, and vagueness, ECF 85, 88, 90, 93. It was the government's responsibility before asking a grand jury to indict three people to analyze the law underlying its allegations and how those apply to the facts. The government is, of course, free to withdraw any defective aspects of its case.

    The government has failed to cite authority justifying its own good cause. The government's main argument in seeking a continuance on these grounds is that it wants time to perform additional research and investigation. Each of the cases it cites, however, pertain only to *defendants'* requests for continuances. In *Blevins*, the defendant sought more time to investigate and prepare for trial, particularly in light of the significant penalties at play and waived his speedy trial rights. *United States v. Blevins*, No. 3:18-CR-22-TAV-HBG, 2018 WL 6053137, at *1 (E.D. Tenn. Nov. 19, 2018). In *Wood*, the defendant requested a continuance in order to engage in ongoing plea negotiations with the government. *United States v. Wood*, No. 3:08-CR-26, 2008 WL 4138134, at *1 (E.D. Tenn. Sept. 2, 2008). In *Hu*, the defendant moved for a continuance in order to research novel issues presented by the complexity of the case. *United States v. Hu*, No. 3:20-CR-21-TAV-DCP, 2020 WL 2216563, at *1 (E.D. Tenn. May 6, 2020). If there is a valid

---

[2] In their December 18th motions, Defendants requested oral argument and hearings in accordance with Local Criminal Rule 47.1(g) and the Scheduling Order at § (4). Defendants made that request to avoid waiver and to ensure the Court had the opportunity to set any of the motions for argument or hearing as it sees fit. However, Defendants will be prepared for a February 5 trial regardless of the Court's hearing schedule. If oral argument or a hearing would require more time for the proceedings, Defendants withdraw those requests.

government interest in the prosecution remedying its insufficient trial preparation, none of the cases the government identifies support it or explain why it outweighs the constitutional rights of a criminal defendant.

The government does not have the same rights or interests as the Defendants, and motions brought by the defense with the consent of the government have little bearing on the government's unilateral request for a continuance to redo its case. Most notably, in all the cases the government cites, the defendants waived their speedy-trial rights. The prosecution's "lack of diligent preparation" is explicitly *not* proper grounds for a continuance. 18 U.S.C. § 3161(h)(7)(C); *see United States v. Brown*, 819 F.3d 800, 812–13 (6th Cir. 2016) (allowing extra time for preparation due to case's complexity was not warranted under the Speedy Trial Act because, though trial would "involve[] significant amounts of documentary evidence and many witnesses, the factual and legal questions were not novel" and "because the trial was the result of a seven-year investigation, the government could not claim to be 'surprised or suddenly caught unaware by the complexity of the case'") (quoting *United States v. Crane*, 776 F.2d 600, 605–06 (6th Cir. 1985)). The government has had over six years of investigation to review the legal and evidentiary basis for its indictment. The government's failure to consider "issues that go directly to the essential elements of certain of the charged crimes" ahead of indictment hardly supports a continuance. ECF 96 at 2.

3. **The government's failure to provide discovery does not justify its own demand for a continuance.**

The government similarly seeks a continuance to remedy its own failure to timely provide discovery. Here, too, the government appears to raise prejudice to the Defendants as its justification, lacking any reasons of its own. The government's real reason for delay is, again, a statutorily prohibited attempt to buy time to reinvestigate its case. If the government is unready to make its case, the remedy is dismissal.

Revealingly, as the government admits, the government has "just received" and has failed to produce the documents underlying the State Department's Commodity Jurisdiction letters. *Id.* at 4. This is *Brady* material and core evidence for (or, more likely, against) the government's ITAR charges. In other words, the government did not *even review* the basis for its allegations that Quadrant's magnets were actually subject to export restrictions under ITAR.

The government likewise cites its own delays in producing evidence related to a 2021 lab report[3] and a last-minute document dump of materials seized in 2022. Here, the government repeats its strange argument that prejudice to the defense from the government's discovery practices justifies the government in seeking an opposed continuance. The government again cites a case where a defendant sought a continuance in order to review voluminous discovery, which, here too, is inapposite. *United States v. White*, No. 3:22-CR-68-TAV-JEM, 2023 WL 3096035, at *1 (E.D. Tenn. Apr. 26, 2023). Certainly the government ought to have produced these documents far earlier in discovery, but the defense is fully prepared to move ahead with a February 5 trial, even if the government is not.

To the extent the government seeks discovery from the Defendants, the Defendants will produce its own discovery in time for the government to make use of it at trial.

**4. A delay would not serve efforts to resolve the case prior to trial.**

Again citing cases where *defendants* pursued continuances citing ongoing plea negotiations and substitute counsel,[4] the government seeks a continuance over the opposition of all defendants.

---

[3] The lab-report evidence Quadrant seeks to exclude is irrelevant to the charged conduct and unfairly prejudicial. *See* ECF 93. To the extent the government seeks to rely on such evidence, it should have anticipated that the Defendants would seek it during discovery.

[4] *See Wood*, 2008 WL 4138134, *1; *United States v. Parham*, No. 3:18-CR-158-KAC-DCP, 2021 WL 3613665, at *1 (E.D. Tenn. Aug. 13, 2021) (defendant requested a continuance to allow substituted counsel the opportunity to review discovery).

Regardless, the government has every opportunity to negotiate before the February 5 trial date. In fact, the obvious deficiencies of the government's case if anything encourage settlement due to the substantial risks the government faces in proving its case at trial. Undoubtedly the government believes it can improve its negotiating position if given an opportunity to bolster its case, but this is not grounds for a continuance, nor can the government dare suggest it is. *See* 18 U.S.C. § 3161(h)(7)(C). Further, the government's negotiations with *some* parties do not justify a continuance as to *all* parties. *See United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) (When "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.").

5. **The government has failed to otherwise show good cause for denying the Defendants their right to a speedy trial.**

The government's attempt to delay the trial so it can reinvestigate its case is a blatant violation of the Defendants' rights under the Sixth Amendment and Speedy Trial Act. Merely acknowledging that a case is "complex" does not justify a last-minute continuance. In fact, the Sixth Circuit has rejected the argument that a case's complexity justifies a continuance where the government has had years to investigate and prepare its case. *See Brown*, 819 F.3d at 813 ("because the trial was the result of a seven-year investigation, the government could not claim to be 'surprised or suddenly caught unaware by the complexity of the case'") (quoting *Crane*, 776 F.2d at 605–06.

Nor does the government cite any authority suggesting the right to a speedy trial is contingent on a defendant being placed in custody; it is not. *See United States v. Criswell*, 360 F. Supp. 3d 694, 713–14 (S.D. Ohio 2019) (explaining that prejudice is one of several factors in determining whether defendant's speedy trial rights are violated, which is assessed by considering, among other things, oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility

that the defense will be impaired) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)). Once again, the government offers no good cause for a continuance or basis for waiving Defendants' rights.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the United States' Motion to Continue Trial and Motion for Extension of Time to Respond be denied. At a minimum, any continuance should be prospective only and not reset past and expired pretrial deadlines.

Pursuant to Joint Local Criminal Rule 47.1(g) and given the extraordinary nature of the government's motion, Defendants respectfully request oral argument on this motion.

Dated: December 25, 2023   By:   */s/ John Brownlee*

John L. Brownlee (*pro hac vice*)
William F. Gould (*pro hac vice*)
Timothy J. Taylor (*pro hac vice*)
Caitlin A. Eberhardt (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com

ATTORNEYS FOR DEFENDANT
QUADRANT MAGNETICS, LLC

*/s/ Kent Wicker (with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/ Scott Cox (with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

## CERTIFICATE OF SERVICE

I hereby certify that on December 25, 2023, the foregoing motion was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

/s/ *John Brownlee*