UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:22-CR-0088-DJH

PHIL PASCOE                                                          DEFENDANTS
SCOTT TUBBS
MONICA PASCOE
QUADRANT MAGNETICS LLC

## JOINT MOTION TO ENTER FIRST MODIFIED AGREED PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16

The United States of America and Defendants Quadrant Magnetics, Phil Pascoe, Monica Pascoe, and Scott Tubbs move the Court to approve the attached First Modified Agreed Protective Order in this matter concerning all previously disclosed and future disclosure in the case of *United States v. Quadrant Magnetics et al 3:22-cr-0088-DJH*. In support thereof, the following is stated:

1.     Fed. R. Crim. P. 16(d)(1) authorizes the court to regulate discovery. Under Rule 16, this Court may, for good cause, subject certain criminal discovery to a protective order. Federal Rule of Criminal Procedure 16(d)(1) entitled "Protective and Modifying Orders," expressly authorizes the Court to issue protective orders: "At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

2.     The Court entered an Agreed Protective Order in this matter on December 22, 2022 (DN 30). Paragraph 8 of the Agreed Protective Order permits the parties to see a modification of the Order.

3.     The charging document in this case alleges that defendants passed material believed

to be controlled under the International Traffic in Arms Regulations ("ITAR") to China. The State Department's Directorate of Defense Trade Controls ("DDTC") determined through a process known as a commodity jurisdiction that certain material defendants passed was in fact ITAR-controlled. Defendants have requested information pertaining to that determination, which involves consultation between the DDTC and other federal agencies (hereinafter "Commodity Jurisdiction Information"). Defendants will offer evidence that the DDTC applied the wrong legal standards for its commodity jurisdiction and that its conclusions regarding whether certain magnets were ITAR controlled were flawed and inaccurate. The DDTC has informed the prosecution team that some information regarding the commodity jurisdiction and the ultimate determination in this case constitutes pre-decisional material, meaning material that is part of the official decision-making process, and that the material is therefore subject to the deliberative process privilege. Without conceding that any or all of the relevant material is discoverable under established law, to accommodate defendants' request and in the interest of potentially reducing the need for pretrial litigation, the Government anticipates producing to defendants certain material pertaining to DDTC's determination in this case. Likewise, while defendants do not concede the materials would be subject to the deliberative process privilege, in order to facilitate review, defendants agree that a protective order is appropriate in light of the stated governmental interests. The proposed Modified Agreed Protective Order is thus necessary to permit the government to produce those materials to defendants for use in preparing their defense while maintaining the government's privileges applicable to such material.

4. The parties are in agreement with the contents of the attached First Modified Agreed Protective Order and that the defendants agree that the United States may file it with their signatures.

5.  Therefore, because of the nature of this case and the information which will be disclosed, the parties respectfully request that the Court issue the attached First Modified Agreed Protective Order[1].

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

s/*Joshua Judd*
Joshua Judd
Christopher Tieke
Assistant U.S. Attorneys
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911


s/ *John Brownlee* (w/ permission)
Caitlin Eberhardt, John Brownlee, & William Gould
Holland & Knight LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
*Counsel for Quadrant Magnetics LLC.*


s/ *Scott Cox* (w/ permission)
Scott Cox, Scott Coleman Cox, II, & Michael Mazzoli
Cox & Mazzoli, PLLC
600 West Main Street, Suite 300
Louisville, KY 40202
*Counsel for Monica Pascoe*


s/ *Patrick Renn* (w/ permission)
Patrick J. Renn
Smith & Helman
600 West Main Street, Suite 100
Louisville, KY 40202
*Counsel for Scott Tubbs*

---

[1] The only substantive change to the Agreed Protective Order previously entered by this Court is the addition of Paragraph 11 which specifically covers the Commodity Jurisdiction Information.

        s/ *Kent Wicker* (w/ permission)
Kent Wicker, Kayla Campbell
Wicker Brammell
323 West Main Street
Louisville, KY 40202
*Counsel for Phil Pascoe*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendants.

        s/*Joshua Judd*
Joshua Judd
Assistant U.S. Attorney

4