UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                    Case No. 3:22-CR-00088-DJH

**PHIL PASCOE**
**SCOTT TUBBS**
**MONICA PASCOE**
**QUADRANT MAGNETICS LLC**                                                              DEFENDANTS

**FIRST MODIFIED AGREED PROTECTIVE ORDER**

This matter having come before the Court on the joint motion of the United States of America and the Defendants pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a First Modified Agreed Protective Order limiting the use and dissemination of certain material and information produced by the United States as discovery materials in this case, and which contain confidential personal individually identifiable identity information ("PII"), financial information, proprietary data, trade secret information, and export controlled technical data subject to various regulatory restrictions, including the International Traffic in Arms Regulations, 22 C.F.R. parts 120-130 ("ITAR"), and the Arms Export Control Act, 22 U.S.C. 2778. The court having considered the motion, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED**, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court's inherent authority, and with the consent of the parties to this action, that:

1.     The material provided in discovery by the United States to defendants shall be used by defendants and counsel solely for preparation of their defenses.

2.     Defendants agree not to make and retain a copy of the discovery provided by the United States or to transcribe any information regarding third parties who are identified in the discovery. Defense counsel may make such copies as is necessary for their clients' defense.

Defendants further agree only to view the discovery which the government (1) obtained from parties other than the defendants, (2) not already possessed by the defendants, (3) containing confidential personal individually identifiable identity information ("PII"), proprietary data, trade secret information, and export controlled technical data subject to various regulatory restrictions, and (4) marked as "Confidential" (collectively the "Confidential Materials"); while in the presence of their attorneys. Only U.S. persons, as defined in the ITAR under 22 C.F.R. §120.62, shall be granted access to export controlled technical data or shall obtain a license for access from the U.S. Department of State.

   3. Subject to and in conformity with the provisions of this Order, the parties shall not disclose or distribute this discovery to any person or entity other than the following:

>  (a) The parties to this action, as well as employees of and the attorneys for the parties (including their paralegals, clerical/administrative and other assistants) who have a clear need for access to confidential information in connection with this action; and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;
>
>  (b) Persons retained by a party or its counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, provided such persons have signed a written acknowledgment, attesting to the fact that they have read this Order and agree to be bound by its terms;
>
>  (c) Persons with factual knowledge relating to the case in the course of an interview, deposition, or testimony, in the reasonable and good faith belief of counsel that examination with respect to the Confidential Information is necessary or appropriate for the prosecution or defense of the case;
>
>  (d) Stenographers engaged to transcribe depositions conducted in this action; and

    (e)  the Court and its support personnel.

All persons who are given access to ITAR-controlled technical data must be U.S. persons as defined in the regulations or be granted a license from the U.S. Department of State for such access. The parties shall not disclose the discovery materials to any persons described under subparagraphs (a) through (e) unless and until the attorney of record has informed such persons of the contents of this order and they agree to be bound by its terms. Each person must agree that the information to be shared with them contains Confidential Materials, that is subject to this Order, and should not be further disclosed except for purposes having to do with this litigation and consistent with applicable export control laws and regulations.

  4.  The parties shall allow no person to have access to the discovery materials, nor shall any person be informed of the substance of discovery materials, except as otherwise provided in this Order or by further order of the Court.

  5.  Disclosure of discovery materials for purposes related to the prosecution and defense of the criminal case may be made to the Court in connection with proceedings in this case, and consistent with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure governing privacy protections for filings made in court.

  6.  Counsel for the defendants shall not allow any client to possess or retain un-redacted copies of any Confidential Materials without counsel being present and will take all reasonable steps necessary to ensure that Confidential Materials are not improperly disclosed including the disclosure to any non-U.S. persons of export controlled technical data who do not possess an export license from the relevant U.S. licensing authority, including the U.S. Department of State, the U.S. Department of Commerce, or the U.S. Department of the Treasury, as required by U.S. law and regulation for such disclosure.

7. Within sixty (60) days of the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, the parties shall destroy or return to the producing entity all Confidential Materials, <u>provided</u>, however, that government counsel may retain one copy of any discovery documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. ' 3101, and its implementing regulations, 36 C.F.R. § 1222.38. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential and/or export controlled Information Subject to Protective Order," and to which shall be attached a copy of this Order.

8. Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein.

9. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability of any material subject to applicable export control law and regulation.

10. The termination of this litigation shall not relieve any person or party provided Confidential Materials of his, her or its obligations under this Order and applicable export control law and regulations.

11. The United States intends to produce material to the defense pertaining to the determination by the State Department's Directorate of Defense Trade Controls ("DDTC") that certain material in this case is purportedly controlled by ITAR as well as the processes employed by DDTC, and entities and personnel with whom it consulted, in making that determination ("Commodity Jurisdiction Information"). Such materials contain information that is pre-decisional and may be subject to the government's deliberative process privilege, among

potential other privileges. The United States is authorized to provide defense counsel with Commodity Jurisdiction Information marked with the following legend: "COMMODITY JURISDICTION INFORMATION – CONTENTS SUBJECT TO PROTECTIVE ORDER." All provisions of this Protective Order apply to these materials. In addition, in the event that a party needs to file Commodity Jurisdiction Material with the Court or divulge Commodity Jurisdiction Information in court filings, such filing shall be made under seal pursuant to an *ex parte* application. If the Court denies a request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to opposing counsel to afford such party an opportunity to object or otherwise respond to such intention. Before such information may be filed publicly and before the opposing party files any objection to the anticipated public filing, the parties shall meet and confer regarding any alternatives to filing the information publicly and, if none are found, to determine whether any redactions may accommodate the parties' needs.

January 25, 2024

**David J. Hale, Judge**
**United States District Court**

Having Seen and Agreed:

MICHAEL A. BENNETT
United States Attorney

*s/ Joshua Judd*
Joshua Judd
Christopher C. Tieke
Assistant United States Attorneys
717 W. Broadway
Louisville, Kentucky 40202


*s/ Kent Wicker* (w/permission)
*Kent Wicker*
*Counsel for Phil Pascoe*


*s/ Scott Cox* (w/ permission)
*Scott Cox*
*Counsel for Monica Pascoe*


*s/ Pat Renn* (w/ permission)
*Pat Renn*
*Counsel for Scott Tubbs*


*s/ John Brownlee* (w/ permission)
*John L. Brownlee*
*William F. Gould*
*Counsel for Quadrant Magnetics LLC*