UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:22-CR-88-DJH<br>*Filed Electronically* |
| QUADRANT MAGNETICS, LLC et al. | DEFENDANTS |

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE THE GOVERNMENT'S COMMODITY JURISDICTION DETERMINATIONS AS INADMISSIBLE HEARSAY

Defendants Quadrant Magnetics, LLC ("Quadrant Magnetics"), Phil Pascoe, Scott Tubbs, and Monica Pascoe (collectively "Defendants") have moved *in limine* broadly *"*to exclude the State Department's Commodity Jurisdiction Determinations." *See* ECF No. 90 at 1. At its core, their motion challenges only the two commodity jurisdiction determinations ("CJDs") attached as exhibits to their motion. As discussed below, these CJDs are admissible, non-hearsay evidence. And, because Defendants have not offered any specific argument regarding the admissibility of other CJDs, their motion should be denied to the extent it requests broader relief.

### DISCUSSION

The Arms Export Control Act ("AECA,") 22 U.S.C. § 2778, empowers the President "to designate those items which shall be considered as defense articles and defense services" and to require licenses for the export of designated items. *See* 22 U.S.C. §§ 2778(a)(1), (b)(2). That responsibility has been delegated to the Department of State, and specifically the Directorate of Defense Trade Controls ("DDTC"), which has promulgated the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. § 120 *et seq*., to designate certain categories of items under the AECA. To assist those engaging in ITAR-related business, including subcontractors for the United

1

States Department of Defense ("DOD") and other original equipment manufacturers of defense articles, DDTC has also created the commodity jurisdiction determination process, which is specifically described in the ITAR. *See* 22 C.F.R. §§ 120.4, 120.12.[1] Pursuant to the commodity jurisdiction determination process, if there is a question as to whether an item is on the USML, an individual or company can submit information about the particular item and receive DDTC's confirmation as to whether the item is export controlled by the ITAR and, if so, where it falls within a designated category on the United States Munitions List ("USML"). *See* 22 C.F.R. §§ 120.4, 120.12.[2] "The designation . . . of items as defense articles or defense services for purposes of [the AECA] shall not be subject to judicial review." 22 U.S.C. § 2778(h).[3]

Decisions on the admissibility of evidence, including hearsay determinations, are committed to the district court's sound discretion. *United States v. Wright*, 343 F.3d 849, 865 (6th Cir. 2003). "Motions *in limine* provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. Only where the evidence satisfies this high bar should the court exclude it . . . ." *Locke v. Swift Transportation Co. of Arizona, LLC*,

---

[1] The procedures for submitting a commodity jurisdiction determination were contained within 22 C.F.R. § 120.4 until on or around September 6, 2022, when they were moved to 22 C.F.R. § 120.12. *See* 87 Fed. Reg. 16396, at 16397 (Mar. 23, 2022).

[2] *See generally* U.S. Dep't of State, DDTC, "Commodity Jurisdictions (CJs)", https://www.pmddtc.state.gov/ddtc_public/ddtc_public?id=ddtc_kb_article_page&sys_id=%20249f7c0adb6cf7007ede365e7c9619fd ("The purpose of a commodity jurisdiction (CJ) request is to determine whether a commodity or service is covered by the U.S. Munitions List (USML) . . . . If after reviewing the USML and other relevant parts of the ITAR, in particular ITAR § 120.3, § 120.4, and § 120.11, you are unsure of the export jurisdiction of a commodity or service, you should request a CJ determination.").

[3] The Defendants' motion is part of a multi-pronged attack on the AECA and its implementing regulations. A more fulsome discussion of the applicable legal framework under the AECA, ITAR, and USML is contained in the government's contemporaneously filed Response to Defendants' Motion to Dismiss Unconstitutionally Vague AECA and ITAR Allegations at 2-5.

2

2019 WL 6037666, at *1 (W.D. Ky. Nov. 14, 2019) (citations omitted).[4] "[I]f not, 'rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Id.* (quoting *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010)).

I.  **The Two Challenged CJDs Are Admissible, Non-Hearsay Evidence.**

Defendants begin their motion to exclude with the assertion that CJDs are "lay opinion testimony of State Department officials who have not been designated as experts." ECF 90 at 1. They then pivot and claim that the CJDs instead state facts and should be excluded as hearsay. *Id.* Both assertions are wrong and reflect a deep misunderstanding of the administration of the AECA and the CJD process.

The government must prove to the jury under Sixth Circuit law that the data Defendants exported "fall[s] under the definition[] of technical data." *United States v. Roth*, 628 F.3d 827, 832 (6th Cir. 2011).[5] Under this governing framework, the CJDs are admissible, non-hearsay evidence

---

[4] Though Defendants do not title their motion as a motion *in limine*, it is a pretrial motion seeking to exclude specific evidence as inadmissible, and the Court should treat it as such. Pursuant to the Court's scheduling Orders, the deadline to file any motions *in limine*, is four weeks prior to trial, which is scheduled to commence on April 1, 2024. *See* ECF 98; ECF 37. Any responses are due two weeks prior to trial, and there shall be no replies. ECF 98.

[5] *Roth*'s holding that courts may not review "whether technical data and components are defense articles" but may review whether alleged data "fall under the definitions of technical data and components," notwithstanding the State Department's determination that they do, is in considerable tension with other circuits' holdings on the Arms Export Control Act and similar export control regimes, *see, e.g.*, *United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1473 (9th Cir. 1988) ("The Secretary has determined that the Spawrs' mirrors could not be exported without an export license. Right or wrong, the trial court must accept this determination as a matter of law."); *Karn v. U.S Dep't of State*, 925 F. Supp. 1, 5-6 (D.D.C. 1996), *remanded on other grounds*, 107 F.3d 923 (table), 1997 WL 71750, at *6 (D.C. Cir. 1997) (per curiam) ("[Section] 2778(a)(1) and (h) [] preclude judicial review for the designation of items as defense articles pursuant to the language of the munitions list *and the procedures provided for interpreting the list* . . . ." (emphasis added)); *see also id.* at *7 ("[U]nder the [Export Administration Regulations] and the [Export Administration Act] judicial review is precluded for the act of

relevant to the jury's resolution of that question because they are records of the regularly conducted activity of DDTC and could also qualify as public records. *See* Fed. R. Evid. 803(6), (8). And the government can introduce the CJDs through a DDTC witness with sufficient knowledge of the CJDs or by a certification that complies with Rule 902(11). *See* Fed. R. Evid. 803(6)(d). Courts routinely admit similar records of government and quasi-government agencies. *See, e.g.*, *United States v. Miller*, 982 F.3d 412, 434-39 (6th Cir. 2020) (NCMEC CyberTipline Reports); *United States v. Maga*, 475 F. App'x 538, 542-43 (6th Cir. 2012) (IRS transcripts). Indeed, State Department documents nearly identical to the challenged CJDs were admitted in *Roth*, leading to the Sixth Circuit's decision discussed above. *See United States v. Roth*, 2009 WL 1748748, at *3 (E.D. Tenn. June 19, 2009), *aff'd*, 628 F.3d 827 (6th Cir. 2011) ("Exhibit 46A is a document from the Department of State in which Robert S. Kovac, Managing Director or the Directorate of Defense Trade Controls, Bureau of Political–Military Affairs certifies that each of the items and documents named in the indictment are defense articles and technical data as defined by the ITAR."). While the Sixth Circuit's *Roth* decision leaves Defendants free to argue that the data they exported falls outside the ITAR's definition of technical data, it does not allow them to prevent the government from offering evidence that the data is on the USML.

In other words, the government agrees that in the Sixth Circuit, after *Roth*, the CJDs are not "dispositive," ECF 90 at 1, but it does not follow that they are irrelevant and otherwise inadmissible. *Cf. United States v. Zhen Zhou Wu*, 711 F.3d 1, 19 (1st Cir. 2013) (reversing based on jury instructions but noting "[p]erhaps it would have been possible for the prosecution to persuade the jury—beyond a reasonable doubt—that the phase shifters really did fall within the

---

describing items on the [Commodity Control List] CCL *and for the act of determining whether an item is covered by the CCL descriptions*" (emphasis added)).

Munitions List restrictions."). Defendants repeatedly note that the CJDs were issued in 2021, ECF 90 at 2, 4, 9-10, but the determination made at that point was that the drawings were designated technical data "during the period of January 1, 2009 through the present." *See* ECF 90, Def. Ex. 2. At most, the timing of the CJDs issuance goes to its weight, not its admissibility. This also refutes Defendants' *ex post facto* argument, ECF 90 at 9-10, as the CJDs explain that *at the time of Defendants' conduct* the law required a license to export the technical data at issue. Indeed, Defendants concede that "[a] CJ request is used to determine whether an item is a defense article designated on the USML." *See id.* at 3.

At trial, the government's expert and fact witnesses will explain the CJD process to the jury, both in general and as it applied to the two CJDs that Defendants seek to exclude (among others). Defendants, however, base the remainder of their arguments on unsupported assumptions about who those witnesses will be and what they will say. For example, Defendants simply assert that "[t]he CJDs conclusions . . . are apparently based on representations from General Dynamics . . . rather than the personal knowledge of the State Department officials who issued the CJDs." *Id.* at 1. Likewise, Defendants speculate at length about what State Department employees— including the Director and Acting Director of the Office of Defense Trade Controls Policy—did or did not do. *See id.* at 4-5. Defendants assume that the DDTC Director and Acting Director simply signed the CJDs immediately upon receiving an application. *But see* 22 C.F.R. § 120.12 (outlining the information DDTC actually relies on in making a CJD). But all this speculation only reinforces that a ruling on Defendants' motions "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Locke*, 2019 WL 6037666, at *1 (quotation marks omitted).

Similarly, Defendants raise a Confrontation Clause challenge "to the extent they do not have the opportunity to cross-examine" the individuals who signed the reports. *See* ECF 90 at 8 n.8. The Court should defer ruling on these questions until it has actually heard the government's witnesses explain the true CJD process, both in general and as it applied to the two challenged CJDs, and determined whether cross-examination of these witnesses satisfies the Confrontation Clause's requirements. *See Gresh*, 738 F. Supp. 2d at 706 (unless evidence has no legitimate use at trial "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context").[6]

## II.   Defendants Offer No Basis To Exclude Other CJDs.

To the extent Defendants' motion seeks broader relief, it should also be denied. Defendants have not shown that CJDs as a categorical matter should be excluded. *See Gresh*, 738 F. Supp. 2d at 706 (quoting *Bouchard v. Am. Home Products Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002)) ("The Court has the power to exclude evidence in limine 'only when evidence is clearly inadmissible on all potential grounds.'"). Defendants have not shown that every CJD the government might seek to admit would be offered for the truth of the matter asserted. Nor have they shown that the hearsay exceptions for business records, Fed. R. Evid. 803(6), or official reports of public agencies, Fed. R. Evid. 803(8), could never apply to a CJD.

In December 2017, the DDTC issued a CJD that illustrates these flaws. *See* Exhibit 1 to Gov't AECA Response, ECF 111. Unlike the CJDs attacked in Defendants motion, DDTC issued

---

[6] In the final paragraph of their motion, and without any citation, Defendants also argue that the CJDs should be excluded under Fed. R. Evid. 403 "because they are pronouncements by a government agency" and therefore might "confuse and mislead a jury." *See* ECF 90 at 10. But no such confusion will occur if the jury is instructed, consistent with *Roth*, that the CJDs are not dispositive of the question the jury must resolve. *See, e.g., Roth*, 2009 WL 1748748, at *3 (discussing Exhibit 46A).

this CJD in response to a submission by General Electric Aviation Systems ("GE Aviation"). Furthermore, DDTC issued it in the midst of Defendants' scheme. *But see* ECF 90 at 9 (challenging attached CJDs as "post-hoc determinations"); *id.* at 8 n.8 (asserting CJDs are testimonial because they "were created pursuant to the government's investigation"). GE Aviation submitted its application for a CJD after it grew concerned that Quadrant Magnetics might have sent certain technical data to China related to magnets subcontracted to Quadrant Magnetics. *See* Exhibit 8 to Gov't AECA Response, ECF 111. GE Aviation sought DDTC's guidance on whether the subcontracted magnets fell under the USML, and, in December 2017, DDTC confirmed that the magnets were subject to USML Category VIII(h)(1). *See* Exhibit 1 to Gov't AECA Response, ECF 111. GE Aviation provided a copy of the closure letter and the December 2017 CJD to Quadrant Magnetics in early 2018.

At trial, should the government introduce the December 2017 CJD, it would be admissible as evidence of the Defendants' knowledge and willfulness in violating ITAR controls. *See, e.g.*, *United States v. Boyd*, 640 F.3d 657, 664 (6th Cir. 2011) ("Statements offered to prove the listener's knowledge are not hearsay."); *United States v. Harris*, 200 F. App'x 472, 486 (6th Cir. 2006) (affirming admission of otherwise hearsay statements to show defendant's willfulness). The December 2017 CJD is therefore distinguishable from the two CJDs addressed in Defendants' motion, and even if the Court were inclined to exclude the two CJDs challenged in Defendants' motion, the December 2017 CJD would be admissible for a wholly different purpose. *See* ECF 90 at 1 (asserting CJDs are "out of court-statements offered for the truth of the matter asserted"). Accordingly, to the extent Defendants' motion seeks more broadly to exclude CJDs such as the December 2017 CJD, the motion should also be denied.

## CONCLUSION

For the reasons stated herein, the United States requests that Defendants' Motion to Dismiss, ECF 90, be DENIED.

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | JENNIFER KENNEDY GELLIE |
| United States Attorney | Executive Deputy Chief |
| Western District of Kentucky | Counterintelligence and Export Control Section |
| | National Security Division |
| | |
| s/ *Joshua D. Judd* | s/ *Alex Wharton* |
| Joshua D. Judd, | Alex Wharton |
| Christopher C. Tieke | Trial Attorney |
| Assistant U.S. Attorneys | 950 Pennsylvania Ave., NW |
| 717 W. Broadway | Washington, DC 20530 |
| Louisville, KY 40202 | (202) 514-4523 |
| (502) 582-5911 | alexander.wharton@usdoj.gov |
| Joshua.judd@usdoj.gov | |
| Christopher.tieke@usdoj.gov | |

CERTIFICATE OF SERVICE

On January 26, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the Defendants.

s/ *Joshua D. Judd*
Assistant United States Attorney
