UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**United States of America**

v.

**Quadrant Magnetics LLC et al.**

No. 3:22-CR-88-DJH

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE GOVERNMENT'S COMMODITY-JURISDICTION DETERMINATIONS**

The government contends that the State Department's commodity-jurisdiction determinations (CJDs) are admissible because they qualify under the hearsay exceptions for public records or records of a regularly conducted business activity. However, neither of these exceptions apply to the CJDs at issue. The CJDs do not qualify as public records because they are not based on the observations of a public official with a duty to report, and they are not records of a regularly conducted business activity because they were created in response to and in furtherance of the government's investigation in anticipation of indicting Defendants. The government also maintains that the CJDs' probative value outweighs the danger that they may unfairly prejudice the jury, but the government fails to recognize that the CJDs have no probative value. The government simply concludes that the technical data for the drawings is designated on the USML, but provides no facts probative of this conclusion. The CJDs also pose a risk of misleading the jury because they offer an opinion as to whether the drawings were designated as technical data when Defendants allegedly exported them in 2018, which is a question of fact for the jury to determine. The CJDs should also be excluded because they were issued three years

1

after the alleged exports, and run afoul of the Constitution's *ex post facto* clause prohibiting retroactive application of a law to a crime already consummated.[1]

## ARGUMENT

**1. The CJDs are hearsay and are not admissible under the exceptions for public records or records of a regularly conducted activity.**

**A. The CJDs do not qualify as public records.**

The government argues that the CJDs are admissible under the hearsay exceptions for public records or records of a regularly conducted activity. D.N. 110, PageID.1428. Neither of these exceptions apply to the CJDs or General Dynamics' Technical Data Certification forms, and these documents should be excluded as hearsay.

Federal Rule of Evidence 803(8)(A) provides that a record or statement of a public office is admissible under the public records hearsay exception if it sets out (i) the office's activities, (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation. The first circumstance does not apply to the CJDs because they do not set out the DDTC's activities. The third circumstance also does not apply because the case at bar because is not a civil case, and Defendants are not seeking to introduce the CJDs against the government. Thus, the CJDs can only qualify for the public records hearsay exception if they set out "a matter observed" by a DDTC official while under a legal duty to report. Fed. R. Evid. 803(8)(A)(ii).

Rule 803(8)(A)(ii) contemplates the admission of records recounting objective facts directly observed by a government actor, as opposed to the "factual findings" and evaluative

---

[1] The government suggests that Defendants may not file a reply on this motion. *See* D.N. 110, PageID.1427 n.4. The Court's recent order, however, provides: "The United States shall respond to the pretrial motions filed on December 18, 2023 [citing all eight motions, including this one], no later than January 26, 2024. Defendants shall file their replies within 14 days of service of the United States' responses." D.N. 98, PageID.1304.

opinions admissible in a civil case or against the government under Rule 803(8)(A)(iii). *United States v. Murgio,* No. 15-CR-769(AJN), 2017 WL 365496, *7 (S.D.N.Y. Jan. 20, 2017); *Miller v. Caterpillar Tractor Co.*, 697 F.2d 141, 143 (6th Cir. 1983) ("It is . . . clear from construction of the rule . . . that factual findings admissible under Rule 803(8)([iii]) may be those which are made by the preparer of the report from disputed evidence, as contrasted to those facts which are 'matters observed pursuant to duty imposed by law as to which matters there was a duty to report' called for under Rule 803(8)([ii])." (quoting *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 557–58 (6th Cir. 1978)) (updated with current rule's enumeration)).

The CJDs do not contain objective facts directly observed by a DDTC official, but rather the DDTC's "findings" based on its "technical review" that the drawings for the subject part numbers are technical data designated on the USML. *See* D.N. 90 at Ex. 2. Because the CJDs contain factual findings and evaluative opinions, rather than the direct observations of a government official, they are not admissible as a public record under Rule 803(8)(A)(ii).

A public record is only admissible as a hearsay exception if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). In evaluating the trustworthiness of a proposed public record, the Sixth Circuit has explained that it takes a commonsense approach and considers whether the document has "sufficient independent indicia of reliability to justify its admission." *Hickson Corp. v. Norfolk S. Ry. Co.*, 124 F. App'x 336, 345 (6th Cir. 2005). If the individual who prepared the record does not have firsthand knowledge of its contents, e.g., if the record includes hearsay or statements from others who did not prepare it, the record's "independent indicia of reliability" and trustworthiness is diminished. *Id.* In the context of records prepared by a government agency, the Sixth Circuit has held that where "the original information recorded on the documents did not originate with a government official . . . the multiple levels of hearsay result in a lack of the

3

necessary indicia of reliability to make the documents trustworthy and hence admissible." *Id.* at 345–46 (concluding that reports prepared by Tennessee state public agencies were inadmissible under the public records exception because they contained multiple levels of hearsay and included statements that originated from individuals outside the agencies); *see also Jackson v. Herrington*, No. 4:05-CV-00186-JHM, 2011 WL 1750800, *13 (W.D. Ky. May 6, 2011) (finding that hearsay statements in a police report lacked trustworthiness).

The CJDs incorporate hearsay conclusions that originated from individuals outside the government agency, i.e., that General Dynamics' drawings were technical data designated on the USML. In issuing the CJDs, the DDTC relied on the Technical Data Certification Forms that General Dynamics[2] prepared at the request of the government and in furtherance of its investigation. These one-page Technical Data Certification forms contained General Dynamics' conclusions and "certification" that the subject drawings qualified as technical data designated on the USML, but did not provide the factual information General Dynamics considered regarding the parts' design, development, and use[3] to substantiate the forms' conclusions. *See* D.N. 90 at Ex. 1. Without access to the underlying factual information from General Dynamics or Quadrant about the parts' design, development, and use, the DDTC did not have sufficient information to make its own firsthand determination that the drawings were technical data

---

[2] As detailed in Defendants' initial Motion (D.N. 90, PageID.1019), the Technical Data Certification Forms prepared by General Dynamics' Senior Manager of Regulatory Compliance Dennis Miller implicate an additional layer of hearsay in that they conclude, without citing any factual support, that General Dynamics' drawings are technical data designated on the USML. This determination would necessarily require consideration of the opinions of the company's engineers and project managers familiar with the magnets' design, capabilities, and use across both civilian and military industries. The conclusory nature of Mr. Miller's statements on General Dynamics' Technical Data Certification Forms, and their likely basis in hearsay gathered from other General Dynamics employees, further erodes the indicia of reliability of the conclusions incorporated from these forms into the CJDs.

[3] 22 C.F.R. § 120.12(b) outlines the factors the DDTC considers in determining whether an article or service qualifies as a defense article on the USML: (1) the form and fit of the article; (2) the function and performance capability of the article; and (3) other applicant-provided information, to include a history of the product's design, development, and use, as well as specifications and any other relevant data as described in brochures and other related documents.

designated on the USML Instead, the DDTC adopted General Dynamics' conclusions in the Technical Data Certification Forms and included them in the CJDs. Because the conclusions in the CJDs are hearsay originating from General Dynamics and not from the direct knowledge or observations of DDTC officials, they are untrustworthy and do not qualify under the public records exception to the rule against hearsay.

### B. The CJDs do not qualify as records of a regularly conducted business activity.

Rule 803(6) permits business records to be admitted into evidence despite the normal bar against the introduction of hearsay as long as four requirements are met: (1) the records were "created in the course of a regularly conducted business activity;" (2) the records were "kept in the regular course of that business;" (3) the records resulted from a "regular practice of that business" to create such documents; and (4) the records were "created by a person with knowledge of the transaction or from information transmitted by a person with knowledge." The opposing party may challenge the veracity of the business records by showing "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

The CJDs and General Dynamics' Technical Data Certification forms lack the requisite indicia of trustworthiness to qualify for the business record exception. Courts have generally recognized that documents made in anticipation of litigation are inadmissible under the business-records exception. *See United States v. Blackburn*, 992 F.2d 666, 670 (7th Cir. 1993) (finding that report prepared by lenscrafter at the FBI's request and with knowledge that any information it supplied would be used in ongoing investigation was not prepared or kept in the ordinary course of the lenscrafter's business); *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir. 2000) (accident report prepared in anticipation of litigation lacked indicia of reliability and trustworthiness). Courts have also required that business records be

5

prepared at or near the time of the event they memorialize in order to be deemed trustworthy. *United States v. Skeddle*, 981 F. Supp. 1069, 1074 (N.D. Ohio 1997) (excluding undated documents where the government could not show they were created contemporaneously with the events they discussed).

The Technical Data Certification forms and the CJDs were prepared at the government's request and as part of its investigation in preparation for issuing its indictment. General Dynamics created the Technical Data Certification forms in October 2020 for the government to submit to the DDTC in support of its CJD requests. *See* D.N. 90 at Ex. 1. Homeland Security agent Michael Zhangi submitted these Technical Data Certification forms to the DDTC with the government's application for the CJDs approximately three months later in January 2021 (D.N. 90 at Ex. 1), pursuant to the government's investigation and in anticipation of using the resultant CJDs as evidence in a criminal case against Defendants. Because the Technical Data Certification forms and the CJDs were created as part of the government's investigation and with an eye towards issuing an indictment, these records were not created in the ordinary course of business. The years-long gap between when the alleged exports took place, from 2012–2018, and the creation of the Technical Data Certification forms and CJDs further undermines the reliability and trustworthiness of these records, and consequently, they do not qualify for the business records exception and should be excluded.

### C. The CJDs are irrelevant and prejudicial.

The government insists that even though the CJDs were issued in 2021, they do not violate the *ex post facto* clause because they conclude that General Dynamics' drawings were designated on the USML in 2018, at the time Defendants allegedly exported them to China. (D.N. 110, PageID.1429.) However, the appropriate *ex post facto* inquiry is whether Defendants "violated the relevant regulations *as those regulations existed at the time the conduct occurred.*"

6

*U.S. v. Zhen Zhou Wu*, 711 F.3d 1, 11 (2013) (emphasis in original). Because the CJDs at issue here did not exist until 2021, they are not relevant to the jury's examination and determination of the regulatory requirements as they existed in 2018, at the time of the alleged exports. *Zhen Zhou* explains that when no CJD existed at the time of the alleged criminal conduct, the jury should consider relevant factual evidence, such as the design and commercial use of the item, to determine whether an article or service was designated on the USML at the time the conduct occurred. *Id.*

If the CJDs contained any statements of fact regarding the design, use, performance, or commercial alternatives for General Dynamics' drawings in 2018, these facts would arguably be admissible and helpful to the jury in determining whether the drawings were designated on the USML at the time of the alleged criminal conduct. However, the CJDs contain no such facts, and simply conclude that the drawings are technical data designated on the USML—a question that is ultimately for the finder of fact to decide. Thus, the CJDs pose a danger of prejudice because they offer an opinion on an issue that the jury is tasked with determining, without citation to the underlying facts or designation of the CJDs' signatories as experts authorized to offer such opinion testimony. Given the CJDs' lack of probative value and potential to mislead and confuse the jury, the Court should exclude them under Rule 403.[4]

---

[4] The government notes that in *United States v. Roth*, No. 3:08-CR-69, 2009 WL 1748748, *3 (E.D. Tenn. June 19, 2009), the court admitted a State Department document certifying that the items and documents named in the indictment were defense articles subject to ITAR. D.N. 110, PageID.1428. While the government argues that the certification in *Roth* was "nearly identical" to the CJDs at issue in this case, the two are not analogous. The CJD process is defined in the regulations and the government has repeatedly taken the position that CJDs are unreviewable and binding, implicating the *ex post facto* clause. A certification, on the other hand, is not the result of a regulated process, and does not carry the weight of law. Furthermore, the *Roth* opinion does not address key factors affecting the certification's admissibility, such as when or whether a CJD had been issued, or if the State Department expert witnesses who testified were designated to offer testimony on the certification.

7

**2. Defendants have shown that all CJDs should be categorically excluded.**

In their initial motion, Defendants asked the Court to exclude all CJDs issued pursuant to the government's investigation. (D.N. 90 at PageID.1018–19.) All CJDs should be categorically excluded because they include hearsay and were issued in connection with the government's investigation, as opposed to a regularly conducted business activity. The government attempts to distinguish the CJD issued in response to a request by GE Aviation in 2017, but, as with the CJDs for the General Dynamics drawings, the GE Aviation CJD's conclusion that the drawing therein examined was technical data designated on the USML is inadmissible hearsay. It does not qualify as a public record because it contains an evaluative conclusion, as opposed to the direct observations of a DDTC official, and it is not a record of a regularly conducted business activity because GE Aviation requested it as a result of the government's investigation and with the intention of determining its exposure to liability for any export violations.

The government maintains that the 2017 GE Aviation CJD could be admitted to show Defendants' knowledge and willfulness in violating the ITAR controls, rather than for the truth of the matter asserted (D.N. 110, PageID.1431.) However, the GE Aviation CJD speaks to the regulatory controls for GE Aviation's part numbers and technical data, and its conclusions do not apply to the General Dynamics' drawings that are the subject of the indictment's ITAR counts. As such, the 2017 GE Aviation CJD is not relevant evidence of Defendants' intent as to the alleged exports of General Dynamics' technical data, and should be excluded.

**CONCLUSION**

For all of these reasons, the undersigned respectfully requests that the Court grant Defendants' Motion to Exclude the CJDs and Technical Data Certification Forms from evidence.

Dated: February 9, 2024

Respectfully submitted,

*/s/ John Brownlee*
John L. Brownlee (*pro hac vice*)
William F. Gould *(pro hac vice)*
Timothy Taylor (*pro hac vice*)
Caitlin Eberhardt *(pro hac vice)*
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com
*Counsel for Quadrant Magnetics, LLC*

*/s/ Kent Wicker (with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/ Scott Cox (with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, the foregoing motion was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

/s/ *John Brownlee*