## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **United States of America** | |
| **v.** | **No. 3:22-CR-88-DJH** |
| **Quadrant Magnetics LLC et al.** | |

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants Quadrant Magnets LLC, Phil Pascoe, Scott Tubbs, and Monica Pascoe respectfully submit the Defendants' Proposed Jury Instructions in the above-referenced cause.

### Introduction[1]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

### Jurors' Duties[2]

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to

---

[1] Fed. Crim. Jury Instr. 6th Cir. 1.01 Introduction (2023 ed.).
[2] Fed. Crim. Jury Instr. 6th Cir. 1.02 Jurors' Duties (2023 ed.).

follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**[3]

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just a formal way that the government tells the defendant what crime he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that he or she is innocent. This presumption of innocence stays with him or her unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the government to prove that he or she is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that the defendant is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubt or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

---

[3] Fed. Crim. Jury Instr. 6th Cir. 1.03 Presumption of Innocence, Burden of Proof, Reasonable Doubt (2023 ed.).

**Evidence Defined**[4]

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence.

Nothing else is in evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Consideration of Evidence**[5]

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

---

[4] Fed. Crim. Jury Instr. 6th Cir. 1.04 Evidence Defined (2023 ed.).
[5] Fed. Crim. Jury Instr. 6th Cir. 1.05 Consideration of Evidence (2023 ed.).

**Direct and Circumstantial Evidence**[6]

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Credibility of Witnesses**[7]

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

1. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

3. Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

---

[6] Fed. Crim. Jury Instr. 6th Cir. 1.06 Direct and Circumstantial Evidence (2023 ed.).
[7] Fed. Crim. Jury Instr. 6th Cir. 1.07 Credibility of Witnesses (2023 ed.).

4.   Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5.   Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6.   And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**No Classified Information**

The government has alleged in this case that the defendants exported defense articles controlled on the United States Munitions List. Just because an article is on that list, it does not mean the article is classified, top-secret, or the like. There has been no evidence that any of the articles are classified and you must not speculate that they are or should be.

**No Foreign Government**

There has been no evidence that any of the articles at issue in this case have been viewed or used by a foreign government or its agents. You must not speculate otherwise.

**No Prejudice Against Other Countries**

There has been presented in this case about a particular foreign country. You must set aside any personal prejudices you hold toward that country or its people. You must not speculate that any evidence presented in this case is more likely or less likely to be true because it involves any particular foreign country.

**Introduction of the Counts Alleged in the Indictment**[8]

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

**Multiple Defendants Charged with Different Crimes**[9]

The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

**Definitions of the Counts Alleged in the Indictment**

Count One: Conspiracy to Commit an Offense[10]

Count One of the indictment charges Quadrant Magnets LLC, Phil Pascoe, Scott Tubbs, and Monica Pascoe with conspiracy to commit four offenses in violation of federal law. These four offenses are: (1) willfully exporting from the United States a defense article covered by the United States Munitions List without first obtaining a license; (2) fraudulently and knowingly exporting or sending from the United States any merchandise, article, or object contrary to any law or

---

[8] Fed. Crim. Jury Instr. 6th Cir. 2.01 Introduction (2023 ed.).
[9] Fed. Crim. Jury Instr. 6th Cir. 2.01D Separate Consideration—Multiple Defendants Charged with Different Crimes (2023 ed.).
[10] Fed. Crim. Jury Instr. 6th Cir. 3.01A Conspiracy to Commit an Offense (2023 ed.).

regulation of the United States; (3) fraudulently and knowingly selling magnets to General Dynamics and the Department of Defense by misrepresenting and concealing China as the location of the melting of the magnets; and (4) knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation; and making and using a false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry within the jurisdiction of the United States.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

As for conspiracy to commit the first offense, it is against the law to conspire with someone to willfully export from the United States a defense article that appears on the United States Munitions List (part of the International Traffic in Arms Regulations, or "ITAR") without first obtaining a license. To prove that defendants conspired to commit this offense, the government must prove beyond a reasonable doubt that the defendants conspired to commit each of the following elements: (1) that a defendant export or attempt to export a defense article; (2) that the defense article was listed on the United States Munitions List at the time of export; (3) that a defendant did not first obtain a license for the export of the defense article; (4) and that the defendant acted willfully.

With respect to the first element, the government must prove the drawings of magnets for specific part numbers were defense articles beyond a reasonable doubt. You are instructed to only consider the drawings of the part numbers listed in the indictment. To prove that the drawings are defense article beyond a reasonable doubt, there are several things the government must prove.

First, the government must prove beyond a reasonable doubt that the drawings were indeed technical data, that is, that they were required for the design, development, production, manufacture, assembly, or operation of defense articles.[11]

Second, the government prove beyond a reasonable doubt that the drawings were directly related to a defense article described in the United States Munitions List category corresponding to each specific magnet part number alleged in the indictment.[12] For example, the indictment alleges that defendants exported technical data under Category XII(f) of the United States

---

[11] 22 C.F.R. § 120.33.
[12] *See* 22 C.F.R. § 121.1, Category XX(d), XII(f); 22 C.F.R. § 120.31; 22 C.F.R. § 120.33.

Munitions List, so the government must prove that the technical data was directly related to a defense article described in Category XII(f) of the United States Munitions List.

Third, the foregoing steps one and two reference an underlying "defense article" directly related to the drawings and which the drawings are necessary for. The government must prove beyond a reasonable doubt that this underlying defense article is a "specially designed" part, meaning that it is a part for use in or with another defense article described in the corresponding United States Munitions List category listed in the indictment.[13] A *part* is any single unassembled element of a major or a minor component, accessory, or attachment which is not normally subject to disassembly without the destruction or the impairment of designed use.[14] However, a part is *not* "specially designed" if it has the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is *not* on the United States Munitions List.[15] *Function* means the action(s) the part is designed to perform.[16] *Performance capability* is a measure of the part's effectiveness to perform a designated function in a given environment (e.g., measured in terms of speed, durability, reliability, pressure, accuracy, efficiency).[17] *Form* means the part's configuration (including the geometrically measured configuration), material, and material properties that uniquely characterize it.[18] *Fit* means the part or component's ability to physically interface or connect with or become an integral part of another commodity.[19] *Equivalent* means that a part's form has been modified solely for fit purposes.[20] *Production* means all production stages, such as product engineering, manufacture, integration, assembly (mounting), inspection, testing, and quality assurance, and includes serial production where commodities have passed production readiness testing (i.e., an approved, standardized design ready for large scale production) and have been or are being produced on an assembly line for multiple commodities using the approved, standardized design.[21] In short, the government must prove beyond a reasonable doubt that the part *is* "specially designed." That means that the government must also prove beyond a reasonable doubt that there is *not*, anywhere in the world,

---

[13] 22 C.F.R. §§ 120.41(a)(2), 121.1 Category XX(d), XII(d).
[14] 22 C.F.R. § 120.40(e).
[15] 22 C.F.R. § 120.41(b)(3).
[16] 22 C.F.R. § 120.42(c).
[17] 22 C.F.R. § 120.42(d).
[18] 22 C.F.R. § 120.42(a).
[19] 22 C.F.R. § 120.42(b).
[20] 22 C.F.R. § 120.42(e).
[21] 22 C.F.R. § 120.43(b)(1).

another part or component with the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is not on the United States Munitions List.

With respect to the second element, the government must prove beyond a reasonable doubt the following things. First, the government must prove that the Defendants exported the alleged defense article, meaning that they either actually shipped or transmitted them out of the United States, including the sending or taking of a defense article out of the United States in any manner; or released or otherwise transferred technical data to a foreign person in the United States.[22] A foreign person is any natural person who is not a U.S. citizen, lawful permanent resident, or refugee granted asylum; a foreign person is also any foreign corporation, organization, or government.[23] Second, the government must prove that at the time of the export, and not merely sometime thereafter, the alleged defense article was in fact a defense article on the United States Munition List.

With respect to the third element, the government must prove beyond a reasonable doubt that the defendants did not obtain a license from the U.S. Department of State permitting export of the defense article before exporting the defense article.

With respect to the fourth element, in order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant voluntarily and intentionally violated a known legal duty not to export the alleged defense article. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew was unlawful, that is to say, with intent either to disobey or disregard the law. Negligent conduct, or conduct by mistake or accident, or with a good faith belief that the conduct was lawful, is not sufficient to constitute willfulness.[24] Further, it is not sufficient if the defendants were only aware of the generally unlawful nature of their actions; they must have known that the alleged defense articles at issue were specifically prohibited by the United States Munitions List from being exported.[25]

---

[22] 22 C.F.R. § 120.50(a)(1), (2).

[23] 22 C.F.R. § 120.63.

[24] *See United States v. Roth*, 628 F.3d 827, 831, 835 (6th Cir. 2011).

[25] *See United States v. Wenxia Man*, 891 F.3d 1253, 1268 (11th Cir. 2018). *Contra United States v. Roth*, 628 F.3d 827, 835 (6th Cir. 2011). The Sixth Circuit requires that the government prove only that defendants knew that their underlying action is unlawful. The Sixth Circuit should overrule *Roth* and follow the more stringent standard in *Wenxia Man* because the ITAR regulations are just the sort of highly technical, *malum prohibitum* rather than *malum in se* regulations that can trap the unwary and thus fall within the rule of *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994),

As for conspiracy to commit the second offense, it is against the law to conspire with someone to smuggle any merchandise, article, or object from the United States. To prove that the defendants conspired to commit this offense, the government must prove beyond a reasonable doubt that the defendants conspired to commit each of the following elements: (1) that the defendant fraudulently or knowingly exported or sent from the United States any merchandise, article, or object; (2)  that the exportation or sending was contrary to 22 U.S.C. § 2778(b)(2) and (c) and 22 C.F.R. §§ 121.1, 123.1, 127.1 (part of the ITAR); and (3) that the defendant knew the exportation or sending was contrary to law or regulation. Merchandise, articles, and objects refers solely to tangible, physical items. Electronic information, like an email or text message, is not merchandise, an article, or object. Exporting or sending is done "fraudulently" if it involves the misrepresentation or knowing concealment of a material fact.[26]

In order to show the exportation was contrary to 22 U.S.C. § 2778(b)(2) and (c) and 22 C.F.R. §§ 121.1, 123.1, 127.1, the government must prove beyond a reasonable doubt that: (i) defendant exported or attempted to export a defense article; (ii) that the defense article was listed on the United States Munitions List at the time of export; (iii) that the defendant did not first obtain a license for the export of the defense article; and (iv) that the defendant acted willfully.

With respect to the first element, the government must prove the drawings of magnets for specific part numbers were defense articles beyond a reasonable doubt. You are instructed to only consider the drawings of the part numbers listed in the indictment. To prove that the drawings are defense article beyond a reasonable doubt, there are several things the government must prove.

First, the government must prove beyond a reasonable doubt that the drawings were indeed technical data, that is, that they were required for the design, development, production, manufacture, assembly, or operation of defense articles.[27]

Second, the government prove beyond a reasonable doubt that the drawings were directly related to a defense article described in the United States Munitions List category corresponding to each specific magnet part number alleged in the indictment.[28] For example, the indictment alleges that defendants exported technical data under Category XII(f) of the United States

---

and *Cheek v. United States*, 498 U.S. 192, 200 (1991), rather than the lower intent standard of *Bryan v. United States*, 524 U.S. 184, 191 (1998). Defendants thus offer this additional sentence giving the full and correct jury instruction above to preserve that matter for appeal should they not be acquitted.

[26] *See United States v. Matheny*, 42 F.4th 837, 843 (8th Cir. 2022).

[27] 22 C.F.R. § 120.33.

[28] *See* 22 C.F.R. § 121.1, Category XX(d), XII(f); 22 C.F.R. § 120.31; 22 C.F.R. § 120.33.

Munitions List, so the government must prove that the technical data was directly related to a defense article described in Category XII(f) of the United States Munitions List.

Third, the foregoing steps one and two reference an underlying "defense article" directly related to the drawings and which the drawings are necessary for. The government must prove beyond a reasonable doubt that this underlying defense article is a "specially designed" part, meaning that it is a part for use in or with another defense article described in the corresponding United States Munitions List category listed in the indictment.[29] A *part* is any single unassembled element of a major or a minor component, accessory, or attachment which is not normally subject to disassembly without the destruction or the impairment of designed use.[30] However, a part is *not* "specially designed" if it has the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is *not* on the United States Munitions List.[31] *Function* means the action(s) the part is designed to perform.[32] *Performance capability* is a measure of the part's effectiveness to perform a designated function in a given environment (e.g., measured in terms of speed, durability, reliability, pressure, accuracy, efficiency).[33] *Form* means the part's configuration (including the geometrically measured configuration), material, and material properties that uniquely characterize it.[34] *Fit* means the part or component's ability to physically interface or connect with or become an integral part of another commodity.[35] *Equivalent* means that a part's form has been modified solely for fit purposes.[36] *Production* means all production stages, such as product engineering, manufacture, integration, assembly (mounting), inspection, testing, and quality assurance, and includes serial production where commodities have passed production readiness testing (i.e., an approved, standardized design ready for large scale production) and have been or are being produced on an assembly line for multiple commodities using the approved, standardized design.[37] In short, the government must prove beyond a reasonable doubt that the part *is* "specially designed." That means that the government must also prove beyond a reasonable doubt that there is *not*, anywhere in the world,

---

[29] 22 C.F.R. §§ 120.41(a)(2), 121.1 Category XX(d), XII(d).
[30] 22 C.F.R. § 120.40(e).
[31] 22 C.F.R. § 120.41(b)(3).
[32] 22 C.F.R. § 120.42(c).
[33] 22 C.F.R. § 120.42(d).
[34] 22 C.F.R. § 120.42(a).
[35] 22 C.F.R. § 120.42(b).
[36] 22 C.F.R. § 120.42(e).
[37] 22 C.F.R. § 120.43(b)(1).

another part or component with the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is not on the United States Munitions List.

With respect to the second element, the government must prove beyond a reasonable doubt the following things. First, the government must prove that the Defendants exported the alleged defense article, meaning that they either actually shipped or transmitted them out of the United States, including the sending or taking of a defense article out of the United States in any manner; or released or otherwise transferred technical data to a foreign person in the United States.[38] A foreign person is any natural person who is not a U.S. citizen, lawful permanent resident, or refugee granted asylum; a foreign person is also any foreign corporation, organization, or government.[39] Second, the government must prove that at the time of the export, and not merely sometime thereafter, the alleged defense article was in fact a defense article on the United States Munition List.

With respect to the third element, the government must prove beyond a reasonable doubt that the defendants did not obtain a license from the U.S. Department of State permitting export of the defense article before exporting the defense article.

With respect to the fourth element, in order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant voluntarily and intentionally violated a known legal duty not to export the alleged defense article. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew was unlawful, that is to say, with intent either to disobey or disregard the law. Negligent conduct, or conduct by mistake or accident, or with a good faith belief that the conduct was lawful, is not sufficient to constitute willfulness.[40] Further, it is not sufficient if the defendants were only aware of the generally unlawful nature of their actions; they must have known that the alleged defense articles at issue were specifically prohibited by the United States Munitions List from being exported.[41]

---

[38] 22 C.F.R. § 120.50(a)(1), (2).
[39] 22 C.F.R. § 120.63.
[40] *See United States v. Roth*, 628 F.3d 827, 831, 835 (6th Cir. 2011).
[41] *See United States v. Wenxia Man*, 891 F.3d 1253, 1268 (11th Cir. 2018). *Contra United States v. Roth*, 628 F.3d 827, 835 (6th Cir. 2011). The Sixth Circuit requires that the government prove only that defendants knew that their underlying action is unlawful. The Sixth Circuit should overrule *Roth* and follow the more stringent standard in *Wenxia Man* because the ITAR regulations are just the sort of highly technical, *malum prohibitum* rather than *malum in se* regulations that can trap the unwary and thus fall within the rule of *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994),

As for conspiracy to commit the third offense, it is against the law to conspire with someone to commit wire fraud. To prove that defendants conspired to commit this offense, the government must prove beyond a reasonable doubt that the defendants conspired to commit each of the following elements: (1) that a defendant devised or intended to devise a scheme to defraud in order to deprive another of money or property, that is by concealing and misrepresenting China as the location of the melting of magnets produced for General Dynamics and the Department of Defense; (2) that the scheme included a material misrepresentation or concealment of a material fact; (3) that the defendant had intent to defraud; and (4) that the defendant used wire communications or caused another to use wire communications in foreign commerce in furtherance of the scheme.[42]

As for conspiracy to commit the fourth offense, it is against the law to agree with someone to knowingly and willfully make a materially false statement or false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry. To prove that defendants conspired to commit this offense, the government must prove beyond a reasonable doubt that the defendants conspired to commit each of the following elements: (1) that a defendant made a statement or writing; (2) that the statement or writing was false; (3) that the statement or writing was material; (4) that the defendant acted knowingly and willfully; and (5) that the statement pertained to a matter within the jurisdiction of the executive branch of the United States government. A statement is "material" if it has the natural tendency to influence or is capable of influencing a function or decision of a United States agency. An act is done "knowingly and willfully" in this context if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason. A matter is "within the jurisdiction of the executive branch of the United States government" if the United States agency has the power to exercise authority in that matter.

For you to find the defendants guilty of conspiracy to commit the above offenses, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

---

and *Cheek v. United States*, 498 U.S. 192, 200 (1991), rather than the lower intent standard of *Bryan v. United States*, 524 U.S. 184, 191 (1998). Defendants thus offer this additional sentence giving the full and correct jury instruction above to preserve that matter for appeal should they not be acquitted.

[42] Fed. Crim. Jury Instr. 6th Cir. 10.02 Wire Fraud (18 U.S.C. § 1343) (2023 ed.).

1. That two or more persons conspired, or agreed, to commit the offense of (1) willfully exporting from the United States a defense article covered by the United States Munitions List without first obtaining a license; (2) fraudulently and knowingly exporting from the United States any merchandise, article, or object contrary to any law or regulation of the United States; (3) fraudulently and knowingly selling magnets to General Dynamics and the Department of Defense by misrepresenting and concealing China as the location of the melting of the magnets; or (4) knowingly and willfully making a materially false, fictitious, or fraudulent statement and representation; and making and using a false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

2. That the defendant knowingly and voluntarily joined the conspiracy; and,

3. That a member of the conspiracy did one of the overt acts described in the indictment for the purposes of advancing or helping the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

With respect to the first element, a criminal agreement, the government must prove beyond a reasonable doubt that two or more persons conspired, or agreed, to cooperate with each other to commit one of the offenses. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the offense. An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances exist in this particular case beyond a reasonable doubt.[43]

With respect to the second element, if you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he or she knew the conspiracy's main purpose, and that he or she voluntarily joined it intending to help advance or achieve its goals. Proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was

---

[43] Fed. Crim. Jury Instr. 6th Cir. 3.02 Agreement (2023 ed.).

happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more, they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.[44]

With respect to the third element, the government must prove beyond a reasonable doubt that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy. The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal. But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.[45]

Counts Two, Three, and Four: Wire Fraud[46]

Counts Two, Three, and Four of the indictment charge Quadrant Magnetics, LLC, Phil Pascoe, Scott Tubbs, and Monica Pascoe with wire fraud. For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant willfully[47] devised or intended to devise a scheme to defraud in order to deprive another of money or property, that is by misrepresenting and concealing China as the location of the melting of samarium–cobalt magnets produced for General Dynamics and the Department of Defense;

2. That the scheme included a material misrepresentation or concealment of a material fact;

3. That the defendant had the intent to defraud; and,

---

[44] Fed. Crim. Jury Instr. 6th Cir. 3.03 Defendant's Connection to the Conspiracy (2023 ed.).
[45] Fed. Crim. Jury Instr. 6th Cir. 3.04 Overt Acts (2023 ed.).
[46] Fed. Crim. Jury Instr. 6th Cir. 10.02 Wire Fraud (2023 ed.).
[47] *See United States v. Olive*, 804 F.3d 747, 753 (6th Cir. 2015).

4.   That the defendant used wire communications in foreign commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

A scheme to defraud includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

The term "in foreign commerce" includes wire, radio, or television communications which crossed a state line.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.


Count Five, Six, Seven, and Eight: Willfully Exporting Technical Data Without a License[48]

Counts Five, Six, Seven, and Eight of the indictment charge Quadrant Magnetics, LLC, Phil Pascoe, and Scott Tubbs with willfully exporting or attempting to export a defense article which appears on the United States Munitions List (part of the ITAR) without first obtaining a license. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.   That the defendant exported or attempted to export the defense article;
2.   That the defense article was listed on the United States Munitions List at the time of export;
3.   That the defendant did not first obtain a license for the export of the defense article; and,
4.   That the defendant acted willfully.

---

[48] Fed. Crim. Jury Instr. 7th Cir. 2778(c) (2023 ed.).

With respect to the first element, the government must prove the drawings of magnets for specific part numbers were defense articles beyond a reasonable doubt. You are instructed to only consider the drawings of the part numbers listed in the indictment. To prove that the drawings are defense article beyond a reasonable doubt, there are several things the government must prove.

First, the government must prove beyond a reasonable doubt that the drawings were indeed technical data, that is, that they were required for the design, development, production, manufacture, assembly, or operation of defense articles.[49]

Second, the government prove beyond a reasonable doubt that the drawings were directly related to a defense article described in the United States Munitions List category corresponding to each specific magnet part number alleged in the indictment.[50] For example, the indictment alleges that defendants exported technical data under Category XII(f) of the United States Munitions List, so the government must prove that the technical data was directly related to a defense article described in Category XII(f) of the United States Munitions List.

Third, the foregoing steps one and two reference an underlying "defense article" directly related to the drawings and which the drawings are necessary for. The government must prove beyond a reasonable doubt that this underlying defense article is a "specially designed" part, meaning that it is a part for use in or with another defense article described in the corresponding United States Munitions List category listed in the indictment.[51] A *part* is any single unassembled element of a major or a minor component, accessory, or attachment which is not normally subject to disassembly without the destruction or the impairment of designed use.[52] However, a part is *not* "specially designed" if it has the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is *not* on the United States Munitions List.[53] *Function* means the action(s) the part is designed to perform.[54] *Performance capability* is a measure of the part's effectiveness to perform a designated function in a given environment (e.g., measured in terms of speed, durability, reliability, pressure, accuracy, efficiency).[55] *Form* means the part's configuration (including the geometrically measured

---

[49] 22 C.F.R. § 120.33.
[50] *See* 22 C.F.R. § 121.1, Category XX(d), XII(f); 22 C.F.R. § 120.31; 22 C.F.R. § 120.33.
[51] 22 C.F.R. §§ 120.41(a)(2), 121.1 Category XX(d), XII(d).
[52] 22 C.F.R. § 120.40(e).
[53] 22 C.F.R. § 120.41(b)(3).
[54] 22 C.F.R. § 120.42(c).
[55] 22 C.F.R. § 120.42(d).

configuration), material, and material properties that uniquely characterize it.[56] *Fit* means the part or component's ability to physically interface or connect with or become an integral part of another commodity.[57] *Equivalent* means that a part's form has been modified solely for fit purposes.[58] *Production* means all production stages, such as product engineering, manufacture, integration, assembly (mounting), inspection, testing, and quality assurance, and includes serial production where commodities have passed production readiness testing (i.e., an approved, standardized design ready for large scale production) and have been or are being produced on an assembly line for multiple commodities using the approved, standardized design.[59] In short, the government must prove beyond a reasonable doubt that the part *is* "specially designed." That means that the government must also prove beyond a reasonable doubt that there is *not*, anywhere in the world, another part or component with the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is not on the United States Munitions List.

With respect to the second element, the government must prove beyond a reasonable doubt the following things. First, the government must prove that the Defendants exported the alleged defense article, meaning that they either actually shipped or transmitted them out of the United States, including the sending or taking of a defense article out of the United States in any manner; or released or otherwise transferred technical data to a foreign person in the United States.[60] A foreign person is any natural person who is not a U.S. citizen, lawful permanent resident, or refugee granted asylum; a foreign person is also any foreign corporation, organization, or government.[61] Second, the government must prove that at the time of the export, and not merely sometime thereafter, the alleged defense article was in fact a defense article on the United States Munition List.

With respect to the third element, the government must prove beyond a reasonable doubt that the defendants did not obtain a license from the U.S. Department of State permitting export of the defense article before exporting the defense article.

---

[56] 22 C.F.R. § 120.42(a).
[57] 22 C.F.R. § 120.42(b).
[58] 22 C.F.R. § 120.42(e).
[59] 22 C.F.R. § 120.43(b)(1).
[60] 22 C.F.R. § 120.50(a)(1), (2).
[61] 22 C.F.R. § 120.63.

With respect to the fourth element, in order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant voluntarily and intentionally violated a known legal duty not to export the alleged defense article. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew was unlawful, that is to say, with intent either to disobey or disregard the law. Negligent conduct, or conduct by mistake or accident, or with a good faith belief that the conduct was lawful, is not sufficient to constitute willfulness.[62] Further, it is not sufficient if the defendants were only aware of the generally unlawful nature of their actions; they must have known that the alleged defense articles at issue were specifically prohibited by the United States Munitions List from being exported.[63]

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## Count 9: Smuggling Goods from the United States[64]

Count 9 of the indictment charges Phil Pascoe, Scott Tubbs, and Quadrant Magnetics LLC with smuggling any merchandise, article, or object from the United States. For you to find the defendant guilty of smuggling any merchandise, article, or object from the United States, you must find the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant fraudulently or knowingly exported or sent from the United States any merchandise, article, or object;

2. That the exportation or sending was contrary to 22 U.S.C. § 2778(b)(2) and (c) and 22 C.F.R. §§ 121.1, 123.1, 127.1; and,

---

[62] *See United States v. Roth*, 628 F.3d 827, 831, 835 (6th Cir. 2011).

[63] *See United States v. Wenxia Man*, 891 F.3d 1253, 1268 (11th Cir. 2018). *Contra United States v. Roth*, 628 F.3d 827, 835 (6th Cir. 2011). The Sixth Circuit requires that the government prove only that defendants knew that their underlying action is unlawful. The Sixth Circuit should overrule *Roth* and follow the more stringent standard in *Wenxia Man* because the ITAR regulations are just the sort of highly technical, *malum prohibitum* rather than *malum in se* regulations that can trap the unwary and thus fall within the rule of *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994), and *Cheek v. United States*, 498 U.S. 192, 200 (1991), rather than the lower intent standard of *Bryan v. United States*, 524 U.S. 184, 191 (1998). Defendants thus offer this additional sentence giving the full and correct jury instruction to preserve that matter for appeal should they not be acquitted.

[64] Fed. Crim. Jury Instr. 9th Cir. 8.35A Smuggling or Attempting to Smuggle Goods from the United States (2019 ed.).

3.  That the defendant knew the exportation or sending was contrary to law or regulation.

Merchandise, articles, and objects refers solely to tangible, physical items. Electronic information, like an email or text message, is not merchandise, an article, or object. Exporting or sending is done fraudulently if it involves the misrepresentation or knowing concealment of a material fact.[65]

With respect to the second element, to show that the exportation was contrary 22 U.S.C. § 2778(b)(2) and (c) and 22 C.F.R. §§ 121.1, 123.1, 127.1 (part of the ITAR), the government must prove beyond a reasonable doubt that: (1) the defendant exported or attempted to export a defense article; (2) that the defense article was listed on the United States Munitions List at the time of export; (3) that the defendant did not first obtain a license for the export of the defense article; and (4) that the defendant acted willfully.

With respect to the first element, the government must prove the drawings of magnets for specific part numbers were defense articles beyond a reasonable doubt. You are instructed to only consider the drawings of the part numbers listed in the indictment. To prove that the drawings are defense article beyond a reasonable doubt, there are several things the government must prove.

First, the government must prove beyond a reasonable doubt that the drawings were indeed technical data, that is, that they were required for the design, development, production, manufacture, assembly, or operation of defense articles.[66]

Second, the government prove beyond a reasonable doubt that the drawings were directly related to a defense article described in the United States Munitions List category corresponding to each specific magnet part number alleged in the indictment.[67] For example, the indictment alleges that defendants exported technical data under Category XII(f) of the United States Munitions List, so the government must prove that the technical data was directly related to a defense article described in Category XII(f) of the United States Munitions List.

Third, the foregoing steps one and two reference an underlying "defense article" directly related to the drawings and which the drawings are necessary for. The government must prove beyond a reasonable doubt that this underlying defense article is a "specially designed" part,

---

[65] *See United States v. Matheny*, 42 F.4th 837, 843 (8th Cir. 2022).
[66] 22 C.F.R. § 120.33.
[67] *See* 22 C.F.R. § 121.1, Category XX(d), XII(f); 22 C.F.R. § 120.31; 22 C.F.R. § 120.33.

meaning that it is a part for use in or with another defense article described in the corresponding United States Munitions List category listed in the indictment.[68] A *part* is any single unassembled element of a major or a minor component, accessory, or attachment which is not normally subject to disassembly without the destruction or the impairment of designed use.[69] However, a part is *not* "specially designed" if it has the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is *not* on the United States Munitions List.[70] *Function* means the action(s) the part is designed to perform.[71] *Performance capability* is a measure of the part's effectiveness to perform a designated function in a given environment (e.g., measured in terms of speed, durability, reliability, pressure, accuracy, efficiency).[72] *Form* means the part's configuration (including the geometrically measured configuration), material, and material properties that uniquely characterize it.[73] *Fit* means the part or component's ability to physically interface or connect with or become an integral part of another commodity.[74] *Equivalent* means that a part's form has been modified solely for fit purposes.[75] *Production* means all production stages, such as product engineering, manufacture, integration, assembly (mounting), inspection, testing, and quality assurance, and includes serial production where commodities have passed production readiness testing (i.e., an approved, standardized design ready for large scale production) and have been or are being produced on an assembly line for multiple commodities using the approved, standardized design.[76] In short, the government must prove beyond a reasonable doubt that the part *is* "specially designed." That means that the government must also prove beyond a reasonable doubt that there is *not*, anywhere in the world, another part or component with the same function, performance capabilities, and the same or equivalent form and fit as a commodity that is or was in production and is not on the United States Munitions List.

With respect to the second element, the government must prove beyond a reasonable doubt the following things. First, the government must prove that the Defendants exported the alleged

---

[68] 22 C.F.R. §§ 120.41(a)(2), 121.1 Category XX(d), XII(d).
[69] 22 C.F.R. § 120.40(e).
[70] 22 C.F.R. § 120.41(b)(3).
[71] 22 C.F.R. § 120.42(c).
[72] 22 C.F.R. § 120.42(d).
[73] 22 C.F.R. § 120.42(a).
[74] 22 C.F.R. § 120.42(b).
[75] 22 C.F.R. § 120.42(e).
[76] 22 C.F.R. § 120.43(b)(1).

defense article, meaning that they either actually shipped or transmitted them out of the United States, including the sending or taking of a defense article out of the United States in any manner; or released or otherwise transferred technical data to a foreign person in the United States.[77] A foreign person is any natural person who is not a U.S. citizen, lawful permanent resident, or refugee granted asylum; a foreign person is also any foreign corporation, organization, or government.[78] Second, the government must prove that at the time of the export, and not merely sometime thereafter, the alleged defense article was in fact a defense article on the United States Munition List.

With respect to the third element, the government must prove beyond a reasonable doubt that the defendants did not obtain a license from the U.S. Department of State permitting export of the defense article before exporting the defense article.

With respect to the fourth element, in order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant voluntarily and intentionally violated a known legal duty not to export the alleged defense article. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew was unlawful, that is to say, with intent either to disobey or disregard the law. Negligent conduct, or conduct by mistake or accident, or with a good faith belief that the conduct was lawful, is not sufficient to constitute willfulness.[79] Further, it is not sufficient if the defendants were only aware of the generally unlawful nature of their actions; they must have known that the alleged defense articles at issue were specifically prohibited by the United States Munitions List from being exported.[80]

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

---

[77] 22 C.F.R. § 120.50(a)(1), (2).
[78] 22 C.F.R. § 120.63.
[79] *See United States v. Roth*, 628 F.3d 827, 831, 835 (6th Cir. 2011).
[80] *See United States v. Wenxia Man*, 891 F.3d 1253, 1268 (11th Cir. 2018). *Contra United States v. Roth*, 628 F.3d 827, 835 (6th Cir. 2011). The Sixth Circuit requires that the government prove only that defendants knew that their underlying action is unlawful. The Sixth Circuit should overrule *Roth* and follow the more stringent standard in *Wenxia Man* because the ITAR regulations are just the sort of highly technical, *malum prohibitum* rather than *malum in se* regulations that can trap the unwary and thus fall within the rule of *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994), and *Cheek v. United States*, 498 U.S. 192, 200 (1991), rather than the lower intent standard of *Bryan v. United States*, 524 U.S. 184, 191 (1998). Defendants thus offer this additional sentence giving the full and correct jury instruction to preserve that matter for appeal should they not be acquitted.

**Defense Theory**[81]

That concludes the part of my instructions explaining the elements of the crimes. Next I will explain the defendants' position.

The defense says _____.

**On or About**[82]

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that Count 1: Conspiracy, happened from "on or about" January 1, 2012 until "on or about" December 2018. The indictment charges that Counts 2, 3, and 4: Wire Fraud, happened "on or about" between August 2017 to November 2018. The indictment charges that Count 5: Exporting Technical Data Without a License, happened "on or about" January 10, 2018. The indictment charges that Count 6: Exporting Technical Data Without a License, happened "on or about" January 15, 2018. The indictment charges that Count 7: Exporting Technical Data Without a License, happened from at least August 16, 2017 through "on or about" October 25, 2018. The indictment charges that Count 8: Exporting Technical Data Without a License, happened "on or about" November 20, 2017. The indictment charges that Count 9: Smuggling Goods from the United States, happened from at least August 16, 2017 through "on or about" October 25, 2018.

The government does not have to prove that the crime happened on the exact dates. But the government must prove that the crimes happened reasonably close to those dates.

**Concluding Instructions**[83]

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

---

[81] Fed. Crim. Jury Instr. 6th Cir. 6.01 Defense Theory (2023 ed.).
[82] Fed. Crim. Jury Instr. 6th Cir. 2.04 On or About (2023 ed.).
[83] Fed. Crim. Jury Instr. 6th Cir. 8.01 Introduction (2023 ed.).

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond to them as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### Unanimous Verdict[84]

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count. To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt. To find him or her not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### Duty to Deliberate[85]

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that the other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

---

[84] Fed. Crim. Jury Instr. 6th Cir. 8.03 Unanimous Verdict (2023 ed.).
[85] Fed. Crim. Jury Instr. 6th Cir. 8.04 Duty to Deliberate (2023 ed.).

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Dated: February 26, 2024

By:   */s/ John Brownlee*

John L. Brownlee (*pro hac vice*)
William F. Gould (*pro hac vice*)
Timothy J. Taylor (*pro hac vice*)
Caitlin A. Eberhardt (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com

*Counsel for Quadrant Magnetics, LLC*

*/s/  Kent Wicker (with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/  Patrick Renn (with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/  Scott Cox (with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2024, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

/s/ *John Brownlee*