UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Criminal No.   3:22-CR-88-DJH |
| | ) |
| | ) |
| PHIL PASCOE, *et al*. | ) |
| | ) |
| Defendants. | ) |

**MOTION IN LIMINE TO EXCLUDE REFERENCES TO
DEFENDANT PHIL PASCOE AS "PRESIDENT" OF QUADRANT MAGNETICS**

The indictment charges criminal conduct from "on or about January 1, 2012 . . . [to] on or about December 2018 . . . ."  (Second Superseding Indictment, Doc. 73, PageID #: 455, ¶ 6.) Defendant Phil Pascoe served as Vice-President of Operations of Quadrant Magnetics, LLC for the vast majority of this time, being elevated to the role of president in October 2018.  (*Id.* at ¶ 3.) Although the government can certainly elicit testimony about the different roles in which Mr. Pascoe served, it would be both misleading and prejudicial for the government to describe him as "president" of Quadrant Magnetics.  Accordingly, Mr. Pascoe hereby moves *in limine* to prohibit the government from improperly referring to him as president of Quadrant Magnetics throughout the course of trial.

Argument

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403. In this respect, the government should be precluded from referring to Pascoe as president for no less than four reasons.

First, the reference is not probative. Looking to the very meaning of "probative," it is clear that the government's use of "president" does not meet the definition: probative means "[t]ending to prove or disprove." BLACK'S LAW DICTIONARY (11th ed. 2019). Here, the government's unduly broad use of "president" will not prove or disprove anything. In *United States v. Bilderbeck*, the Sixth Circuit acknowledged the significance of the "probative force" of evidence. 163 F.3d 971, 978 (6th Cir. 1999) (internal citation omitted). In this case, there is no probative force to be found in the government's mischaracterization of Mr. Pascoe's role at Quadrant Magnetics during the relevant timeframe. Here, if the government generally refers to Mr. Pascoe as president, "the risk of unfair prejudice [will] eviscerate[] any purported probative value." *United States v. Hazelwood*, 979 F.3d 398, 402 (6th Cir. 2020).

Second, to allow the government to overarchingly refer to Mr. Pascoe as "president" of Quadrant Magnetics would be misleading and unfairly prejudicial. Unfair prejudice "'refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014) (internal citations omitted). As noted above, the indictment spans roughly seven years, but Mr. Pascoe was president for only three months at end of this period— roughly 3 percent of the indictment period. (*See* Doc. 73, PageID #: 455, ¶ 6.) Allowing the government to portray Mr. Pascoe as the leader of the company may result in a decision from the jury based on considerations that are improper. Such a blatant misstatement of fact will invariably lead to an "improper basis" decision—the very type of decision Rule 403 is designed to prevent. *Cf. United States v. Avery*, 851 Fed.Appx. 547, 556 (6th Cir. 2021) (noting how the defendant made "broad[] claims" and never specified the misleading components, thus falling out of accord with Rule 403);

*United States v. Cosgrove*, 637 F.3d 646, 660-61 (6th Cir. 2011) (holding that Rule 403 justified the exclusion of expert testimony on grounds that included the potential misleading of the jury); *see also United States v. Norwood*, 16 F.Supp.3d 848, 865 (E.D. Mich. 2014) (applying Rule 403 to avoid a "muddling of … concepts").

If Mr. Pascoe's role at Quadrant Magnetics is misrepresented, the result will objectively contravene Rule 403.  *See Vasquez v. Leprino Foods Co.*, Case No. 1:17-cv-00796-AWI-BAM, 2023 WL 2167245, at *5 (E.D. Cal. Feb. 22, 2023) (opining that "referring to a Group Leader as having the job title 'Supervisor' when he or she did not actually have that official title would be improper" on grounds that "[s]uch a reference would be untrue and thus not probative to Plaintiffs' … claim, and it would confuse the issues, mislead the jury, and be unfairly prejudicial . . . ."); *King v. Mason*, Case No. 2:18-cv-1060, 2023 WL 183957, at *7 (S.D. Ohio Jan. 13, 2023) (holding that an officer defendant's "later reassignment [of duty] is not probative of his earlier actions" and that "such evidence could be highly prejudicial and is excludable under Rule 403").

Finally, the type of prejudice is not something that can be cured with a limiting instruction. When a court determines if evidence is unduly prejudicial, it "consider[s] whether a limiting instruction can mitigate the risk of prejudice."  *See United States v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018) (citing *United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007)).  However, the Sixth Circuit has noted that "sometimes[,] evidence is so prejudicial that the risk of a jury's improper use of the evidence cannot be quashed by a judge's instructions."  *Asher*, 910 F.3d 854 at 862. Here, if the jury spends the course of the trial listening as Mr. Pascoe is incorrectly referred to as president of Quadrant Magnetics, prejudice of the insurmountable sort is bound to follow.

<u>Conclusion</u>

For the foregoing reasons, Mr. Pascoe moves this Court to prohibit the government from referring to him as the president of Quadrant Magnetics.  Such references are devoid of probative value, and even further, will subject Mr. Pascoe to undue prejudice.  For Mr. Pascoe to be depicted accurately, the facts must be presented correctly.  He did not even serve as president of Quadrant Mechanics until October 2018—a time that relates to, at the most, three months of the nearly seven-year span of conduct covered by the Second Superseding Indictment.  Thus, any references to the contrary will be devoid of probative value, and even further, will subject Mr. Pascoe to undue prejudice.

Respectfully submitted,

<u>/s/ Kent Wicker</u>
Kent Wicker
Kayla M. Campbell
Wicker / Brammell PLLC
323 West Main Street, 11th Floor
Louisville, Kentucky 40202
Telephone: (502) 780-6185

*Counsel for Defendant Phil Pascoe*

4

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing was served on all counsel of record by electronic filing this March 4, 2024.

<u>/s/ Kent Wicker</u>
Kent Wicker