**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No.  3:22-CR-88-DJH |
| ) | |
| ) | |
| PHIL PASCOE, *et al*. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE**
**REFERENCES TO DOCUMENT DESTRUCTION**

Defendants Quadrant Magnetics LLC ("Quadrant"), Phil Pascoe, Scott Tubbs, and Monica Pascoe (collectively, "Defendants"), respectfully request that the Court exclude any evidence, testimony, or argument referencing or relating to GE Aviation's request that Quadrant "destroy documents" on the grounds that it is both irrelevant and unfairly prejudicial. To be clear, the Defendants are *not* charged with obstruction of justice, and the evidence relevant to destroying documents shows only that Quadrant was following their customer's orders. As any reference to "document destruction" would likely lead the jury to make an adverse or negative inference related to guilt and it is clearly more prejudicial than probative, any such evidence must be excluded.

Background

In early October 2017, almost five years before the government charged the Defendants in this case, GE Aviation requested that Quadrant "destroy/shred any documents or emails pertaining to magnet information that maybe have been supplied" to Chinese suppliers. (*See* USA-069993-

95 attached hereto as Exhibit A). As the email correspondence shows, GE Aviation was adamant in its request, believing (wrongly) that there was a prohibition in sending the information to Chinese personnel. It followed up four times in less than a month after its initial request—repeatedly asking Defendant Scott Tubbs to confirm that the documents were "destroyed." Finally, on November 2, 2017, Mr. Tubbs told GE Aviation that all document pertaining to GE Aviation, including internal drawings, prints, and instructions, had been removed from Quadrant's facility in China. In this way, the Defendants acted at GE Aviation's request to mitigate any potential harm, not to avoid detection of unlawful activity. Any unfair suggestion that these efforts were made by the Defendants in an attempt to obstruct justice or to hide their conduct should not be permitted, because it would be unfairly prejudicial in violation of Fed. R. Evid. 403.

Argument

Even if evidence related to the requested "document destruction" was relevant, any possible probative value is substantially outweighed by the danger of unfair prejudice. There are just a few emails out of over a *hundred thousand* documents that have been produced in discovery discussing GE Aviation's request that Quadrant "destroy" documents related to magnets. Even if the Court found that this negligible evidence was relevant, its minimal probative value is outweighed by its inherently unfairly prejudicial effect. Rule 403 requires the trial court to weigh the probative value of evidence offered by one party against the danger the evidence will unfairly prejudice the other party. Fed. R. Evid. 403. Admission of this evidence could cause the jury to render a verdict based on an improper basis and consider charges or allegations that have not been brought by the government.

"Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a

decision on an improper basis." *United States v. Talley*, 164 F.3d 989, 1000 (6th Cir. 1999) (citing *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir.1993)). Here, the Defendants have not been charged with 18 U.S.C. § 1512, § 1503, or any other charge related to obstruction of justice (likely because the government understands that the Defendants were simply following their customer's instructions). There was no intent to impair any official proceedings or hide their conduct. In fact, the Defendants had no reason to believe there was a pending investigation in late 2017. Instead, the Defendants acted at GE Aviation's request to mitigate any potential harm. Thus, presenting this irrelevant evidence creates an unfair suggestion that the Defendants acted in an attempt to obstruct justice or to hide their conduct. Those unfair, misleading, and false suggestions could lead the jury to assume an adverse or negative inference of guilt based upon the destruction of documents, and it may cause the jury to punish the Defendants for an act for which they are not charged.[1]

This case is similar to *United States v. Skeddle*, where the district court excluded altered document evidence because the probative value was *slight* and the potential prejudice was *very substantial* to the defendants. 981 F. Supp. 1074, 1077-78 (N.D. Ohio 1997) (emphasis added). There, the *Skeddle* court focused heavily on the timing of the alteration. *Id*. at 1078. Here, the Court should exclude evidence of the document destruction for the same reasons. Quadrant's decision to destroy documents was made *before* it had notice of any investigation or official proceeding, and almost five years before any indictment was issued by the government. Furthermore, evidence of the fact that Mr. Tubbs destroyed documents at GE Aviation's request

---

[1] As the record reflects, that government has not signaled that it intends to introduce this evidence or request a spoliation instruction against the Defendants. (*See* R. 130, United States' Proposed Jury Instructions.) Nonetheless, this motion is filed out of an abundance of caution because the government produced some communications related to this subject.

3

cannot be admitted to prove consciousness of the Defendants' guilt because the email correspondence shows there was no nefarious reason for the destruction. Quadrant was simply following GE Aviation's instructions. Nothing in the email correspondence could lead a reasonable juror to believe that Quadrant acted with the intent to hide their actions. As such, similar to *Skeddle*, the potential prejudice of the "document destruction" evidence to the Defendants is extremely high, and the probative value is, at best, somewhat dubious. *Id*. at 1078.

## Conclusion

The Defendants are not charged with obstruction of justice. As such, the admission of evidence, testimony, or argument referencing or relating to the destruction of documents at the request of GE Aviation would distract the jury from the question at hand and unfairly prejudice the Defendants. Accordingly, the Defendants respectfully request that such evidence (including the email correspondence), testimony or argument must be excluded from trial.

Respectfully submitted,

*/s/ Kent Wicker*
Kent Wicker
Kayla M. Campbell
Wicker / Brammell PLLC
323 West Main Street, 11th Floor
Louisville, Kentucky 40202
Telephone: (502) 780-6185
*Counsel for Defendant Phil Pascoe*

*/s/ John Brownlee (with permission)*
John L. Brownlee *(pro hac vice)*
William F. Gould *(pro hac vice)*
Timothy Taylor *(pro hac vice)*
Caitlin Eberhardt *(pro hac vice)*
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201

4

> T: 703.720.8053
> F: 703.720.8610
> John.Brownlee@hklaw.com
> William.Gould@hklaw.com
> Timothy.Taylor@hklaw.com
> Caitlin.Eberhardt@hklaw.com
> *Counsel for Quadrant Magnetics, LLC*
>
> */s/ Patrick Renn (with permission)*
> Patrick J. Renn
> Smith & Helman
> 600 W. Main Street, Suite 100
> Louisville, KY 40202
> 502-540-5700
> Fax: 502-568-3600
> prenn@600westmain.com
> *Counsel for Scott Tubbs*
>
> */s/ Scott Cox (with permission)*
> Scott C. Cox
> Cox & Mazzoli, PLLC
> 600 W. Main Street, Suite 300
> Louisville, KY 40202
> 502-589-6190
> 502-584-1744
> CoxECF@aol.com
> *Counsel for Monica Pascoe*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was served on all counsel of record by electronic filing this March 4, 2024.

> */s/ Kent Wicker*
> Kent Wicker