UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **United States of America** <br><br> v. <br><br> **Quadrant Magnetics LLC et al.** | No. 3:22-CR-88-DJH |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT DRAWINGS**

Defendants Quadrant Magnetics LLC ("Quadrant"), Monica Pascoe, Phil Pascoe, and Scott Tubbs (collectively, "Defendants") file this motion in limine to exclude evidence concerning part numbers (and related drawings) other than those specifically identified in the counts of the Second Superseding Indictment (indictment). The indictment puts only *seven* magnet part numbers at issue, and admission of evidence about others has no bearing on them except as propensity evidence prohibited by Federal Rule of Evidence 404(b).

Even if drawings for part numbers that Defendants are *not* charged with exporting had any non-prohibited probative value in proving Defendants exported other *completely unrelated* part numbers, they should still be excluded. Any minimal probative value would clearly be outweighed by the Rule 403 factors, including unfair prejudice, confusing the issues, and needlessly presenting cumulative evidence. For the same reasons, Defendants also seek to exclude any drawing for a magnet part number for which the government did not request a Commodity Jurisdiction Determination ("CJD").[1] As none of these extra-indictment drawings should be introduced for any purpose, the Court should grant Defendants' motion in limine.

---

[1] By filing this motion in limine, Defendants do not withdraw or waive their arguments that the government's CJDs should be excluded in their entirety as inadmissible hearsay nor their argument that the CJDs should be excluded as irrelevant post-hoc determinations that pose a danger of confusing the issues and misleading the jury. (*See* D.N. 90; D.N. 118.) Defendants unequivocally maintain that the CJDs—conclusory, hearsay statements—have no probative value in proving that Quadrant's drawings are on the United

## BACKGROUND

The indictment alleges that Defendants exported "approximately seventy drawings" in violation of U.S. export laws. (D.N. 73, PageID.455.) However, the indictment's counts identify only *seven* part numbers as constituting the crimes in this case:

| COUNT | PART NUMBER |
|---|---|
| Count 1 (Conspiracy) | 36B423718P1<br>FP24018<br>1500P-1002<br>10500B-1022<br>6000U-1002<br>100101<br>3730D-1012 |
| Count 2 (Wire Fraud) | PN 6000U-1002 |
| Count 3 (Wire Fraud) | PN 100101 |
| Count 4 (Wire Fraud) | PN 6000U-1002 |
| Count 5 (ITAR) | PN 1500P-1002 |
| Count 6 (ITAR) | PN 10500B-1022 |
| Count 7 (ITAR) | PN 6000U-1002 |
| Count 8 (ITAR) | PN 100101 |
| Count 9 (Smuggling) | PN 6000U-1002 |

In discovery, the government has produced drawings for several part numbers not referenced in the indictment and over forty CJDs and underlying CJD documents for magnet part numbers not identified in the indictment. This raises great concern that the government will attempt to

---

States Munitions List (USML). Defendants file this motion in limine out of an abundance of caution should the Court deny Defendants' D.N. 90 motion or find that the CJDs are otherwise admissible. If the Court finds the CJDs admissible, Defendants of course maintain their objection that they are not but, alternatively, file this motion in limine to exclude drawings for which the government did not request CJDs for the reasons stated in this motion.

introduce irrelevant or otherwise inadmissible drawings—drawings of which Defendants have no real notice under the indictment—and, as such, Defendants file this motion in limine.[2]

## ARGUMENT

**1. The Court should exclude evidence of drawings for magnet part numbers not referenced in the indictment as irrelevant to proving any of the charges against Defendants, including conspiracy.**

Evidence is relevant only if it has any tendency to make a fact of consequence in determining the action more or less probable. Fed. R. Evid. 401. "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). While each piece of evidence need not "directly prove or disprove an element of the offense," evidence "must at least be 'a step on one evidentiary route to the ultimate fact.'" *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 179 (1997)). Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Any drawings for part numbers not mentioned in the indictment here are irrelevant because they do not go towards proving the "ultimate fact"; that Defendants willfully exported drawings for a *specific* part number at a *specific* time in violation of the ITAR as described in the indictment's counts. This is so even *assuming* that the government could introduce evidence showing that the alleged export of drawings not mentioned in the indictment did indeed constitute ITAR violations. Even if the government could meet its burden to show this, the drawings would ultimately be irrelevant to proving Defendants unlawfully exported the drawings for the part numbers actually alleged in the indictment.

---

[2] Defendants expressed this concern to the government in a February 8, 2024 letter, which requested that the government identify the magnets it intends to use at trial. As of the date of this motion's filing, the government has not answered this request or otherwise indicated which magnets it believes are at issue.

3

Despite this, the government appears to believe it can introduce evidence of such drawings as "direct evidence of the conspiracy" or as "inextricably intertwined" with the conspiracy. (D.N. 129, PageID.1732–33.) It is not "direct evidence" of the conspiracy charge. The conspiracy count is limited to the objects of the conspiracy, its manner-and-means, and the overt acts presently alleged in the indictment.[3] The indictment's overt acts (other than a boilerplate "including, but not limited to" reference) encompass only *seven* magnet part numbers. Notwithstanding the indictment's vague reference to seventy (unknown) drawings, the indictment makes no indication or allegation that any of these seventy drawings involved part numbers beyond the seven listed in the indictment or the intended use of the magnets depicted in the unknown drawings. Nor are the drawings "inextricably intertwined" with the conspiracy count. Such evidence is admissible only as "background evidence," which "contains inherent limitations." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). One of these limitations is that the telling of this "background" must be "necessary to complete the story of the charged offense." *Id.* (citations omitted). Evidence of other magnet parts not listed in the indictment is not necessary to complete the conspiracy "story" as to whether Defendants illegally exported the seven magnets actually identified in the indictment, including in its conspiracy count. Whether Defendants sent a magnet drawing out of the country, whether it was ITAR-controlled at the time, and whether Defendants had a license, are all discrete questions that can be answered on a magnet-by-magnet basis. Each magnet story has its own beginning, middle, and end, independent of any other activity.

---

[3] The government can only introduce overt acts not specified in the indictment "so long as there is no prejudice to the defendant." *United States v. Rios*, 830 F.3d 403, 427 (6th Cir. 2016). For the reasons explained further below concerning unfair prejudice and lack of notice to Defendants, the government should not be permitted to introduce evidence of other overt acts. This is so even if the government can overcome the other evidentiary arguments asserted in this motion as to why evidence of magnet parts not referenced in the indictment should be excluded.

Because drawings of part numbers not listed in the indictment are not relevant to proving any of the indictment's counts, including conspiracy, the drawings not referenced in the indictment have no probative value.

2. **The Court should also exclude drawings not referenced in the indictment because they could only be introduced as evidence of "other acts" by Defendants and thus are inadmissible character evidence.**

Evidence of "other acts" is irrelevant and inadmissible if such evidence would only be probative of a defendant's character. *United States v. Haywood*, 280 F.3d 715, 719–20 (6th Cir. 2002); Fed. R. Evid. 404(b). The Sixth Circuit applies a three-step process for determining whether "other acts" are admissible for a purpose other than character. *Accord Haywood*, 280 F.3d at 719–20.

> The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred. . . . If so, the district court must decide whether the evidence of the other act is "probative of a material issue other than character. . . . Finally, if the evidence is probative of a material issue other than character, the district court must decide whether the "probative value of the evidence is substantially outweighed by its potential prejudicial effect."

*Id.* at 720 (cleaned up). In addition to unfair prejudice, Rule 404(b) evidence is "subject to the [other requirements] of Rule 403." *United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008).

Neither the first nor third step is satisfied here, and Defendants explained above why the government also would fail under step two. As to the first step, there is not sufficient evidence that the other act in question actually occurred. For there to be sufficient evidence that the other act in question occurred, i.e., that Defendants transmitted a drawing for a magnet part number in violation of the ITAR, the government would have to present proof "sufficiently compelling such that 'the jury can reasonably conclude that the act occurred and that the defendant was the actor.'" *United States v. Carney*, 387 F.3d 436, 452 (6th Cir. 2004) (citation omitted). In this case, that would require the government to go through all the necessary steps to show that *each* magnet part

5

number not alleged in the indictment was on the USML. This unequivocally must include a showing that the government diligently searched for and conclusively established that there was not a commercial equivalent to any of the magnet part numbers anywhere in the world. The government has not indicated it can produce "sufficiently compelling" evidence of such proof nor any proof at all, nor is it likely it could. Because the government cannot satisfy the first step, the evidence is not admissible under Rule 404(b). Even if the government satisfied the first and second steps, such evidence would still be inadmissible as substantially outweighed by the Rule 403 factors. That is explained next.

> 3. **Alternatively, the Court should exclude the evidence of drawings not referenced in the indictment as needlessly cumulative, confusing, unfairly prejudicial, and a waste of time.**

Even if these drawings somehow have probative value, or the government satisfied the first two steps of admissibility under Rule 404(b), these drawings should still be excluded because their "probative value is substantially outweighed by the danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, . . . wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Bell*, 516 F.3d at 440 ("Admission of evidence under Rule 404(b) is also subject to the requirements of Rule 403.").

Evidence is unfairly prejudicial if it has the "undue tendency to suggest a decision based on improper considerations." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018); *see United States v. Hamilton*, 574 F. Supp. 3d 461, 468 (E.D. Mich. 2021) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of . . . relevant evidence to lure the factfinder into declaring guilt on a ground *different from proof specific to the offense charged*." (quoting *Old Chief*, 519 U.S. at 180) (emphasis added)). Cumulative evidence is "[a]dditional evidence that supports a fact established by the existing evidence," especially "that which does not need further

support." *United States v. Collins*, No. 19-cr-20685, 2022 WL 265946, at *11 (E.D. Mich. Jan. 27, 2022) (citing Evidence, *Black's Law Dictionary* 11th ed. 2019)); *see also Old Chief*, 519 U.S. at 185 (explaining that the probative worth of evidence is impacted by the existence or availability of other evidence on the same issue).

### a. Unfair Prejudice

If the Court finds the drawings have any probative value, they should still be excluded. First, admitting them would pose unfair prejudice to Defendants because this evidence could lead the jury to convict Defendants for acts not alleged in the indictment, which is an improper purpose. *See Hamilton*, 574 F. Supp. 3d at 468.

Also inherently prejudicial is Defendants' lack of notice about the magnet part numbers the government intends to introduce. Put differently, introducing these magnets would violate Defendants' entitlement to fair notice of the charges against them. A fundamental purpose of the indictment is to give notice to the defendant of the charges it will face at trial. *See United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005) ("[C]riminal charges must give a defendant adequate notice of the charges in order to enable him to mount a defense." (citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962)). While the indictment here references a specific magnet part number corresponding to each indictment count, the indictment also makes a vague reference to "approximately seventy" different drawings over the course of six years. (D.N. 73, PageID.455.) That vague reference over a half-decade span, without identifying which specific drawings the government views as ITAR-controlled, does not apprise Defendants of the part numbers (beyond those explicitly listed in the indictment) or the particular acts of transmission that the government believes are at issue, much less of which evidence the government intends to introduce at trial.

Although Defendants should not have needed to do so, in an attempt to assuage this lack of notice, Defendants sent a February 8, 2024 letter to the government requesting that the government identify which magnets it intends to use at trial. As of this motion's filing—less than a month before trial—the government has failed to respond and has not provided Defendants with the requisite notice concerning which magnet parts it seeks to introduce. Indeed, not even the government's trial memorandum sheds light on this issue, making only a vague reference to "additional transmissions of technical data" it may seek to introduce. (D.N. 129, PageID.1732.) It would thus be fundamentally unfair and prejudicial to Defendants to now allow the government to introduce evidence of magnet part numbers not specifically identified in the indictment.

### b. Remaining Rule 403 Factors

The other Rule 403 factors also weigh in favor of exclusion. Introducing evidence of magnet part numbers not referenced in the indictment—especially when the indictment specifies specific magnet part numbers for each specific count in the indictment—poses a severe danger of misleading the jury and confusing what magnet parts Defendants are actually indicted for.

Next, if the Court were to find that the drawings support a fact at issue, introducing them would also be needlessly cumulative and a waste of time. The government already has drawings of at least six of the seven part numbers alleged in the indictment it can introduce.[4] Additional drawings are unnecessary. *See Collins*, 2022 WL 265946, at *11 (concluding two years of tax returns needlessly cumulative because five other years of tax returns would be introduced). This is particularly obvious considering the government's apparent intent to introduce an undisclosed amount of "additional transmissions of technical data" as additional overt acts in furtherance of the conspiracy count. (*See* D.N. 129, PageID.1732.) For a conspiracy brought under 18 U.S.C.

---

[4] Defendants do not waive other objections they may have concerning the admissibility of drawings that are actually alleged in the indictment.

§ 371, the government need only prove that one of the alleged co-conspirators did *one* overt act in furtherance of the conspiracy. *See United States v. Harris*, 200 F. App'x 472, 517 (6th Cir. 2006). Evidence beyond those overt acts explicitly stated in the indictment—the only ones of which Defendants had notice—would be needlessly cumulative. This would also be a waste of time, as the government would have to prove several complex elements as to *each* magnet part introduced when it is not necessary or helpful to do so.

In sum, drawings not alleged in the indictment are not probative of the counts alleged in the indictment. At best, they are only prohibited propensity evidence of "other acts." Even if they had valid probative value, such value is so minimal that it is clearly outweighed by the Rule 403 factors. The Court should exclude drawings for part numbers not alleged in the indictment.

4. **The Court also should exclude evidence of drawings for which the government did not request CJDs as needlessly cumulative, confusing to the jury, and unfairly prejudicial.**

The drawings for which the government did not request CJDs are not relevant because the alleged export of these drawings is also not referenced in the indictment, nor do these drawings correspond to any of the indictment's counts. (*See* D.N. 73.) Even if the Court found these drawings relevant (subject to Defendants' other motion, (*see* D.N. 90; D.N. 118)), the probative value is so minimal that it is easily outweighed by unfair prejudice, a danger of confusing the issues, and being needlessly cumulative. *See* Fed. R. Evid. 403.

For the reasons already stated concerning other drawings not alleged in the indictment, drawings for which the government did not request CJDs would unfairly prejudice Defendants and confuse the issues. For example, if the government contends the CJDs are necessary to proving ITAR violations, introducing drawings for which there are no CJDs would not be helpful to even the government, would waste time, and would confuse the jury about what must be shown to prove a magnet is on the USML. Such drawings would also be needlessly cumulative for the same

9

reasons stated above concerning other part numbers not referenced in the indictment—the government has drawings of magnets for at least six of the seven part numbers listed in the indictment that it can introduce to attempt to prove the indictment's counts. *See Collins*, 2022 WL 265946, at *11. Moreover, while Defendants maintain their objection that the CJDs that do state magnets are subject to the ITAR are not relevant and are inadmissible, a CJD may also state that magnets are *not* subject to the ITAR. The government's failure to request CJDs for drawings it potentially seeks to introduce deprives Defendants of "potentially exculpatory evidence," making the probative value further outweighed by their cumulative nature. *See id.* (excluding cumulative evidence because government was unable to provide IRS forms potentially showing defendant's compliance with tax laws).

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant Defendants' motion in limine and exclude evidence concerning part numbers (and related drawings) other than those specifically identified in the indictment. Defendants also respectfully request that the Court exclude any reference to or evidence of drawings of magnets for which the government did not request a CJD, subject to the above-mentioned objection that the CJDs themselves are inadmissible hearsay and wholly irrelevant to the charges at issue. *See supra* n.1.

Dated: March 4, 2024                    By:    */s/ John Brownlee*

                                                    John L. Brownlee (*pro hac vice*)
William F. Gould (*pro hac vice*)
Timothy J. Taylor (*pro hac vice*)
Caitlin A. Eberhardt (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com
*Counsel for Quadrant Magnetics, LLC*

*/s/ Kent Wicker (with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/ Scott Cox (with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, the foregoing motion was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

/s/ *John Brownlee*