UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:22-CR-88-DJH
                                                      ***Filed Electronically***

QUADRANT MAGNETICS, LLC et al.

### MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CHARGING DECISIONS

The United States moves *in limine* to preclude the defendants from introducing evidence, including during cross-examination of government witnesses, and making any arguments regarding government charging decisions and selective prosecution.  Evidence regarding the government's charging decisions has no tendency to make any matter of consequence to the determination of the action more or less probable. *See* Fed. R. Evid. 401.

To the extent any of the defendants intend to introduce evidence that victims, General Electric Aviation Systems (GEAS) or General Dynamics Ordnance and Tactical Systems (General Dynamics) or employees of either company, were complicit or should have been charged, such evidence should be excluded.   The only logical purpose of this type of evidence is to argue, either explicitly or implicitly, that these companies or individuals were aware that the defendants unlawfully sent GEAS or General Dynamics' technical drawings to China or that the defendants unlawfully made the magnets in China that GEAS and General Dynamics purchased and thus the United States should have charged them criminally.

The defendants may believe that GEAS and General Dynamics or its employees also should have been charged, but government charging decisions are irrelevant to the issues in this trial, and are more prejudicial than probative.  *See United States v. Carneglia*, 2009 WL 185725,

1

*1 (E.D.N.Y. Jan. 27, 2009) ("the government's charging decisions are not proper subjects for cross-examination and argument") (citing *United States v. Re*, 401 F.3d 828, 832 (7th Cir. 2005)); *United States v. Callahan*, 2014 WL 535690, at *2 (N.D. Oh. Feb. 7) (arguments relating to government charging decisions are "irrelevant and would only serve to confuse and mislead the jury and waste the Court's time"). Whether or not the defendants or anyone else have been charged with other crimes is irrelevant to whether the defendant committed the crimes charged in the indictment. See, *e.g., United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (citing Fed. R. Evid. 401).

The Sixth Circuit's Pattern Jury Instructions adopt this position. Instructions 2.01(3) and 8.08(2) both state that "whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way."

Besides lacking any relevance, such evidence carries great danger of unfair prejudice and confusion of the issues because it has an undue tendency to suggest decision on improper bases. The jury might improperly second guess the government's charging decisions for the defendants based on its perception of the relative merits of potential charges against other companies or persons. For a jury to decide the case on any basis other than the facts and the law constitutes jury nullification.

Defendants should also be precluded from presenting evidence or making arguments relating to selective prosecution. "As long as the prosecutor has probable cause to believe that an accused has committed an offense . . . decisions regarding whether to prosecute and what charges to file generally rest entirely within the prosecutor's discretion." *United States v. Darwich*, 574

Fed. App'x 582, 589 (6th Cir. 2014) (citing *United States v. Brimite*, 102 Fed. App'x 952, 955 (6th Cir. 2004)). "Selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." *Darwich* at 589-590 (citing *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006)).

The purpose of a criminal trial is to determine whether the government has met its burden of proof as to the charged crimes against the charged defendants, not to examine why the government has decided to seek charges against the defendants, why additional charges have not been lodged against the defendants, or why charges have not been publicly filed against other persons or companies as a result of the government's investigation.

For these reasons, the Motion *in Limine* should be granted.

Respectfully submitted,

MICHAEL A. BENNETT                    JENNIFER KENNEDY GELLIE
United States Attorney                      Executive Deputy Chief
Western District of Kentucky            Counterintelligence and Export Control Section
                                                        National Security Division


s/ *Joshua D. Judd*                            s/ *Alex Wharton*
Joshua D. Judd                                   Alex Wharton
Christopher C. Tieke                           Leslie C. Esbrook
Assistant U.S. Attorneys                     Trial Attorneys
717 W. Broadway                               950 Pennsylvania Ave., NW
Louisville, KY 40202                           Washington, DC 20530
(502) 582-5911                                    (202) 514-4523
Joshua.judd@usdoj.gov                     alexander.wharton@usdoj.gov
Christopher.tieke@usdoj.gov            leslie.esbrook@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

On March 4, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the Defendants.


s/ *Joshua D. Judd*
Assistant United States Attorney