UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:22-CR-88-DJH
*Filed Electronically*

QUADRANT MAGNETICS, LLC et al.

### MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF *TOUHY* ACTIVITIES AND SUBPOENA COMPLIANCE

The United States moves *in limine* to preclude the defendants from introducing evidence and making any arguments regarding their efforts to serve subpoenas on various Government agencies and the status of any Government agency responses to those requests. This evidence involving matters exclusively within the administrative realm is irrelevant, unduly prejudicial, and runs the risk of confusing, and misleading to the jury. Many of the defense request are currently undecided, and introduction of this type of evidence would lead to a trial within a trial of extrinsic irrelevant evidence. Moreover, even if relevant, it is hearsay.

Defendants' exhibit list includes *Touhy* letters to the Naval Litigation Office, the U.S. Department of Commerce, the U.S. Army Legal Services Branch, and the U.S. Department of State. (DN 126, Defendants' Joint Exhibit List at Page ID # 1652, Exs. 48-51).[1] These letters are written by counsel for Quadrant Magnetics and request the testimony of Government agency

---

[1] The United States has yet to receive reciprocal discovery from the Defendants, including the *Touhy* letters. The United States was provided with a copy of the letter sent to the Department of State after becoming aware that Defendants had previously and inexplicably attempted to serve State Department officials with trial subpoenas at their personal residences. The United States also was provided with a copy of the letter sent to the Department of Commerce. The United States bases its understanding of the content of the letters to the Army and Navy on the State and Commerce letters.

1

officials at the trial in this case. The letters also included subpoenas for the requested Government agency officials seeking testimony and the production of documents.

As the Court knows, under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), federal agencies are authorized by the Federal Housekeeping Act, 5 U.S.C. § 301, to create regulations governing the conditions under which their employees may testify concerning their work. *See also United States v. Lyimo*, 574 Fed. App'x 667, 669 (6th Cir. 2014); *United States v. Soriano–Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (citing *Touhy*, 340 U.S. at 468). Often called "Touhy regulations," procedures for subpoenaing employees of government agencies are contained in the Code of Federal Regulations. *Lyimo*, 574 Fed. App'x at 669. Federal officers relying on previously established agency regulations cannot be forced to comply with court orders contrary to those regulations. *United States v. Brownfield*, 2010 WL 4962947, at *1 (W.D. Ky. Dec. 1, 2010) (citing *Touhy*, 340 U.S. at 469).

The fact that Defendants have appeared to make requests to Government agencies for witnesses and testimony, any responses they may or may not have received, and any intervention by the Court or an administrative law judge in those separate and distinct proceedings is not relevant and is inadmissible in the criminal trial involving the Defendants. Evidence is relevant if it has "any tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that cannot meet this standard is inadmissible. *See* Fed. R. Evid. 402. The only logical purpose of Defendants' inclusion of *Touhy* letters to Government agencies on their exhibit list is to argue, either explicitly or implicitly, that they have asked these Government agencies for information and that, depending on the particular agency's response, they either received or did not receive the witnesses and requested documents. The submission by the Defendants of *Touhy* letters and the response of the

agencies to the *Touhy* letters have nothing to do with the proof regarding the elements of this case. Permitting the Defendants to admit any information regarding the *Touhy* activities is completely irrelevant in this case. At least some of the letters are further irrelevant because they do not accord with the *Touhy* regulation requirements, which require service upon an authorized office within each agency. *See, e.g.*, 22 C.F.R. 172.3(a) (authorizing the Executive Office of the Office of the Legal Adviser at the State Department "to receive and accept subpoenas . . . directed to the [State] Department"). Defendants served at least two purported *Touhy* letters on the Director and Acting Director of the Office of Defense Trade Controls Policy. These do not comply with the *Touhy* regulations, and their service and any response thereto is irrelevant to the case.

Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *United States v. Abel*, 469 U.S. 45, 54 (1984). Here, permitting the Defendants to make arguments regarding the responses (or lack thereof) of third-party Government agencies would risk confusing or misleading the jury into falsely believing that the prosecutors from the United States Attorney's Office and the Counterintelligence and Export Control Section of the National Security Division have anything to do with the *Touhy* process and the response of the respective agencies. More than prejudice, such an effort would amount to jury nullification.

The *Touhy* letters are further inadmissible under Rule 402 as hearsay for which no exception applies. The letters were written by counsel for Quadrant Magnetics. Likewise, any responses by Government agency's would be inadmissible hearsay.

For these reasons, the Motion *in Limine* should be granted.

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | JENNIFER KENNEDY GELLIE |
| United States Attorney | Executive Deputy Chief |
| Western District of Kentucky | Counterintelligence and Export Control Section |
| | National Security Division |

s/ *Joshua D. Judd*                        s/ *Alex Wharton*
Joshua D. Judd                              Alex Wharton
Christopher C. Tieke                  Leslie C. Esbrook
Assistant U.S. Attorneys             Trial Attorneys
717 W. Broadway                    950 Pennsylvania Ave., NW
Louisville, KY 40202                Washington, DC 20530
(502) 582-5911                        (202) 514-4523
Joshua.judd@usdoj.gov           alexander.wharton@usdoj.gov
Christopher.tieke@usdoj.gov     leslie.esbrook@usdoj.gov

## CERTIFICATE OF SERVICE

On March 4, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the Defendants.

s/ *Joshua D. Judd*  
Assistant United States Attorney