UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**United States of America**

v.

**Quadrant Magnetics LLC et al.**

No. 3:22-CR-88-DJH

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT THAT DEFENDANTS POSED A NATIONAL SECURITY THREAT

Defendants Quadrant Magnetics LLC ("Quadrant"), Phil Pascoe, Scott Tubbs, and Monica Pascoe (collectively, "Defendants") respectfully move the Court under Federal Rules of Evidence 401 and 403 to exclude any references or argument that Defendants or their activities posed a threat to national security, compromised U.S. military capabilities, helped the Chinese government, disadvantaged U.S. securities interests, or the like. The Second Superseding Indictment (indictment) alleges that Defendants violated U.S. export laws by sending drawings of magnets outside the United States without a license and concealed or misrepresented these violations. None of the indictment's allegations, however, expressly state or even imply that these actions had any consequences for U.S. security interests, benefited China or other countries, or had other deleterious effects. Any evidence or arguments to the contrary are therefore irrelevant to the charges against Defendants and should be excluded. Even if evidence or arguments concerning a threat to national security were somehow relevant, they would be highly speculative and highly inflammatory, so their minimal relevance would be substantially outweighed by the resulting unfair prejudice to Defendants. These references or arguments should thus be excluded.

## BACKGROUND

Defendants previously filed a motion to exclude the expert testimony of Scott McCall, James Blankenship, and Steven Burton. (D.N. 93; D.N. 121.) They have also, contemporaneously

with this motion, filed a motion in limine to exclude any evidence about the quality of Quadrant's magnets. To the extent those motions overlap with this one, their arguments are incorporated here.

Particularly relevant is how Defendants' previous motion explained that the government proffered Dr. McCall to testify on Quadrant's magnet quality and Mr. Burton to testify that if Quadrant's magnets were defective or unavailable, then U.S. military capabilities would be compromised. (*See* D.N. 93 at 4–5.) Mr. Burton would further testify that if certain magnet part numbers were defective, then certain military equipment would be non-mission capable. (*See* D.E. 93 at 5; D.N. 93-4 at 3.) Defendants moved to exclude Dr. McCall's and Mr. Burton's proffered testimonies on several grounds, including irrelevance and unfair prejudice. (*See generally* D.N. 93.) Concerning relevance, Defendants argued, among other things, that any testimony that Quadrant's magnets compromised military capabilities was irrelevant to proving the charges against Defendants. (*Id.* at 10–12.) Defendants further argued that even assuming such evidence was relevant, it should still be excluded because it would inflame the jury and be highly prejudicial to Defendants. (*Id.* at 12–14.)

Those arguments extend to any other evidence, or government argument, that Defendants' actions compromised U.S. security interests, advantaged foreign adversaries, or the like, as discussed next.

## LEGAL STANDARD

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984)). "[A] motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* In other words, a motion in limine is an evidentiary device that "provides a useful adjunct to other devices for truncating the trial[.]" *Id.* (noting with approval

that in criminal cases where summary judgment is not available, courts have used motions in limine to narrow factual as well as evidentiary issues for trial). Other legal standards are discussed below in the context of their arguments.

## ARGUMENT AND AUTHORITIES

Evidence is relevant only if it has any tendency to make a fact of consequence in determining the action more or less probable. Fed. R. Evid. 401. "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even if evidence is relevant, they will still be excluded if their relevancy is "substantially outweighed by the danger of . . . unfair prejudice." Fed. R. Evid. 403; *see also United States v. Williamson*, No. 3:21-cr-00123, 2022 WL 16640010, at *2 (W.D. Ky. Nov. 2, 2022) (applying Rule 401 and Rule 403 to exclude irrelevant and prejudicial arguments). Evidence is unfairly prejudicial if it has the "undue tendency to suggest a decision based on improper considerations," *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018), such as "an emotional one," *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted).

Here, evidence and arguments that Defendants or Quadrant's magnets posed a national-security threat are irrelevant to proving any of the counts alleged against Defendants. Concerning the quality of Quadrant's magnets specifically, as detailed more thoroughly in Defendants' motion to exclude Dr. McCall and Mr. Burton (D.N. 93; D.N. 121), and in Defendants' motion to exclude evidence of magnet quality filed contemporaneously with this motion, any argument that Quadrant's magnets somehow compromised military personnel or equipment or otherwise posed a risk to national security is not relevant to proving any of the indictment's counts.[1] The indictment

---

[1] As further argued in those motions, the government already knows that Quadrant's magnet for the F-18 functioned within performance parameters and did not degrade equipment capability. But for a trial-within-

3

solely alleges Defendants violated U.S. export laws by emailing ITAR-controlled technical drawings out of the country and then misrepresented or concealed these violations. These allegations have nothing to do with whether Quadrant's magnets met technical specifications.

Likewise, none of the indictment's charges are more or less likely to be true based on what happened to Quadrant's drawings once transmitted out of the country. It simply does not bear on any of the elements of the alleged offenses. Further, it would be highly speculative and improperly inflammatory for the government to argue that the drawings "fell into enemy hands," were used for foreign intelligence purposes, compromised U.S. security interests, or similar sorts of things. Such arguments would create "an undue tendency to suggest a decision based on improper considerations," and specifically, "an emotional one," *see Asher*, 910 F.3d at 860; *Old Chief*, 519 U.S. at 180. Such arguments would suggest the jury should convict on the misplaced basis of sending a message to one of the United States' geopolitical rivals rather than based on the law and facts relevant to the case.

The government may respond to this motion by citing a district court ruling in *United States v. Roth*, No. 3:08-cr-69, 2008 WL 4137814 (E.D. Tenn. Aug. 22, 2008), where the court determined that certain references to national security in an ITAR case could be relevant. The ruling is not binding on this Court. But even if the Court found the ruling instructive, it determined only that references to national security could be relevant in the narrow context of explaining what constitutes a defense article. *See id.* at *1. The court still acknowledged that national security arguments could be irrelevant to the ITAR counts alleged against the defendant, and permitted the defendant to object to irrelevant references to national security at trial. *Id.* Also notable is how

---

a-trial on that issue, Quadrant would need to call, among others, the four private-sector individuals interviewed by the government, all of whom are under subpoena, but whose testimony would be lengthy, complex, and far afield the actual issues in this case. All this further demonstrates that none of this evidence or argument should be at trial under Rules 401 and 403.

4

*Roth* solely focused on the defendant's relevancy arguments. *Id.* It did not discuss any unfair prejudice that such references would pose. *See id.* Here, for the reasons stated above, evidence and arguments about national security would cause unfair prejudice that substantially outweighs any probative value.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court exclude any references or argument that Defendants, Quadrant, or its magnets posed a national security threat or otherwise compromised U.S. military capabilities.

Dated: March 4, 2024             By:    */s/ John Brownlee*

John L. Brownlee (*pro hac vice*)
William F. Gould (*pro hac vice*)
Timothy J. Taylor (*pro hac vice*)
Caitlin A. Eberhardt (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com
*Counsel for Quadrant Magnetics, LLC*

*/s/ Kent Wicker (with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/ Scott Cox (with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 4, 2024, the foregoing motion was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

                                                                        /s/ *John Brownlee*