UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CRIMINAL NO. 3:22-CR-88-DJH
                                          *Filed Electronically*

QUADRANT MAGNETICS, LLC et al.                              DEFENDANTS

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO DOCUMENT DESTRUCTION

Defendants Quadrant Magnetics, LLC ("Quadrant Magnetics"), Phil Pascoe, Scott Tubbs, and Monica Pascoe (collectively, "Defendants") move *in limine* to prohibit the United States from referring to the fact that Quadrant Magnetics destroyed documents at the direction of General Electric Aviation Services ("GE Aviation"). (DN 135). One of the email exchanges at issue (USA-069993-95) and Quadrant Magnetics' act of destroying documents is relevant, and the probative value of that exchange and Defendants' acts are not substantially outweighed by any risk of undue prejudice.

Evidence is relevant if it has "any tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that cannot meet this standard is inadmissible. *See* Fed. R. Evid. 402. Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *United States v. Abel*, 469 U.S. 45, 54 (1984); *see United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (stating

discretion granted to the district court in analyzing evidence under Rule 403 is "very broad"); *United States v. Vance*, 871 F.2d 572, 576 (6th Cir.1989) (similar).

The email chain Defendants reference and evidence related to GE Aviation's request of Quadrant Magnetics and specifically Defendant Tubbs to destroy documents is directly relevant to the charges in this case. First, the evidence is probative of Defendants' notice by GE Aviation that sending magnet part drawings to China for the magnets' production in China violated the DFARS and the ITAR. Indeed, the title of the email chain is "DFARS compliance Quadrant," and Defendant Tubbs specifically stated that Quadrant Magnetics had destroyed drawings, prints, and instructions at its facility in China. *See* DN 135 Ex. 1. Second, the response by Quadrant Magnetics and Scott Tubbs is similarly probative of those Defendants' knowledge of the DFARS requirements and understanding that production of magnets in China violated the DFARS. The fact that the request to destroy documents comes from GE Aviation does not change the probative nature of Defendants' response to the request. The email chain is also probative of consciousness of guilt because Scott Tubbs' response to GE Aviation is false. Tubbs states that "all GE Aviation produced print have been held in the United States by Quadrant," despite evidence showing that GE Aviation ITAR-controlled prints were actually sent to China, as Tubbs well knew. His lack of truthfulness in regards to the request to destroy documents is itself probative and extremely relevant to the government's case.

In addition, courts have consistently found that acts of concealment in furtherance of the conspiracy are relevant to determining whether a conspiracy existed. *See United States v. Smith*, 294 F.3d 473, 479 (3d Cir. 2002) (finding that false reports submitted to cover-up the role that police officers played in individual's death was relevant to question of whether they were acting pursuant to conspiratorial agreement to violate his civil rights); *United States v. Davis*, 810 F.2d

2

474, 477 (5th Cir.1987) (admitting evidence that a co-conspirator guard at a state mental hospital switched surveillance footage tapes to cover up conspiracy to violate civil rights of patients).

In this case, Defendant Tubbs coordinated with Quadrant Magnetics employees and its affiliated employees in China to destroy ITAR-marked drawings at the facility in China after GE Aviation raised concerns that Quadrant Magnetics had violated ITAR by sending its drawings to China and DFARS by manufacturing magnets in China that were used in military end-use items. This facts surrounding document destruction occurred in October and November 2017, that is, during the course of the conspiracy.  In fact, after GE Aviation notified Defendants of the unlawful nature of their scheme and GE Aviation specifically explained these issues to defendants, Defendants continued to transmit technical data to China to produce magnets for General Dynamics until October 2018, while agreeing to conceal from General Dynamics and the Department of Defense that the magnets were produced in China because defendants knew that General Dynamics would not purchase magnets produced in China.

Concerted actions to cover up the circumstances of the transmission of GE Aviation ITAR-marked drawings to China suggest that the actions of illegally manufacturing the magnets in China "were undertaken as part of an agreement, as opposed to having been random, uncoordinated acts." *Smith*, 294 F.3d at 479. This evidence is similarly probative because conspiracy "may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan," and a "defendant's knowledge of and participation in a conspiracy may be inferred from his conduct and established by circumstantial evidence." *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005) (quotation omitted)). Thus, because the evidence regarding the concerted destruction is relevant and probative of the issue of whether a conspiracy existed, it is properly

admissible.  The fact that this destruction was done at the direction of GE Aviation does not make it any less probative or in some way absolve defendants of the act.

Defendants next argue that this evidence is unfairly prejudicial.  "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir.1993) (quotation omitted).  Evidence that Defendants destroyed evidence related to the ITAR and DFARS violations is directly probative of the elements of the offenses charged, specifically, the willful nature of their conduct, and their conspiracy to commit or attempt to commit the charged violations of law. As such, this evidence is not inadmissible under Rule 403 because it would not tend to suggest a decision on an improper basis.

*United States v. Skeddle*, cited by the Defendants as a similar case, is easily distinguishable. *See* 981 F. Supp. 1074, 1076 (N.D. Ohio 1997).  In *Skeddle*, the prosecution sought to introduce evidence regarding the fabrication and/or alteration of documents *after* the relevant time period of the transactions that were the basis of the indictment. The court excluded the evidence as overt acts since it was not in furtherance of the alleged conspiracy and did not demonstrate intent to defraud at the time defendant participated in the transactions at issue. The court denied admission of the evidence as prior bad act evidence pursuant to Rule 404(b) because the materials were altered before defendants had notice of any investigation or suspicion, and before any indictment was returned against them.  *Id*. at 1077.

By contrast, the evidence that Tubbs and Quadrant Magnetics destroyed GE Aviation documents that were sent to China took place in October/November 2017, *during* the time period of the conspiracy, *during* the time period of the charged wire fraud scheme, and *before* the specific

wire fraud and AECA transmissions  charged in Counts Two through Eight as wire fraud.  Unlike the acts in *Skeddle*, these acts were directly in furtherance of each object of the charged conspiracy, namely that Quadrant Magnetics sent ITAR-controlled drawings to China to produce magnets in China used in U.S. defense articles (and therefore also relevant to the smuggling conspiracy),schemed to defraud the Department of Defense in violation of DFARS, and made false statements. These acts similarly are highly relevant to the intent to join and further the conspiracy and to defraud the Department of Defense. Even after being on notice by GE Aviation, Defendants (i) did not contest that GE Aviation drawings should not be sent to China; (ii) falsely informed GE Aviation that the materials had been destroyed; and (iii) continued sending General Dynamics drawings to China and continued to misrepresent that they were magnetizing the magnets in Louisville when they were actually importing them fully manufactured from China.  This evidence is more than "slight" as defendants suggest and is instead direct evidence that is highly probative of whether a conspiracy existed.

Moreover, and in the alternative, this evidence would also be admissible as "other acts" evidence pursuant to Rule 404(b) because it is probative of knowledge and consciousness of guilt. While Tubbs and Quadrant Magnetics purportedly destroyed GE Aviation materials prior to an indictment or notice of a law enforcement investigation, unlike in *Skeddle*, the discussions regarding destruction occurred *after* GE Aviation began an investigation into Quadrant Magnetics' practices.  Defendants were aware of the seriousness of GE Aviation's investigation—GE Aviation had sent representatives to Quadrant Magnetics for a site visit, and had asked Quadrant Magnetics to make disclosures to the Department of Defense in the form of Government Industry Data Exchange Program advisories related to the transmitted drawings.  In that case, an "attempt to tamper with evidence is probative of guilt." *United States v. Kuehne*, 547 F.3d 667, 691 (6th Cir.

2008). In sum, Defendants have failed to demonstrate how the clear probative value of GE Aviation's request and Defendants' response are substantially outweighed by a danger of unfair prejudice.

WHEREFORE, the United States requests that Defendants' Motion *in Limine*, ECF 135, be DENIED.


Respectfully submitted,

<table>
<tr><td>MICHAEL A. BENNETT<br>United States Attorney<br>Western District of Kentucky</td><td>JENNIFER KENNEDY GELLIE<br>Executive Deputy Chief<br>Counterintelligence and Export Control Section<br>National Security Division</td></tr>
<tr><td><br> s/ <i>Joshua D. Judd</i>_____<br>Joshua D. Judd<br>Christopher C. Tieke<br>Assistant U.S. Attorneys<br>717 W. Broadway<br>Louisville, KY  40202<br>(502) 582-5911<br>joshua.judd@usdoj.gov<br>christopher.tieke@usdoj.gov</td><td><br> s/ <i>Alex Wharton</i>_____<br>Alex Wharton<br>Leslie Esbrook<br>Trial Attorneys<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br>(202) 514-4523<br>alexander.wharton@usdoj.gov<br>leslie.esbrook@usdoj.gov</td></tr>
</table>

<u>CERTIFICATE OF SERVICE</u>

On March 11, 2024 I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the defendants.


  s/ *Joshua D. Judd*             
Assistant United States Attorney