UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **United States of America** | |
| v. | No. 3:22-CR-88-DJH |
| **Quadrant Magnetics, LLC et al.** | |

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF CHARGING DECISIONS**

The government's motion in limine is overbroad. It seeks not only to exclude narrowly evidence on charging decisions *per se*, but also to protect the government from Defendants' introduction of relevant evidence that General Electric Aviation Systems (GE) and General Dynamics Ordnance and Tactical Systems (GD) knew of or participated in the conduct described in the indictment. That evidence is relevant and exculpatory. It shows that GE and GD were not defrauded because Quadrant disclosed to both companies where their magnets came from. It shows that Defendants did not intend to defraud GE and GD because Defendants were open and transparent about the magnets' sourcing. And it shows that Defendants did not act with a culpable state of mind as to the counts of conspiracy, wire fraud, or ITAR violations, for if sophisticated brand-name companies like GE and GD were aware of or active participants in Defendants' conduct, then surely Defendants did not believe they were violating the law.

## LEGAL STANDARD FOR MOTIONS *IN LIMINE*

Whether to grant a motion *in limine* is a matter within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citation omitted). *In limine* rulings are preliminary, and the Court may change its ruling on a particular matter at trial as warranted. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

# ARGUMENT

## 1. The government's premature motion should be dismissed.

The government's motion should be dismissed as premature. The evidence the government seeks to exclude is multifaceted and most appropriately reserved for trial when the Court can make a ruling with full context. In *Beasley v. United States*, the government moved to preclude "any attempt by defense counsel to argue or elicit testimony through cross examination . . . [about] the fact that other persons could have [been] but were not charged with the conspiracy described in . . . the [i]ndictment." No. 12-20030, 2014 U.S. Dist. LEXIS 62908, *2 (E.D. Mich. 2014). There, as here, the government cited the Sixth Circuit's pattern jury instructions to bolster its position. *Id.* at *3. Ultimately, however, the government conceded that its motion was premature because "questioning is fact dependent." *Id.* at *4. The court explained that "the determination of what evidence (and argument by defense counsel) is permissible should be left until the evidence unfolds at trial. Then and only then can the Court determine whether the question asks for relevant or 'marginally relevant' evidence and whether it survives Rule 403 balancing." *Id.*

The situation here is the same. The government has not identified any specific evidence it would exclude; rather, it merely declares evidence about what GE and GD knew about the conduct described in the indictment, or their involvement in it, to be *per se* inadmissible charging-decision and selective-prosecution evidence. (*See* D.N. 138, PageID.1904.) The ruling the government seeks is inappropriately all-encompassing. Instead, the government's motion should be denied in favor of raising specific objections at trial, "at which time the Court can better evaluate the [evidence's] admissibility in light of its content and purpose." *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs.*, No. 3:10-CV-02513, 2013 U.S. Dist. LEXIS 197660, *6 (M.D. Penn. 2013).

### 2. The government has not shown that the relevant evidence it seeks to exclude is "clearly inadmissible."

Even if the government's motion is ripe for adjudication, it should be denied because the government has failed to show how the evidence at issue is "clearly inadmissible" such that it may be excluded now. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

All relevant evidence is admissible, and irrelevant evidence is inadmissible. *See* Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence should be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

The government asks the court to preclude Defendants from presenting any evidence that GE and GD knew about or were involved in any of the conduct described in the indictment. (D.N. 138, PageID.1904.) The government suggests that such evidence is *per se* inadmissible evidence of charging decisions and selective prosecution. (*Id.*, PageID.1904–05.) Whatever the government's rationale, it is incorrect. What GE and GD knew about the conduct described in the indictment, and how their activities relative to that conduct, is evidence relevant to central issues in this case. This is so in at least three ways.

*First*, the evidence about GE and GD's knowledge will negate the allegation that Defendants defrauded them. It will show those companies knew what Defendants were doing and where Quadrant's magnets came from. A scheme to defraud requires the government to show a plan or course of action to "deprive another by deception of money or property by means of false or fraudulent pretenses, representations, or promises." *E.g., United States v. Daniel*, 329 F.3d 480, 485

3

(6th Cir. 2003) (quoted source omitted). Evidence concerning what GE and GD knew about Defendants' alleged conduct is directly probative of whether there was any knowing concealment of, or any misrepresentations made about, the origin of Quadrant's magnets.

*Second*, evidence of GE and GD's knowledge of or participation in Defendants' conduct tends to negate Defendants' alleged intent to defraud those two companies. It shows that Defendants told them where the magnets came from, which contradicts the idea that Defendants intended to deceive them.

*Third*, evidence of GE and GD's knowledge of or participation in Defendants' conduct tends to show more broadly that Defendants did not act willfully or with corrupt intent as to any of the indictments' counts. General Electric and General Dynamics are among the world's largest companies, ranking 52nd and 105th on the Fortune 500.[1] They are heavily regulated government contractors with decades of experience in export controls and supply-chain compliance. If Defendants' partners at these companies were aware of Defendants' conduct and did not indicate it was problematic, that evidence supports the idea that Defendants did not believe they were breaking the law either. This is so for two reasons: first, because the jury could legitimately infer that the lack of any objection was a tacit assurance to Defendants from far more experienced and sophisticated parties; and second, because the jury could infer that Defendants did not willfully violate the law if these experienced and sophisticated parties knew of or participated in the conduct.

The government has offered nothing to show how the evidence it seeks to have excluded is "clearly inadmissible." *Gen. Elec. Co.*, 326 F. Supp. at 846. Simply treating certain evidence as *per se* inadmissible because it may have some relation to charging decisions or selective

---

[1] *See* Fortune, *Company Profile: General Electric*, https://fortune.com/company/general-electric/; Fortune, *Company Profile: General Dynamics*, https://fortune.com/company/general-dynamics/.

prosecution is insufficient. The government's motion should therefore be denied, and Defendants should be allowed to present this relevant evidence at trial.

### 3. The law does not support the sweeping exclusion the government requests.

Even if the Court could rule in the government's favor, none of the authorities cited by the government support its suggestion that courts can exclude entire categories of relevant evidence merely because the government declares that evidence to be inadmissible evidence of charging decisions and selective prosecution. On the contrary, the law is clear that any exclusion of such evidence must be narrow so as not to infringe upon criminal defendants' rights to thoroughly explore, for example, witness credibility and the nature and extent of alleged involvement in charged conduct. Each of the authorities the government cites to support its request involved narrow exclusions that are distinguishable from the expansive exclusion the government seeks here.

In *United States v. Carneglia*, the government moved *in limine* to preclude the defendant from eliciting testimony on the solitary fact that other individuals were previously charged with the murders of which the defendant stood accused. *See* No. 08-CR-76, 2009 U.S. Dist. LEXIS 8450, *1 (E.D.N.Y. 2009) (cited in D.N. 138, PageID.1904–05). The defendant there argued that he should be allowed to cross-examine witnesses about statements made in connection with the prior prosecutions, and the government conceded the point. *Id*. at *1–2. The court ultimately permitted the defendant to explore witnesses' inconsistent statements in the prior proceedings. *Id*. at *4–5. The court simply precluded reference to the nature of those proceedings to avoid any improper introduction of charging decisions. *Id*. The court stressed the importance of remaining "mindful of [defense] counsel's need to present to the jurors facts from which they may assess the reliability of witnesses." *Id*. at 4 (citing *United States v. Giovanelli*, 945 F.2d 479, 487 (2d Cir. 1991)). Far from excluding an entire category of evidence, the court in *Carneglia* imposed a

5

narrow restriction that did not impinge upon the defendant's ability to present a full defense to the jury.

Similarly in *United States v. Re*, it was held proper for the trial court to have allowed the defendant, who had been identified in a line-up, to thoroughly explore the victim's inability to identify his attackers, while only limiting the defense from eliciting testimony on the specific point that another individual also identified by the victim had not been charged with a crime. *See* 401 F.3d 828, 832–33 (7th Cir. 2005) (cited in D.N. 138, PageID.1905). This example further shows the narrow nature of any limits on eliciting evidence of charging decisions, while still allowing a full exploration of the events or actions at issue in a case. Furthermore, the impetus behind the exclusion at issue in *Re* was the specific manner in which defense counsel posed a question to the victim about not seeing at trial the second person the victim identified in a line-up. *Id*. at 833. This shows how exclusions of evidence of charging decisions are fact- and situation-dependent, not categorial.

The rest of the government's cases are similar. In *United States v. Callahan*, the trial court narrowly precluded testimony only about charges previously filed against the defendant in state court and related argument that the charges at issue were more appropriate for the state criminal justice system. *See* No. 1:13CR0339-1 & 2, 2014 U.S. Dist. LEXIS 16302, *5 (N.D. Ohio 2014) (cited in D.N. 138, PageID.1905). In *United States v. Young*, the court noted that, notwithstanding a narrow limitation on evidence that a third party was not charged, the defendant could still properly elicit testimony from that third party about the nature of the defendant's involvement in the conduct at issue in the case. *See* 20 F.3d 758, 765 (7th Cir. 1994) (cited in D.N. 138, PageID.1905). Finally, while the court in *United States v. Darwich* noted that selective prosecution claims should be raised before trial, that case does not stand for the broad proposition suggested

6

by the government—that an entire category of evidence regarding what third parties knew about (or how they were complicit in) charged conduct should be excluded merely because the government declares it "selective prosecution evidence." *See generally* 574 F. App'x 582 (6th Cir. 2014) (cited in D.N. 138, PageID.1905–06).

The overarching theme of the case law is that, even when a court excludes specific evidence concerning charging decisions or selective prosecution, the exclusion must be narrow so as to ensure defendants' rights to present other relevant evidence of, for example, witness credibility, the nature and extent of involvement in certain conduct, bias, prejudice, and motive. The government has offered no authority to support the sweeping exclusion it seeks. Accordingly, the motion should be denied.

    **4. Alternatively, any exclusion should be narrow so as to protect Defendants' rights to present a complete defense to the jury.**

Alternatively, if the Court grants the government's motion, it should narrowly tailor any exclusion to only preclude *specific* evidence of charging decisions or selective prosecution. As noted above, even when courts exclude this kind of evidence, they do so narrowly so as to ensure defendants can still thoroughly explore other relevant evidence. *See Carneglia*, 2009 U.S. Dist. LEXIS 8450, *1. Therefore, Defendants should still be permitted to present any evidence of GE and GD's knowledge of, or complicity in, conduct described in the indictment, insofar as it is relevant to key issues in this case, and to the extent it does not veer into any precluded topics. A more sweeping exclusion along the lines the government requests would prejudice Defendants by curtailing their ability to present a complete defense to the jury.

## CONCLUSION

For these reasons, the Court should dismiss or deny the government's motion to exclude relevant evidence of GE and GD's knowledge of, and complicity in, conduct described in the

indictment. Alternatively, if the Court grants the motion, it should only preclude a narrow category of specific evidence regarding charging decisions or selective prosecution.

Dated: March 11, 2024                              Respectfully submitted,

*/s/ John Brownlee*
John L. Brownlee (*pro hac vice*)
William F. Gould *(pro hac vice)*
Caitlin Eberhardt *(pro hac vice)*
Timothy Taylor *(pro hac vice)*
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com
*Counsel for Quadrant Magnetics, LLC*

*/s/ Kent Wicker (with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/ Scott Cox (with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, I filed the foregoing using the Court's ECF system, and a copy of the same was electronically served upon all attorneys of record for the United States via electronic mail.

/s/ *John Brownlee*