UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

United States of America

v.                                                        No. 3:22-CR-88-DJH

Quadrant Magnetics LLC et al.

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE RELATED TO *TOUHY* REQUESTS**

The government seeks to suppress evidence that, in a federal criminal prosecution, it blocked exculpatory testimony as to whether Defendants' magnets were subject to ITAR. The agencies that the government characterizes as mere "third parties" (D.N. 140, PageID.1922) were responsible for the commodity-jurisdiction determinations (CJDs) central to the government's case. And attorneys from this U.S. Attorney's Office are representing at least one of those agencies in its efforts to block that testimony. The government thus seeks to present its own conclusions that Defendants' magnets were subject to ITAR while denying Defendants the opportunity to present any evidence as to the basis for those determinations, the sufficiency of the analysis, or, principally, whether those determinations were actually correct.

By its own terms *Touhy* does not apply to federal criminal prosecutions. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467–468 (1951) ("Nor are we here concerned with the effect of a refusal to produce in a prosecution by the United States or with the right of a custodian of government papers to refuse to produce them on the ground that they are state secrets or that they would disclose the names of informants."). Defendants properly submitted *Touhy* letters to avoid any risk of waiving their constitutional rights under Sixth Circuit precedent, *see United States v. Lyimo*, 574 F. App'x 667, 670 (6th Cir. 2014) (citing *United States v. Marino*, 658 F.2d 1120,

1125 (6th Cir. 1981)), but there is no precedential support for the position that the federal government may use *Touhy* to deny Defendants their Sixth Amendment right to obtain witnesses in their defense. To the contrary, Sixth Circuit courts acknowledge the limitations of *Touhy* in federal criminal prosecutions. The government also fails to show that evidence of *Touhy* determinations should be excluded, relying on vague objections of relevance, hearsay, and prejudice. In reality, *Touhy* evidence speaks to one of the central issues in this case and the government's attempts to impermissibly bar Defendants from presenting a defense. This correspondence is important to establish the bias of witnesses who sought to avoid compliance with subpoenas and in rebutting evidence that Defendants' magnets were ITAR-controlled. Finally, the government's attempt to exclude this evidence is premature, as Defendants' requests continue to be contested and two of the agencies have not yet substantively responded to Defendants' *Touhy* requests.

## BACKGROUND

Government employees at the Departments of State, Defense, and Commerce, at the request of (in almost all instances) the criminal investigative arm of the Department of Homeland Security, created the commodity-jurisdiction determinations (CJDs) for the magnets at issue in this case. The CJDs state conclusions as to whether and when Quadrant's magnets and related data were purportedly subject to ITAR. In preparation for trial, Defendants sought to subpoena several of the individuals involved in the preparation of these reports, including the CJDs' signatories, in order to present fact testimony as to the bases for these findings, the analysis applied, and the evidence considered. At the direction of agency personnel at those departments, Defendants properly submitted several *Touhy* letters, presenting the agencies with the information required under the agencies' respective *Touhy* regulations. In doing so, Defendants acted in an abundance of caution to comply with Sixth Circuit precedent requiring a request through agency *Touhy*

procedures as a prerequisite for raising constitutional objections to the denial of an agency witness. Although some jurisdictions require an initial letter, the case law surrounding *Touhy* regulations, including *Touhy* itself, suggest that *Touhy* procedures do not authorize the federal government to use those procedures to deprive defendants in a federal criminal trial the opportunity to present their defense.

Following Defendants' requests, one agency—the Department of Commerce—has refused to allow Defendants to call crucial witnesses. Remarkably, Commerce's denial letter stated that attorney representation on the matter includes the assistance of Timothy D. Thompson and Michael Ekman, two AUSAs from the Western District of Kentucky. The Department of State initially denied Defendants' request on technical grounds related to the form of service of process, since cured by Defendants, with no further response. The Department of Defense has simply not responded at all. Now the government seeks to block Defendants from presenting evidence as to the federal government's refusal for these central fact witnesses to be called at trial.

## LEGAL STANDARD

Whether to grant a motion *in limine* is a matter within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citation omitted). *In limine* rulings are preliminary, and the Court may change its ruling on a particular matter at trial as warranted. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

## ARGUMENT

### 1. *Touhy* regulations do not override the Sixth Amendment or the Federal Rules of Criminal Procedure.

The government mistakenly suggests that agencies' *Touhy* determinations trump a court's power to compel compliance with a valid subpoena. Quite the opposite. In allowing the enforcement of regulations made pursuant to the federal housekeeping statutes, the Court in *Touhy*

explicitly limited its holding short of the circumstances here. *See Touhy*, 340 U.S. at 467–68 ("Nor are we here concerned with the effect of a refusal to produce in a prosecution by the United States . . . ."). Further, this housekeeping statute "does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. § 301. The government relies on *United States v. Brownfield*, No. 1:10-MC-00004-R, 2010 WL 4962947, *1 (W.D. Ky. Dec. 1, 2010). There the Court held, consistent with Sixth Circuit precedent, that it could not reach the Sixth Amendment right to call and cross-examine witnesses because Defendants had not attempted to comply with *Touhy* requirements, in particular, failing to submit a statement summarizing the testimony sought. *Id.* at *1–2. Here, Defendants have complied with the agency regulations in submitting its *Touhy* letters, which include statements of the testimony sought. In fact, it is those very letters the government seeks to exclude. The case law the government cites does not hold that agencies have discretion to deny defendants their Sixth Amendment rights to call and cross-examine witnesses; it merely states that those potential denials constitutional rights are not ripe until denial of a *Touhy* request. *Id.* at *2 (citing *Marino*, 658 F.2d at 1125). Here, Defendants have complied with the regulations and been denied, making those cases inapplicable.

Courts addressing the actual question before the Court, including those in the Sixth Circuit, hold that court procedural rules trump *Touhy* regulations. The Sixth Circuit has stated that rules promulgated under the housekeeping statute cannot override the application of the Federal Rules: "[t]o allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure, and, in essence, divest a court of jurisdiction over discovery, the enabling statute must be more specific than a general grant of authority as found here." *In Re Bankers Trust Co.*, 61 F.3d 465, 472–73 (6th Cir. 1995). The law in the D.C. Circuit is that "[t]he Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party

to the original legal proceeding." *Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C. 1998). Sixth Circuit courts likewise have followed this rule. *See, e.g.*, *Fitzgerald Truck Parts & Sales, LLC v. United States*, No. 2:20-cv-00026, 2023 WL 4278658, *2 (M.D. Tenn. June 29, 2023) ("[C]ourts are virtually unanimous in finding that, when the United States is a party to litigation, judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers"); *U.S. ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512, 517 (S.D. Ohio 1999) ("Thus, fundamental fairness dictates that the *Touhy* regulations should not apply where the Government is a party to the litigation.")

Operating under the mistaken premise that regulations under the federal housekeeping statute offers agency personnel the discretion to deny criminal defendants the opportunity to obtain witnesses in their defense, the government argues that evidence of *Touhy* requests is not relevant to this case. Not only is the testimony Defendants seek critical to their defense, but Defendants' *Touhy* efforts speak clearly to the federal government's efforts to deny Defendants their rights to present their defense and rebut the charges supported by the CJDs.

Further, insofar as the government argues that the *Touhy* denials have been made by third parties beyond their control and without its involvement, that is questionable. AUSAs from the Western District of Kentucky "are assisting with the [Commerce] Department's representation in connection with [Commerce's] *Touhy* request." Given that fact, the government's statement that "the prosecutors from the United States Attorney's Office and the Counterintelligence and Export Control Section of the National Security Division" did not "have anything to do with the *Touhy* process and the response of the respective agencies" on its face gives cause for great skepticism.

### 2. The government has failed to show the evidence it seeks to exclude is inadmissible or unfairly prejudicial.

The government argues that evidence of Defendants' *Touhy* efforts to block material and relevant witnesses should be excluded under the Rule 403 balancing test, apparently because it

might cause jurors to confuse the federal government prosecuting this case with the federal agencies who prepared the determinations on which its case is based. (D.N. 140, PageID.1922.)

The factual premise for this argument is questionable. The government states, "permitting the Defendants to make arguments regarding the responses (or lack thereof) of third-party Government agencies would risk confusing or misleading the jury into falsely believing that the prosecutors from the United States Attorney's Office and the Counterintelligence and Export Control Section of the National Security Division have anything to do with the *Touhy* process and the response of the respective agencies." (*Id.*) But it is certainly no coincidence that of all of DOJ's "more than 10,000 attorneys nationwide,"[1] the two DOJ attorneys referenced in Commerce's *Touhy* letter, who are expressly "assisting with [Commerce's] representation," are from the Western District of Kentucky. Likewise, State's initial response to Defendants was submitted by an office director but appears to have been ghost-written by an attorney.[2]

Even beyond that questionable factual premise, the government's argument fails on its own terms. In making this argument, the government suggests that the notion that the federal government is denying Defendants the opportunity to scrutinize the CJDs would so shock the jury as to risk jury nullification. *See id.* ("More than prejudice, such an effort would amount to jury nullification.") This perhaps bears on the propriety of the government's *Touhy* responses, but the government fails to meaningfully articulate how such evidence would *unfairly* prejudice it. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Bonds*, 12 F.3d 540, 574 n.30 (6th Cir. 1993).

---

[1] U.S. DOJ, *Office of Attorney Recruitment & Management*, https://www.justice.gov/oarm.
[2] The Court should at a minimum require in camera submission of the government's communications on these *Touhy* matters to determine what involvement the prosecution team has had with them.

The government also makes a brief hearsay argument. (D.N. 140, PageID 1922.) Although the government does not articulate exactly what purported hearsay it seeks to exclude, presumably it refers to the Defendants' *Touhy* letters' summary of anticipated witness testimony (such a summary is required by *Touhy* regulations). Defendants do not seek to introduce evidence of the *Touhy* process for the truth of the summarized anticipated testimony, but as evidence that the government has actively attempted to block Defendants' ability to present exculpatory evidence, which speaks to the potential credibility and bias of witnesses. Evidence that CJDs were incorrect is likely to be uncomfortable for the individuals and agencies responsible for them. A jury would reasonably infer that the government's resistance to trial subpoenas shows it does not want the CJDs scrutinized. To the extent the government seeks to rely on CJDs, it is also highly relevant in weighing those determinations whether Defendants were actually permitted to offer testimony to refute the government's conclusions.

### 3. The government's motion is premature.

The government's efforts to exclude evidence of *Touhy* activities are also premature. Defendants have submitted *Touhy* requests to multiple agencies, two of which have yet to provide any substantive response. As the requests are still under consideration and Defendants continue to seek the requested testimony, a ruling at this stage would lack the full context of the extent of the evidence related to the *Touhy* requests or its likely uses at trial. Likewise, the government only speculates as to any evidentiary purpose of *Touhy* evidence.

### CONCLUSION

For all of these reasons, Defendants respectfully request that the Court deny the government's motion *in limine* to exclude *Touhy* evidence.

Dated: March 11, 2024

By:   */s/*   *John L. Brownlee*

John L. Brownlee (*pro hac vice*)
William F. Gould (*pro hac vice*)
Timothy J. Taylor (*pro hac vice*)
Caitlin A. Eberhardt (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1600
Tysons, VA 22201
T: 703.720.8053
F: 703.720.8610
John.Brownlee@hklaw.com
William.Gould@hklaw.com
Timothy.Taylor@hklaw.com
Caitlin.Eberhardt@hklaw.com
*Counsel for Quadrant Magnetics, LLC*

*/s/*   *Kent Wicker*   *(with permission)*
Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533
Kent@wickerbramel.com
*Counsel for Phil Pascoe*

*/s/*   *Patrick J. Renn*   *(with permission)*
Patrick J. Renn
Smith & Helman
600 W. Main Street, Suite 100
Louisville, KY 40202
502-540-5700
Fax: 502-568-3600
prenn@600westmain.com
*Counsel for Scott Tubbs*

*/s/*   *Scott C. Cox*   *(with permission)*
Scott C. Cox
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
502-584-1744
CoxECF@aol.com
*Counsel for Monica Pascoe*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, the foregoing motion was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

*/s/ John Brownlee*