UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:22-cr-88-DJH

PHIL PASCOE (1),
SCOTT TUBBS (2),
MONICA PASCOE (3), and
QUADRANT MAGNETICS, LLC (4), Defendants.

\* \* \* \* \*

## ORDER

Defendants Phil Pascoe, Scott Tubbs, and Monica Pascoe have filed a motion to continue the trial set for April 1, 2024. (Docket No. 164) As the Court has already noted (D.N. 165), the motion raises substantial grounds for granting the continuance, including the voluminous pretrial motion practice and recently filed motions to dismiss and compel, ongoing discovery disputes, and the recent production of some 3,512 pages of documents. (D.N. 164, PageID.2330-31) The individual defendants also cite their counsel's unavailability to address the motion practice and recent discovery in the leadup to trial. (*Id.*, PageID.2331) Among these tendered reasons, the most compelling is the recently filed motion to dismiss that raises complex and substantive issues regarding the International Traffic in Arms Regulations (ITAR). (Docket No. 147) This motion was preceded by twelve motions in limine (D.N. 133; D.N. 134; D.N. 135; D.N. 136; D.N. 137; D.N. 138; D.N. 139; D.N. 140; D.N. 141; D.N. 142; D.N. 143; D.N. 144) filed on the final day permitted under the pretrial schedule. (*See* D.N. 98) These motions are substantive, and one raises issues of first impression within the Circuit and perhaps nationally. (*See* D.N. 139 (asking the Court to define the scope of the Specialty Metals Clause of the Defense Federal Acquisition Regulation Supplement (DFARS)))

The government does not object to the motion to continue. (D.N. 166) The corporate defendant also does not object to a brief continuance, although its proposed limitation on the length of the continuance is unrealistic and appears to put it at odds with the individual defendants. (*See* D.N. 164, PageID.2329 ("The individual defendants respectfully request a continuance of at least 30 days . . . ."); D.N. 167, PageID.2340 ("Quadrant thus does not oppose the individual Defendants' request for an approximately 30-day continuance of the trial date. Quadrant . . . requests that any continuance be limited (thus setting a new trial date on or about May 8, 2024) . . . ."))

The individual defendants emphasize that a continuance is necessary to allow their counsel reasonable time necessary to prepare for trial, concluding that "defense counsel needs ample time to prepare a defense for a case that the government has been working on since at least 2018." (D.N. 164, PageID.2332) Moreover, continuing the trial to allow a standard briefing schedule for the recent motions, a full hearing, and measured adjudication of the many complex motions will serve the interests of justice in this case. *See United States v. White*, 920 F.3d 1109, 1117 (6th Cir. 2019) (citing *United States v. Anderson*, 695 F.3d 390, 397 (6th Cir. 2012)). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The individual defendants' motion to continue (D.N. 164) is **GRANTED**. The trial of this matter, currently set for April 1, 2024, is **CONTINUED** and **REMANDED** from the Court's docket. A status hearing to consider a new trial schedule will be set by subsequent Order.

(2) The final pretrial conference currently set for March 20, 2024, is **REMANDED** from the Court's docket.

(3) This matter is **SET** for oral argument on the recent substantive pretrial motions and those pretrial motions for which a hearing was previously requested (D.N. 86; D.N. 87; D.N. 88; D.N. 89; D.N. 91; D.N. 93; D.N. 139; D.N. 147) on **April 18, 2024, at 10:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky.

(4) No party may file additional substantive motions or supplements to previously filed motions or responses without leave of Court, upon a showing of good cause.

(5) The Court previously declared this matter complex for purposes of the Speedy Trial Act, § 3161(h)(7)(B)(ii). (D.N. 28, PageID.104) In addition to recognizing the automatic exclusion of the time between the filing of the pretrial motions and the conclusion of the hearing and any post-hearing briefing pursuant to 18 U.S.C. § 3161(h)(1)(D), the Court finds pursuant to 18 U.S.C. § 3161(c)(2), (h)(1)(D), (h)(1)(H), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) that **the period of delay from March 15, 2024, to April 18, 2024, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because the defendants and their counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and because the rushed resolution of the pending motions would result in a miscarriage of justice and a full and fair hearing on the recently filed motions, as well as previously filed motions, will benefit all parties. *See* § 3161(h)(7)(B)(i); § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006); *White*, 920 F.3d at 1117. This delay is not due to

"general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

March 15, 2024

David J. Hale, Judge
United States District Court

cc: Jury Administrator


"general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

March 15, 2024

David J. Hale, Judge
United States District Court

cc: Jury Administrator