UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. 3:22-CR-88-DJH
*Filed Electronically*

QUADRANT MAGNETICS, LLC et al.     DEFENDANTS

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO DISMISS DUE TO GOVERNMENT'S PUBLIC RELEASE OF ALLEGED ITAR INFORMATION

Defendants claim that, by temporarily filing on the Court's docket an expert report that referenced certain magnetic properties, the government "intentionally released to the public technical data . . . immediately remov[ing] the technical data from the United States Munitions List (USML)." DN 147 at 1. In Defendants' view, this "creates insurmountable doubt as to whether [it] was ever properly designated as ITAR-controlled." *Id*. Defendants' motion is meritless. They ignore that they are charged with conspiring to illegally export and illegally exporting ITAR-controlled technical data between 2012 and 2018. *See generally* Second Superseding Indictment ("Indictment"), DN 73. Whether portions of that same data remain controlled today, in 2024, is irrelevant. On that basis alone, the Court can readily dispose of Defendants' motion. Beyond that glaring issue, the Court also should deny Defendants' motion because they ask the Court to make an improper factual determination as to the sufficiency of the Indictment; the information is not generally accessible or available to the public; and dismissal is an unwarranted extraordinary remedy.

### ARGUMENT

The government filed its motion to exclude Thomas J. McCarthy's expert testimony on March 4th and attached Dr. Trout's report to its motion. That report contains certain magnetic

1

properties that are found on the magnet drawings. It does not contain the technical drawings themselves, which specify a magnet's size and dimensions as well as other processes needed for production, or certain additional magnetic properties contained within the drawings. Shortly after the government filed its motion, Defendants filed their own motion, attaching Dr. Trout's report in redacted fashion. Upon realizing Defendants had filed a redacted version of Dr. Trout's report, on March 8th, the government took the prudent step to provisionally seal the report it filed. The exhibit was provisionally sealed on March 12th and is no longer on the public docket.

Without any legal support, Defendants asked this Court to take the extraordinary step of dismissing the Indictment three weeks before trial based on this filing.[1] The most generous read of Defendants' motion is that they argue that the Indictment is factually insufficient because the technical data exported between 2012 and 2018 is no longer controlled as of March 4, 2024. Even assuming *arguendo* that the specific magnetic properties in Dr. Trout's report—untethered from the drawings themselves—were ITAR-controlled, attaching the report to a public court filing would not remove any technical data in the reports from the USML at the time Defendants exported the technical drawings. Defendants offer no legal authority for this position either, and the government can find none.

Moreover, even if the question of whether the 2024 public filing of Dr. Trout's report had any bearing on the elements of the charged offenses, "a pretrial motion to dismiss the indictment *cannot be based on a sufficiency of the evidence argument* because such an argument raises factual questions embraced in the general issue." *United States v. James*, 2016 WL 4005955, at *2 (W.D.

---

[1] After Defendants filed their motion to dismiss, the Court granted the individual Defendants' request to continue the trial. DN 169. The government's filing of Dr. Trout's report and the briefing on this issue are not relevant to a determination of whether the drawings Defendants exported between 2012 and 2018 were on the USML, and the Court should exclude any reference to the filing and subsequent motions practice at trial.

Ky. July 25, 2016) (citations and internal quotations omitted) (emphasis in original); *see United States v. Kelley*, 2008 WL 5517559, at *6 (E.D. Tenn. Oct. 24, 2008) ("[T]here is no summary judgment procedure in the criminal law." (quoting *United States v. Williams*, 2006 WL 3218704, at *1 (S.D. Ga. Nov. 3, 2006)); *see also United States v. Rosen*, 445 F. Supp. 2d 602, 645 (E.D. Va. 2006), *aff'd as amended*, 557 F.3d 192 (4th Cir. 2009) (denying motion to dismiss indictment charging defendant with Espionage Act violation based on statement of co-conspirator Department of Defense official at plea colloquy because a "fact, extrinsic to the superseding indictment" was "appropriately addressed to the jury"). Defendants ask the Court to determine whether the technical data is or was on the USML, a factual question that cannot be the basis of a motion to dismiss.[2]

Defendants' remaining arguments fare no better. Attaching the report to a temporary public court filing would not have placed any data in the "public domain," as Defendants claim. *See* DN 147 at 5-6 (citing the "subscription," "library," and "public release . . . approv[ed] by the cognizant U.S. government department or agency" releases under 22 C.F.R. §§ 120.34(a)(2), (4), and (7)). That is because the information is not "published and [] generally accessible or available to the public," as is required for any of the eight public domain exemptions for ITAR-controlled information. *See* 22 C.F.R. § 120.34(a). The information is not and has never been "generally accessible or available," because the government moved to seal the exhibit four days after its filing and the exhibit was promptly removed from the public docket.

---

[2] Even if the Court were to accept *as a matter of law* that the drawings are no longer, or were never, on the USML, the Indictment would *still* sufficiently lay out criminal charges against Defendants. As the government has argued elsewhere, the exported article need not be on the USML for the government to prove Defendants are guilty of conspiracy (Count One) or attempt to export defense articles on the USML (Counts Five through Eight and Count Nine (smuggling in known violation of the AECA)). *See* DN 129 at 12-13, 16-17. And the wire fraud counts (Counts Two through Four) charge Defendants with a scheme to misrepresent to the Department of Defense and its subcontractors the country of origin of the magnets.

Nor was the information released under 22 C.F.R. § 120.34(a)(7) specifically. The U.S. Department of Justice is not aware of any instance in which it has been considered "*the* cognizant U.S. Government department or agency" for purposes of satisfying 22 C.F.R. § 120.34(a)(7) (emphasis added).[3] Moreover, § 120.34(a)(7) provides, similar to the lead-in language to § 120.34(a), that ITAR-controlled information is in the public domain "[t]hrough public release (*i.e.*, unlimited distribution) . . . ." Of course, as explained above, there has not been "unlimited distribution" of Dr. Trout's report. The report was available on PACER for four days before the government filed a motion to seal the material, and it was promptly removed from the public docket thereafter.[4]

Defendants grasp at straws when they argue that the information is available through "subscription" or from a "library" because it was published on PACER and is purportedly available

---

[3] Defendants also cite to § 125.4(b)(13), which provides a similar standard for exempting exports from licensing requirements. Section 125.4(b)(13), however, discusses exemption made by "the cognizant U.S. Government department of agency *or Office of Freedom of Information and Security Review*," the latter of which is within the Department of Defense. *Id.* (emphasis added); *see* Defense Office of Prepublication and Security Review History, https://www.esd.whs.mil/DOPSR/DOPSR-History/.

Moreover, the term "cognizant federal agency" is defined under other regulatory schemes (including government contracting regulations) to refer to an agency with economic interest in the relevant conduct. *See, e.g.*, 2 C.F.R. § 200.1 (defining "cognizant agency" for all Federal Awards); 48 C.F.R. § 42.003 (defining the term under the Federal Acquisition Regulations to mean "the agency with the largest dollar amount of negotiated contracts, including options"). To the extent those definitions could inform the term as used in the ITAR, the U.S. Department of Justice notes that it has no economic interests in the technical drawings, or the magnets to which they directly related, at issue in this case.

[4] *United States v. Hoffman*, 10 F.3d 808 (9th Cir. 1993), which Defendants cite in support of their argument (DN 147 at 8), did not involve the cognizant federal agency release provision. *Hoffman*, moreover, does not stand for the proposition that release can be done in "'*any form*,' and the information need not be published." DN 147 at 8. In affirming defendant's conviction of unlawful export, the court in *Hoffman* explicitly rejected defendant's argument that ITAR-controlled information could be publicly released if it was disseminated at Air Force seminars. *Hoffman* stands for the limited proposition that "information must fall within one of the [eight] categories [of Section 120.34] to be within the 'public domain.'" *Id.*

"without restriction to any individual who desires to obtain or purchase the information." DN 147 at 7-8 (quoting 22 C.F.R. § 120.34(a)(2); (a)(4)). Today, no one can obtain or purchase the information on PACER, or access it at all. It strains credulity to claim that the filing of Dr. Trout's report on PACER for a handful of days constitutes release into the public domain. And the relevant inquiry at trial will be whether the information was controlled when Defendants conspired to export, exported, and attempted to export it from 2012 to 2018. Defendants are free to present evidence that it was not.

Defendants generally rely on the Second Circuit's decision in *Stagg, P.C. v. U.S. Department of State* to argue that information in the 'public domain' is no longer subject to the ITAR. DN 147 at 5-6 (citing 983 F.3d 589, 603 (2d Cir. 2020)). As explained above, Dr. Trout's report has not been released into the 'public domain.' *Stagg* is further distinguishable because it involved a situation in which an individual wanted to *re-publish* information that the parties did not dispute was *already* in the public domain but had not received government authorization to be publicly disclosed. The question of how the information got into the public domain in the first place (or who had authorization to place it there) was not at issue. *See Stagg*, 983 F.3d at 602. And there are no applicable comparisons to make with how information in *Stagg* may have gotten into the public domain, because in that case the plaintiff "elected not to identify, even to the district court, the specific content of the material it [sought] to publish." *Stagg v. U.S. Dep't of State*, 673 Fed. App'x 93, 95 (2d Cir. 2016) (affirming denial of preliminary injunctive relief).

Finally, even if the Court thought Defendants' motion had any merit (it does not), dismissal is not appropriate. The dismissal of an indictment is an "extreme sanction." *United States v. Talbot*, 825 F.2d 991, 1000 (6th Cir. 1987). Defendants offer no case law in support of the remedy of dismissal, and cannot, because they have not been "demonstrably prejudiced" by any government

5

violation. *Id.* at 998; *see id.* at 998-1000 (discussing grounds for dismissal of an indictment, none of which are applicable here).

## CONCLUSION

For the reasons stated herein, the government requests that Defendants' Motion to Dismiss, DN 147, be DENIED.

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | JENNIFER KENNEDY GELLIE |
| United States Attorney | Executive Deputy Chief |
| Western District of Kentucky | Counterintelligence and Export Control Section |
| | National Security Division |
| | |
| s/ *Joshua D. Judd* | s/ *Alex Wharton* |
| Joshua D. Judd | Alex Wharton |
| Christopher C. Tieke | Leslie C. Esbrook |
| Assistant U.S. Attorneys | Trial Attorneys |
| 717 W. Broadway | 950 Pennsylvania Ave., NW |
| Louisville, KY  40202 | Washington, DC 20530 |
| (502) 582-5911 | (202) 514-4523 |
| joshua.judd@usdoj.gov | alexander.wharton@usdoj.gov |
| christopher.tieke@usdoj.gov | leslie.esbrook@usdoj.gov |

## CERTIFICATE OF SERVICE

      On March 19, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the defendants.

                                               s/ *Joshua J. Judd*
                                           Assistant United States Attorney