UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:22-cr-88-DJH

PHIL PASCOE (1),
SCOTT TUBBS (2),
MONICA PASCOE (3), and
QUADRANT MAGNETICS, LLC (4),     Defendants.

\* \* \* \* \*

### ORDER

Defendants Phil Pascoe, Scott Tubbs, Monica Pascoe, and Quadrant Magnetics, LLC, move to exclude the testimony of government experts as untimely.[1] (Docket No. 143) Defendants argue that the government's supplemental expert disclosures on February 2, 2024, were filed after the deadline set by the Court and must therefore be excluded to the extent they consist of rebuttal testimony. (*Id.*, PageID.1946) In response, the United States argues that the disclosures were timely and that even if they were untimely, exclusion is an excessively harsh remedy. (D.N. 160) The Court will deny the motion for the reasons stated below.

"Courts should impose 'the least severe remedy available to cure prejudice' where a potential Rule 16 violation has occurred." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)). Suppression should be

---

[1] Defendants also argue that much of the proffered testimony is unreliable. (D.N. 143, PageID.1947-48) These arguments essentially repeat the assertions made in an earlier motion (D.N. 91) to exclude the testimony of two of the experts in its entirety, and are therefore best dealt within the context of that motion. (D.N. 143, PageID.1948 ("Further, the supplemental disclosure is unreliable and testimony from it should be excluded for the reasons Defendants have stated in earlier briefing."); *see also* D.N. 91 (moving to exclude the testimony of Alex Douville and Steven Burton on the ground that neither expert opined as to whether the allegedly ITAR-controlled magnets had commercial equivalents))

"reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *Maples*, 60 F.3d at 247. In determining whether a discovery violation presents a rare instance in which suppression is warranted, courts consider "(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess." *United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008) (quoting *Maples*, 60 F.3d at 247).

Even assuming that the defendants could satisfy the first two *Maples* factors, any prejudice has already been cured by a less extreme course of action than exclusion. Courts must apply the least severe remedy for a Rule 16 violation that will cure the prejudice to the defendant. *Maples*, 60 F.3d at 247. Thus, if a continuance or recess would allow the defense to adequately prepare for the recently disclosed witness, a court may not suppress that witness's testimony. *See id.*; s*ee also Collins*, 799 F.3d at 574 (affirming denial of motion to suppress expert testimony where the prosecution did not disclose any of its expert testimony until five days before trial, because a continuance would have been an adequate remedy). The Court has already granted Defendants' motion for a continuance in this matter. (D.N. 169) This continuance affords Defendants ample time to address the supplemental disclosures, the longest of which spans just eight pages. (*See* D.N. 143-4; *Maples*, 60 F.3d at 247) Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to exclude (D.N. 143) is **DENIED**.

April 11, 2024

David J. Hale, Judge
United States District Court