FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Dec 01, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA             PLAINTIFF

v.             CRIMINAL NO. 3:22-CR-00088-DJH
            3:25-CR-168

QUADRANT MAGNETICS LLC             DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky; the U.S. Department of Justice, National Security Division, Counterintelligence and Export Control Section ("CES"); and Defendant, **QUADRANT MAGNETICS LLC**, by and through its authorized representative and its attorneys, John Brownlee, William Gould, Timothy Taylor, and Ashley Akers of Holland & Knight LLP, have agreed upon the following:

    1. Defendant acknowledges that it has been charged in the Second Superseding Indictment, dated December 5, 2023, in this case with violations of Title 18, United States Code, Section 371 (Count 1); Title 18, United States Code, Sections 1343 and 2 (Wire Fraud) (Count 3); and Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1 (Illegal export of defense articles without a license) (Counts 5-8). In addition, Defendant is charged in a one-count Information with conspiring to violate Title 18, United States Code, Section 1546 (Visa Fraud), in violation of Title 18, United States Code, Section 371.[1] Defendant further acknowledges

---

[1] Defendant agrees to waive Indictment by the grand jury and to plead guilty to an Information which has been filed against Defendant by the United States Attorney for the Western District of Kentucky.

that the Second Superseding Indictment in this case seeks fines; penalties; and forfeiture of any and all property, real and personal, that constitutes or is derived, directly and indirectly, from proceeds obtained as a result of these offenses: a money judgment in the amount of $1,332,515.25 for the proceeds of these offenses pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461, by reason of the offenses charged in Second Superseding Indictment.

2. Defendant has read the charges against it contained in the Second Superseding Indictment and Information, and those charges have been fully explained to it by its attorneys. Defendant fully understands the nature and elements of the crimes with which it has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in the Second Superseding Indictment as to the allegations concerning a conspiracy to violate the International Traffic in Arms Regulations and Count 1 of the Information in this case. Defendant will plead guilty because it is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

From on or about January 1, 2012, and continuing until on or about December 2018, in the Western District of Kentucky, and elsewhere, Quadrant Magnetics LLC, headquartered in Louisville, Kentucky, through its agents, including Phil Pascoe and Scott Tubbs, and aided and abetted by others, engaged in a conspiracy to violate Title 22, United States Code Section 2778(b)(2) and (b)(3) and 22 C.F.R. Sections 121.1, 123.1., 127.1; (Arms Export Control Act ("AECA") and the International Traffic in Arms Regulations ("ITAR")).

Quadrant Magnetics LLC unlawfully conspired and agreed to willfully transmit ITAR-controlled technical data drawings from the United States to China without obtaining a license from the U.S. Department of State between August 2017 to November 2018. The magnets were

used in military applications with no commercial equivalents identified during the time period of the conspiracy. In addition, in furtherance of the unlawful scheme, Quadrant Magnetics conspired to export outside the United States ITAR-controlled technical drawings for the following part numbers, among others, as well as related versions: 1375-1121; 30-70112-01; 11375B-1002; 030-049759-01; 5750C-1002; 300580; 7600B-1012; and 15500-1022.

Beginning on or about September 2014 and ending on or about November 2021, in the Western District of Kentucky and elsewhere, Quadrant Magnetics LLC knowingly and willfully conspired and agreed with others, both known and unknown, to knowingly cause C.Q. to obtain, receive, and possess a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States—namely, an L-1 nonimmigrant visa in the name of C.Q.—which document Quadrant Magnetics LLC knew was issued based on materially false statements and false supporting documentation submitted by Quadrant Magnetics LLC to the United States Citizenship and Immigration Services ("USCIS") under penalty of perjury regarding C.Q.'s residential address, employment, work location, and management responsibilities—despite knowing the visa was unlawfully obtained through fraud and false claims and knowing that statements made by C.Q. and documents provided by C.Q. to USCIS in connection with a November 2021 site visit related to a pending L-1 visa petition contained materially false statements information.

4. Defendant is a corporation and as such is subject to a penalty of $500,000 in Count 1 of the Second Superseding Indictment and $500,000 in Count 1 of the Information. Defendant understands that as a result of the charges to which it will plead guilty it will be ordered to pay in fines, penalties, and forfeiture of a total $2,332,515.25 (as set forth below in paragraph 10).

5.  Defendant understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorneys have explained those rights to it and the consequences of its waiver of those rights, including the following:

   A.  If Defendant persists in a plea of not guilty to the charges against it, it has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

   B.  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. The Defendant would be able to confront those government witnesses, and its attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on its own behalf. If the witnesses for Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

   C.  Defendant agrees to forgo the right to any further discovery or disclosures of information not already provided at the time of the entry of Defendant's guilty plea.

6.  Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before,

during, or after sentencing. Defendant admits all acts and essential elements of the conspiracy to commit ITAR violations in Count 1 of the Second Superseding Indictment and the Information to which it pleads guilty.

7. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a). However, the Defendant may not withdraw its guilty plea because of its breach.

8. Defendant agrees to be placed on supervised release for a term of 2 years.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $800 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing,

   a) The United States will move to dismiss with prejudice the remaining counts in the Second Superseding Indictment (Count 3, Counts 5-8, and objects of the conspiracy set forth in Count 1 other than allegations concerning a conspiracy to violate the International Traffic in Arms Regulations).

   b) Defendant agrees to destroy and have destroyed all magnet drawings in its possession or control in China that the United States has alleged to be export controlled.

   c) Defendant agrees to entry and payment of the following: a penalty in the amount of $500,000 for the plea to the ITAR object of Count 1 of the Second Superseding Indictment; a forfeiture money judgment in the amount of $1,332,515.25 for the plea to the ITAR conspiracy object of Count 1 of the Second Superseding Indictment; and a fine in the amount of

$500,000 for Count 1 of the Information; totaling $2,332,515.25. The $2,332,515.25 payment shall be paid no later than the date of sentencing.

11.     Defendant agrees that it shall not knowingly perform any services or provide any products, including rare-earth magnets, under any contract or subcontract with or for the United States Department of Defense during the term of supervised release. This restriction does not include commercial off-the-shelf (COTS) sales.

12.     Defendant represents that it will implement a compliance program designed to prevent and detect U.S. export controls and procurement violations throughout the Defendant's operations, including any entity over which it exercises direct or indirect control. One year after the date of sentencing, Defendant, by a duly authorized Officer of Defendant, will certify to the United States that Defendant has met its compliance obligations pursuant to this subsection. This certification will be deemed a material statement and representation by the Defendant to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the Western District of Kentucky.

   A.     In order to address any deficiencies in its internal export controls and procurement compliance policies and procedures, the Defendant represents that it has undertaken, and will continue to undertake in the future, in a manner consistent with all of its obligations under this Agreement, a review of the Defendant's existing internal controls, policies, and procedures regarding compliance with U.S. export controls and procurement laws and regulations. Where necessary and appropriate, the Defendant agrees to adopt a new compliance program at the Defendant, or to modify its existing one, including internal controls, compliance policies, and procedures in order to ensure that the Defendant maintains at the Defendant a rigorous compliance program covering applicable U.S. export controls and procurement laws and regulations.

6

  B. The Defendant agrees that it will report to the Offices annually during the two years following the date of sentencing regarding remediation and implementation of the compliance measures described above.

  C. The compliance reports likely will include proprietary, financial confidential, and competitive business information. The Offices shall have the right to interview any officer, employee, agent, or representative of the Defendant concerning any non-privileged matter described or identified in the compliance reports. Moreover, public disclosure of the compliance reports could discourage cooperation, impede pending or potential government investigations, and undermine the objectives of the reporting requirement. For these reasons, among others, the compliance reports and the contents thereof are intended to remain and shall remain non-public, except as otherwise agreed to by the parties in writing, or except to the extent that the Offices determine in their sole discretion that disclosure would be in furtherance of the Offices' discharge of their duties and responsibilities or is otherwise required by law.

  D. Defendant shall promptly notify the Offices of: (a) any deficiencies, failings, or matters requiring attention with respect to Defendant's export controls and procurement compliance program identified by any law enforcement or regulatory authority within 30 business days of any such notice, provided that the authority has granted the Defendant permission to notify the Offices; and (b) any steps taken or planned to be taken by Defendant to address the identified deficiency, failing, or matter requiring attention. The Offices may, in their sole discretion, direct Defendant to provide additional reports about its export controls and procurement compliance program. Defendant may extend the time period for submission of any compliance reports with prior written approval of the Offices.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

A.    Defendant is aware of its right to appeal its conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives the right to directly appeal its conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B.    Defendant is aware of its right to contest or collaterally attack its conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument.

14.    This Agreement is entered into by the United States on the basis of the express representation of Defendant that it is making a full and complete disclosure of all assets over which it exercises control. This Agreement does not bind the Internal Revenue Service from the collection of taxes.

15.    Defendant agrees to waive any double jeopardy challenges that Defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Second Superseding Indictment. Defendant further agrees to waive any double jeopardy challenges that Defendant may have to the charges in this Second Superseding Indictment based upon any pending or completed administrative or civil forfeiture actions.

16.    Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that, at sentencing, the Court will have the benefit of all relevant information.

17.  Defendant has discussed with counsel and understands that nothing contained in this Plea Agreement or factual basis contained herein is meant to limit the rights and authority of the United States to take further civil or administrative action against Defendant including, but not limited to, any listing and debarment proceedings to restrict rights and opportunities of Defendant to contract with or receive assistance, loans and benefits from agencies of the United States government, and any civil or administrative actions with respect to its ability to petition for and obtain any immigration status for its employees. The Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse collateral consequences.

18.  Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies, or employees, whether or not presently known to Defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case.

20.  Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning Defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of Defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21. The Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including, but not limited to, any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. The Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. If the District Court refuses to accept this agreement and impose sentence in accordance with its terms or dismiss Count 3, Counts 5-8, and objects of the conspiracy set forth in Count 1 other than allegations concerning a conspiracy to violate the International Traffic in Arms Regulations according to the United States' motion, pursuant to Fed. R. Crim. P. 11(c)(1)(A) or (C), this Agreement will become null and void and neither party shall be bound thereto, and Defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges as to this Defendant, are contingent on the District Court's subsequent acceptance of this plea agreement.

23. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which it has agreed, it is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw its guilty plea because of its breach.

24. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky, CES, and Defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

25. Defendant agrees that it has the full legal right, power, and authority to enter into and perform all of the obligations under this plea agreement. Defendant further agrees that this plea agreement will be executed by a corporate representative authorized to enter into this agreement and to plead guilty on behalf of Defendant. The authorized person shall hold a position of significant responsibility within the corporation and have sufficient authority to bind the corporation in all matters. On or before the date of entry and filing of this plea agreement, Defendant shall provide the U.S. Attorney's Office and the Court with a signed written statement, evidencing the fact that Defendant is authorized to enter into and comply with all the provisions of this plea agreement; that a representative of Defendant has been authorized to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed all required corporate formalities for such authorizations.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By: _____           8/12/25
Joshua Judd                             _____
Christopher C. Tieke                    Date
Assistant United States Attorneys
Western District of Kentucky

Alexander Wharton
Leslie Esbrook
Trial Attorneys
National Security Division

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____               _____
Quadrant Magnetics LLC                  Date
*Defendant*

    I am the Defendant's counsel. I have carefully reviewed every part of this Agreement with the Defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one, and I know of no reason to question the Defendant's competency to make this decision.

_____               _____
John Brownlee                           Date
William F. Gould
Timothy J. Taylor
Ashley Akers
*Counsel for Defendant*

By:

_____          _____
Joshua Judd                                                                              Date
Christopher C. Tieke
Assistant United States Attorneys
Western District of Kentucky

Alexander Wharton
Leslie Esbrook
Trial Attorneys
National Security Division


    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_[signature]_____          ___8/12/25_____
Quadrant Magnetics LLC                                                              Date
*Defendant*


    I am the Defendant's counsel. I have carefully reviewed every part of this Agreement with the Defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one, and I know of no reason to question the Defendant's competency to make this decision.


_____          _____
John Brownlee                                                                            Date
William F. Gould
Timothy J. Taylor
Ashley Akers
*Counsel for Defendant*

By:

_____          _____
Joshua Judd                                                                      Date
Christopher C. Tieke
Assistant United States Attorneys
Western District of Kentucky

Alexander Wharton
Leslie Esbrook
Trial Attorneys
National Security Division


      I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_____          _____
Quadrant Magnetics LLC                                                     Date
*Defendant*


      I am the Defendant's counsel. I have carefully reviewed every part of this Agreement with the Defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one, and I know of no reason to question the Defendant's competency to make this decision.

*/s/ John L. Brownlee*                                                                 August 12, 2025
_____          _____
John Brownlee                                                                   Date
William F. Gould
Timothy J. Taylor
Ashley Akers
*Counsel for Defendant*

| United States Department of Justice | Financial Disclosure Statement – Individual |
|---|---|
| United States Attorney's Office | Page 1 of 24 |

The United States of America is authorized to inquire about your financial condition and economic circumstances and may verify any information provided in this Financial Disclosure Statement.

This statement is considered incomplete unless you have (1) completed each section fully and accurately, including those sections applicable to your spouse (if not relevant information, enter "Not Applicable" or "N/A"), (2) provided all supportive documentation in your custody, possession, and control identified in Section 16 of this disclosure statement, (3) certified that the information contained herein is true and correct as of the date that you submit this form to the United States Attorney's Office as set forth in the attached Certification, and (4) initialed the bottom of each page of this form acknowledging that the information you are providing is current, accurate, and complete as of the date that you are submitting it.

I ☐ am ☐ am not *(check one)* represented by counsel in the collection of this debt. If I am represented by counsel, I acknowledge having reviewed the foregoing instructions with my counsel.
_____
_____ *(name, phone number, email)*.

NOTE: If additional space is needed in completing any of the sections on this statement, please make a copy of the relevant page(s) and attach it to this form.

---

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501–530A; 28 U.S.C. § 1651, 3201–3206; 31 U.S.C. § 3701–3731; 44 U.S.C. § 3101; 31 C.F.R. Part 900 et seq.; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; and 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the applicable Privacy Act Systems of Records Notice: JUSTICE/DOJ-001 Accounting Systems for the Department of Justice - 69 FR 31406; JUSTICE/DOJ-016 Debt Collection Enforcement System - 77 FR 9965; JUSTICE/TAX-001 Criminal Tax Case Files, Special Project Files, Docket Cards, and Associated Records - 72 FR 11446, 447; JUSTICE/USA-005 Civil Case Files - 52 FR 1864; and JUSTICE/USA-007 Criminal Case Files - 52 FR 1864. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

---

My response(s) on this page are current, accurate, and complete as of the date that I submit this Financial Disclosure Statement to the United States Attorney's Office, under penalty of perjury. Debtor's Initials: _____

Financial Disclosure Statement – Individual
Version: July 2025