UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**United States of America**

v.

**Quadrant Magnetics LLC et al.**

No. 3:22-CR-88-DJH

### QUADRANT MAGNETICS LLC'S SENTENCING MEMORANDUM

This sentencing memorandum is respectfully submitted on behalf of Defendant Quadrant Magnetics LLC ("Quadrant"), which is scheduled to be sentenced on March 18, 2026. For the reasons set forth below, the Court should accept the parties' plea agreement, subject to the objections below to the probation officer's presentencing report.

### BACKGROUND

On August 12, 2025, Defendant Quadrant Magnetics and the United States executed a plea agreement by which Quadrant entered a voluntary guilty plea concerning a conspiracy to violate the International Traffic in Arms Regulations ("ITAR"). Quadrant also entered a guilty plea in connection with an immigration offense identified as Count 1 of the Information in this case.

As a result of the guilty plea, Quadrant understands that it will be required to pay a total of $2,332,515.25 in fines, penalties, and forfeiture. Quadrant agrees to a term of supervised release for a period of two years following sentencing. Quadrant further agrees to destroy and to cause to be destroyed, all magnet drawings in its possession or control in China that the United States has alleged to be export controlled.

Quadrant also agrees that it shall not knowingly perform any services or provide any products, including rare-earth magnets, under any contract or subcontract with or for the United States

1

Department of Defense during the term of the supervised release, excluding commercial-off-the-shelf (COTS) sales.

Quadrant has also agreed to implement a compliance program designed to prevent and detect violations of United States export control and procurement violations throughout the Defendant's organization. Quadrant further agrees to provide regular reports regarding its compliance measures during the two-year period following sentencing and to promptly provide notice of any deficiencies, failings, or matters requiring attention with respect to Quadrant's export controls and procurement compliance program identified by any law enforcement or regulatory authority within 30 business days of any such notice, provided that the authority has granted Quadrant permission to provide such notifications.

Pursuant to the plea agreement, Quadrant entered a guilty plea on December 1, 2025.

On February 11, 2026, Quadrant received a presentencing report from the U.S. Probation Office. Quadrant subsequently submitted its objections on February 25, 2026. In particular, Quadrant objected to allegations that it was party to a conspiracy involving DFARS violations, smuggling violations, or false statements, and to the identification of General Dynamics or GE Aviation as victims.

On March 6, 2026, Quadrant received a final presentencing investigation report (the "PSR"). While the PRS addressed many of Quadrant's objections, Quadrant maintains the objections identified below.

Quadrant has complied with all requirements of the plea agreement, including the destruction requirements, and provided affidavits confirming such compliance without objection from the United States. All fines and penalties will be paid prior to sentencing.

## OBJECTIONS TO PRESENTENCING REPORT

Quadrant reaffirms its objections as follows:

### I.     Paragraph 2: Scope Objection

The Final Report revises Paragraph 2 to remove subparagraphs (b)–(d) referring to smuggling in violation of 18 U.S.C. § 554, wire fraud in violation of 18 U.S.C. §1343 and 48 C.F.R. §252.225-7009, and false statement in violation of 18 U.S.C. § 1001(a)(2) and (3). PSR ¶ 2.

While this change largely addresses Quadrant's objection on this point, Quadrant maintains its objection to references to DFARS violations, smuggling violations, or false statements by or on behalf of Quadrant throughout the PSR (for ease of reference, Quadrant's "Scope Objection").

For example, the PSR later states that Quadrant Magnetics and its agents . . . knew that . . . the DFARS Specialty Metals Clause [was] applicable to their defense business. PSR ¶ 21. The PSR further states that "After August 2017 and with notice of . . . DFARS requirements . . . Quadrant Magnetics and Phil Pascoe repeatedly and systematically continued to export ITAR-marked technical data." PSR ¶ 24.

Quadrant has not entered a guilty plea with respect to any DFARS or wire fraud violation, nor has it been established that the DFARS specialty metals clause was applicable to the conduct at issue.

The statement that Quadrant never disclosed the source of its magnets to General Dynamics in violation of DFARS is also incorrect. *Id.* ¶ 28; *see* Trial Tr. at 187–188, Case No. 3:22CR00088, ECF No. 372 (referencing an email by which Quadrant disclosed the Chinese origin of its magnets to a General Dynamics employee); Trial Tr. at 189–190, Case No. 3:22CR00088, ECF No. 372 (referencing purchase orders displaying China as the country of origin for Quadrant's magnets).

### II. Paragraph 26–27: Characterization of the Conspiracy

Quadrant maintains its objections to characterizations of the conspiracy as including wire fraud violations or materially false or misleading statements. PSR ¶¶ 26–27.

As written, the PSR indicates that agents of Quadrant participated in a conspiracy that included wire fraud or false statements among its objects. *Id.* By indicating an agency relationship, the PSR suggests that Quadrant participated in a conspiracy to commit crimes beyond the ITAR violations that were the subject of Quadrant's guilty plea.

As previously noted, Quadrant has not admitted to being a part of a conspiracy with those objects, nor have those objects been established as a matter of law. References to wire fraud are also inconsistent with later language making clear that General Dynamics and GE Aviation were not victims of Quadrant's conduct. *See* PSR ¶ 40. Indeed, both companies knew of the origin of Quadrant's magnets and thus could not have been fraudulently induced into doing business with Quadrant on those grounds.

### III. Paragraph 40: Victim Impact

The PSR addresses Quadrant's prior objection that there is no victim with respect to the count of conviction to which Quadrant pleaded guilty. To the extent the PSR can be read as attributing conduct like wire fraud to Quadrant, Quadrant maintains its objection that such characterizations are inconsistent with Paragraph 40.

## SENTENCING GUIDELINES

The agreed sentence under the plea agreement is consistent with the sentencing guidelines, and therefore a sentence outside the advisory sentence guidelines is not necessary.

Dated: March 9, 2026    Respectfully submitted,

By: */s/ John Brownlee*

5

        John L. Brownlee (*pro hac vice*)
        William F. Gould (*pro hac vice*)
        Timothy J. Taylor (*pro hac vice*)
        Ashley Akers (*pro hac vice*)
        HOLLAND & KNIGHT LLP
        1650 Tysons Blvd., Suite 1600
        Tysons, VA 22201
        T: 703.720.8053
        F: 703.720.8610
        john.brownlee@hklaw.com
        william.gould@hklaw.com
        timothy.taylor@hklaw.com
        ashley.akers@hklaw.com

        *Counsel for Quadrant Magnetics, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 9, 2026, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which sent a notice of electronic filing to the attorneys of record.

<em>/s/ William F. Gould</em>