UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                          CRIMINAL NO.  3:22-CR-00088-DJH


QUADRANT MAGNETICS LLC                                      DEFENDANT

**AGREED MONEY JUDGMENT
AND FINAL ORDER OF FORFEITURE**

The United States, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky; the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section ("CES");  and Defendant Quadrant Magnetics LLC,  by and through its authorized representative and its attorneys, John Brownlee, William Gould, Timothy Taylor, and Ashley Akers of Holland & Knight LLP, hereby agree and stipulate to the following:

1.      On December 1, 2025, Defendant Quadrant Magnetics LLC (Defendant) pled guilty to a conspiracy to violate Title 22, United States Code Section 2778(b)(2) and (b)(3) and 22 C.F.R. Sections 121.1, 123.1., 127.1; (Arms Export Control Act ("AECA") and the International Traffic in Arms Regulations ("ITAR")).   Pursuant to the plea agreement, Defendant agreed to forfeit a Money Judgment in the amount of $1,332,515.25, which is forfeitable under Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.  The Money Judgment shall be paid no later than the date of sentencing, in the form of a certified check made payable to the United States Marshals Service. These funds will be turned over to the United States Marshals Service by the U.S. Attorney's Office.

2.      Defendant stipulates that it is the sole owner of the $1,332,515.25 and that no other person or entity had or has any right or interest (legal, equitable or otherwise) therein.   The parties stipulate and agree that these funds represent an amount of money traceable to the proceeds of Count 1 of the Second Superseding Indictment, to which the Defendant pled guilty.

3.      Defendant acknowledges that if it does not fulfill the terms of this agreed Money Judgment, it is the intent of the United States, pursuant to Title 21 United States Code Section 853(p), to seek forfeiture of substitute assets of the Defendant, its heirs and assigns.

4.      Defendant hereby acknowledges waiver of its rights to a hearing to determine what property and in what amount is subject to forfeiture as set forth in Rule 32.2(b) of the Rules of Criminal Procedure.   Furthermore, Defendant shall release, forever discharge, and hold harmless the United States of America, its officers, agents, attorneys, servants and employees, from any and all actions, causes of action, suits, proceedings, debts, judgments, damages, claims or demands whatsoever in law or equity which Defendant, its heirs, successors or assignees ever had, now have or may have whether known or unknown, in the future in connection with the initiation of any forfeiture action, including by not limited to any claim filed under Title 28 United States Code Section 2412.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant shall forfeit a $1,332,515.25 Money Judgment to the United States.  As set forth above, the parties agree, and the Court so finds, that the $1,332,515.25 Money Judgment represents proceeds of conspiracy to violate Title 22, United States Code Section 2778(b)(2) and (b)(3) and 22 C.F.R. Sections 121.1, 123.1., 127.1; (Arms Export Control Act ("AECA") and the International Traffic in Arms Regulations ("ITAR")), as charged in Count 1 of the Second

Superseding Indictment.  As such, the $1,332,515.25 Money Judgment is forfeitable under Title 18, United States Code, Section 981(a)(1)(C) Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461;

IT IS FURTHER ORDERED that, no later than the date of sentencing, the Defendant shall pay the $1,332,515.25 Money Judgment in the form of a certified check in United States funds, made payable to the United States Marshals Service;

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this order;

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall become final at the time of entry and shall be made part of the sentence and is hereby incorporated in the Judgment and Commitment, which shall be entered on or about sentencing;

IT IS FURTHER ORDERED that pursuant to Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment"; and

IT IS FURTHER ORDERED that if Defendant does not pay the Money Judgment as set forth in this agreement, the United States may seek the forfeiture of substitute assets.

March 10, 2026

**David J. Hale, Chief Judge**
**United States District Court**

*SIGNATURES ON FOLLOWING PAGE*

3

**HAVE SEEN AND AGREED:**

KYLE G. BUMGARNER
United States Attorney

By:

_____   2/19/26
Joshua Judd                          Date
Assistant United States Attorney
Western District of Kentucky

Alexander Wharton
Leslie Esbrook
Trial Attorneys
National Security Division


_____   2/23/2026
Quadrant Magnetics LLC               Date
*Defendant*


_____   2/23/2026
John Brownlee                        Date
William F. Gould
Timothy J. Taylor
Ashley Akers
*Counsel for Defendant*